# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, et al., | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 2:21-cv-01530-AMM |
| JOHN MERRILL, et al., | ) |
| *Defendants*. | ) |

## DEFENDANTS' RESPONSE TO ORDER (Doc. 2) REGARDING JURISDICTION AND CONSOLIDATION

This case involves the latest of three challenges to the State of Alabama's recently enacted congressional map. On November 15, 2021, the Plaintiffs in this action filed their complaint, which challenges Alabama's newly enacted congressional maps under the United States Constitution and Section 2 of the Voting Rights Act. Doc. 1 ¶ 2. The next day, the Court ordered the parties to file briefs addressing (1) whether a three-judge court has jurisdiction to hear both the constitutional claims and Section 2 claims in the action; and (2) whether this case should be consolidated with *Singleton v. Merrill*, 2:21-cv-01291-AMM (N.D. Ala.), a similar action challenging the constitutionality of Alabama's newly enacted congressional map. Doc. 2. Earlier today, Secretary Merrill filed in *Singleton* a

motion to consolidate this action and another related action (*Caster v. Merrill*, 2:21-cv-01536 (N.D. Ala.)) with *Singleton*. *Singleton*, ECF No. 36.[1]

In response to the Court's order, and as set out in more detail below, (1) a three-judge court has jurisdiction to hear both the Voting Rights Act claims and the constitutional claims asserted in this action, and (2) this action (as well as *Caster*) should be consolidated with *Singleton*, the first-filed action in which a three-judge court is already convened.

**I.      A three-judge court convened to hear a constitutional challenge to apportionment has jurisdiction to hear a Section 2 challenge to the same apportionment brought in the same action.**

A three-judge court convened to hear a constitutional challenge to apportionment of congressional districts can hear claims that would normally be heard by a single-judge court by exercising supplemental jurisdiction over such claims. "In cases involving claims subject to review by a three-judge court, supplemental jurisdiction has generally been found to be proper where . . . the core and ancillary claims are 'so related . . . that they form part of the same case of controversy.'" *Ted Cruz for Senate v. Fed. Election Comm'n*, 451 F. Supp. 3d 92, 95 (D.D.C. 2020) (three-judge court) (quoting *Adams v. Clinton*, 40 F. Supp. 2d 1, 4–5 (D.D.C. 1999) (quoting, in turn, 28 U.S.C. § 1367)). "[I]f any part of this case

---

[1] Secretary Merrill also filed in *Singleton* a motion to join the *Caster* Plaintiffs to that case, *see Singleton*, ECF No. 33, and he intends to file a similar motion to join the *Caster* Plaintiffs to this case later today.

should be before a three-judge court, the three-judge court would be able to hear the whole case under a theory of pendant[2] jurisdiction." *Arizona v. Holder*, 839 F. Supp. 2d 36, 39 (D.D.C. 2012).

Because Plaintiffs' constitutional claims and Section 2 claims are part of the same case or controversy, a three-judge court can properly exercise supplemental jurisdiction over them. The "case or controversy" relatedness standard confers supplemental jurisdiction over claims "which arise out of a common nucleus of operative fact" as the claim within the original jurisdiction of the court. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). In deciding whether two claims share a common nucleus of operative fact, courts "look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996). Even where the legal elements of the two claims are "quite different," the claims are nevertheless part of the same case or controversy and share a common nucleus of operative fact where "each claim involves the same facts, occurrences, witnesses, and evidence. This commonality is sufficient to satisfy the constitutional

---

[2] "Today, the terms 'ancillary,' 'pendent,' and 'supplemental' are all used, essentially interchangeably," in the context of jurisdiction. Wright & Miller, 13 Fed. Prac. & Proc. Juris. § 3523 (3d ed.).

minimum required by section 1367(a)." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994).

Here, Plaintiffs' constitutional and statutory claims plainly share a common nucleus of operative fact: the Alabama Legislature's passage of a new congressional districting plan based on the 2020 Census. Secretary Merrill anticipates relying on at least two of the same experts (a demographer and a political scientist) and putting forth similar evidence (e.g., the communities of interest that each congressional district serves) to defend against those related claims. And, of course, the requested remedy as to each claim is the same: a new map. Ultimately, because these claims involve the "same facts, occurrences, witnesses, and evidence," they share a common nucleus of operative fact and the three-judge court can hear the related Section 2 claims. Thus, as here, "when a plaintiff brings both constitutional and statutory challenges, the constitutional hook for three-judge courts sweeps in the statutory claim." *Thomas v. Reeves*, 961 F.3d 800, 803 n.2 (5th Cir. 2020) (en banc) (Costa, J., concurring).

This is not a controversial application of a three-judge court's jurisdiction. "[S]ection 2284(a) refers to 'action[s] ... filed,' not individual claims," *id.*, and thus three-judge courts convened to hear "an action … challenging the constitutionality of the apportionment of congressional districts" (28 U.S.C. § 2284(a)) regularly hear related claims brought under Section 2 of the Voting Rights Act. *See, e.g.*, Michael

E. Solimine, *The Three-Judge District Court in Voting Rights Litigation*, 30 U. MICH. J.L. REFORM 79, 96 (1996) ("[T]hree-judge courts, virtually without discussion, apparently have exercised a form of pendent jurisdiction to adjudicate VRA claims concurrently with the constitutional (i.e., apportionment) claim."). Alabama is no exception: the three-judge court that presided over a constitutional challenge to Alabama's reapportionment following the 2010 Census also heard Section 2 claims. *Ala. Legis. Black Caucus v. Alabama*, 989 F. Supp. 2d 1227, 1237 (M.D. Ala. 2013) (explaining procedural history), *vacated and remanded on other grounds*, 575 U.S. 254 (2015). And the Third Circuit has gone so far as to hold that three-judge courts presented with both a VRA and a constitutional challenge *must* hear "both sets of claims." *Page v. Bartels*, 248 F.3d 175, 191 (3d Cir. 2001). Moreover, for other claims requiring the convening of a three-judge court, the Supreme Court has made clear that the district court can exercise jurisdiction over both the claim that required convening the three-judge court, as well as related claims. *See Sterling v. Constantin*, 287 U.S. 378, 393–94 (1932) ("The jurisdiction of the District Court so constituted, and of this Court upon appeal, extends to every question involved, whether of state or federal law, and enables the court to rest its judgment on the decision of such of the questions as in its opinion effectively dispose of the case."); *Fla. Lime & Avocado Growers, Inc. v. Jacobsen*, 362 U.S. 73, 85 (1960) ("Where a complaint seeks to enjoin a state statute on substantial grounds of

federal unconstitutionality, then even though nonconstitutional grounds of attack are also alleged, we think the case is one that is required by … Act of Congress to be heard and determined by a district court of three judges.") (quotations omitted).

Ultimately, whether a three-judge court must or merely may exercise jurisdiction over a VRA claim in a case like this one, it is undoubtedly the norm for three-judge courts to hear both sets of claims. And for good reason: "The theories of liability and the proof underlying both the constitutional and statutory claims are intimately related, and the normal method of adjudicating such claims is by a three-judge district court convened under § 2284." *Armour v. State of Ohio*, 925 F.2d 987, 988 (6th Cir. 1991) (en banc). Like most redistricting challenges to a single electoral district map, Plaintiffs' constitutional claims and Section 2 claims are part of the same case or controversy. Accordingly, a three-judge court can exercise jurisdiction over Plaintiffs' Section 2 claims.

**II.     This matter should be consolidated with other actions involving a challenge to Alabama's congressional map, including *Singleton v. Merrill* and *Caster v. Merrill*.**

There are three federal-court redistricting cases pending in the Northern District of Alabama challenging Alabama's congressional districts: this case; *Singleton v. Merrill*, 2:21-cv-01291-AMM; and *Caster v. Merrill*, 2:21-cv-01536-AMM. Because *Singleton* was the first-filed action, Secretary Merrill filed a Motion

to Consolidate in that action earlier today. *Singleton*, ECF No. 36. (attached as Exhibit A). For the reasons set forth therein, these actions should be consolidated.

<div style="display: flex;">

<div>

Dorman Walker (ASB-9154-R81J)
Balch & Bingham LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 834-6500
dwalker@balch.com

**Counsel for Jim McClendon and Chris Pringle**

</div>

<div>

Respectfully submitted,

/s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

A. Reid Harris (ASB-1624-D29X)
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama  36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

**Counsel for Secretary Merrill**

</div>

</div>

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<div align="right">

/s/ Edmund G. LaCour Jr.
*Counsel for Secretary Merrill*

</div>