UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EVAN MILLIGAN, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 2:21-cv-01530-AMM |
| | ) |
| **JOHN MERRILL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

In their complaint, Plaintiffs request that a three-judge panel be convened pursuant to 28 U.S.C. § 2284(a) and that the court enter a judgment declaring Congressional Districts 1, 2, 3, and 7 in House Bill 1 ("HB 1") "to be unconstitutional as violating the Fourteenth Amendment of the United States Constitution as racial gerrymanders and as passed with discriminatory intent as a motivating factor." Doc. 1 ¶¶ 6, 16, 211(A). Plaintiffs further request a judgment declaring that HB 1 violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301 ("Section 2"). Doc. 1 ¶ 211(B). More particularly, Plaintiffs assert claims in three counts—one that HB 1 violates Section 2 based on vote dilution, *id*. at 48-49, one that HB 1 violates the Fourteenth Amendment based on racial gerrymandering, *id*. at 49-50, and one that HB 1 violates the Fourteenth Amendment and Section 2 based on intentional discrimination, *id*. at 50-52.

The court considered whether a district court of three judges may hear this action in its entirety or whether the Section 2 claims must be heard separately by a single judge. The court ordered briefing on the issue. Doc. 2. The parties agree that a three-judge court may hear this action in its entirety. Doc. 17 at 2; Doc. 18 at 1-2.

Although 28 U.S.C. § 2284(a) refers to actions "challenging the constitutionality of the apportionment of congressional districts," the court is satisfied by the consensus of authority that a district court of three judges may hear an action that asserts both constitutional and Section 2 challenges to the apportionment of congressional districts, particularly a cause of action arising out of the same nucleus of operative fact. *See, e.g., Voinovich v. Quilter*, 507 U.S. 146, 149-50 (1993); *Thornburg v. Gingles*, 478 U.S. 30, 34, 38, 42 (1986); *Ga. State Conf. of NAACP v. Ga.*, 269 F. Supp. 3d 1266, 1270 (N.D. Ga. 2017). This is such an action. Accordingly, the Clerk of Court is **DIRECTED** to transmit this order and a copy of the complaint to the Chief Judge of the United States Court of Appeals for the Eleventh Circuit.

**DONE** and **ORDERED** this 18th day of November, 2021.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE