IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> JOHN H. MERRILL, et al., <br><br> *Defendants*. | No. 2:21-cv-01530-AMM |

### JOINT STATUS REPORT

After conferring with the counsel for all parties in *Singleton v. Merrill*, No. 2:21-cv-1291 and *Caster v. Merrill*, No. 2:21-cv-1536, Plaintiffs and Defendants in the above captioned action respectfully submit the following position statements in response to the issues raised in the Court's order on November 18, 2021. Doc. 31.

**POSITION OF *MILLIGAN* PLAINTIFFS:**

1. With respect to whether the Court should consolidate the *Singleton*, *Caster*, and *Milligan* actions for all preliminary-injunction proceedings, Plaintiffs maintain the position in their prior filing that the Court should join these cases *solely* for purposes of discovery and, as appropriate, hearings on the preliminary injunction motions. *See* Doc. 18 at 2-3. The Court has the "undisputed ability to consolidate cases for [ ] limited purposes" such as discovery. *Hall v. Hall*, 138 S. Ct. 1118, 1129

(2018). While the limited consolidation of the cases can—and should—be done as a "matter of convenience" for the Court and parties, consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id*. at 1127 (citation omitted).

Further, at this time, the Court should decline further consolidation to protect against unfair prejudice to *Milligan* Plaintiffs. *See* Doc. 18 at 3-5. Consolidating the cases for discovery and hearings on the preliminary injunction motions, however, will promote economy and efficiency and carries little downside to any of the parties.

2. With respect to the schedule, Plaintiffs submit that their proposed preliminary injunction schedule is fair to all parties.[1] *See* Doc. 18 at 6. This schedule largely adopts the discovery and pretrial deadlines from *Singleton* but gives Plaintiffs in *Milligan* and *Caster* additional time to file their preliminary injunction motions and materials in support thereof near the close of discovery when the record is more fully developed. This is important because *Milligan* Plaintiffs anticipate relying on fact witness testimony and the qualitative and quantitative analyses of experts to support their preliminary injunction motion and at the related hearing.

---

[1] Plaintiffs propose the simultaneous disclosure of experts on December 10; ending discovery on December 17; preliminary injunction motions being filed on December 15; objections to the motions on December 22; replies on December 27; pretrial report, stipulated facts, and witness and exhibit lists on December 23; and a hearing the week of January 10.

Thus, *Milligan* Plaintiffs would face unfair prejudice if they were forced to file their motion prior to expert disclosures—as required by the *Singleton* schedule.

Further, given the condensed discovery schedule, Plaintiffs are open to setting reasonable limits on the number of depositions and written requests but oppose the other restrictions on discovery suggested by Defendants. Regardless of the schedule, Plaintiffs intend to work diligently and cooperatively with the other parties to promote efficiency and, where possible, mitigate any burdens on the witnesses and counsel.

With respect to the hearing date, Plaintiffs submit that setting the hearing for the week of January 10 is a modest extension of the January 4 date, which still gives the Court the opportunity to rule prior to the January 28 candidate filing deadline.

But, in the event the Court sets a later hearing date or otherwise determines that it needs additional time to rule on the motions, the Court can (and, if necessary, should) extend the filing deadline for congressional candidates only.[2] *See Wright v. Sumter Cty. Bd. of Elections*, 979 F. 3d 1282, 1286 (11th Cir. 2020) (affirming a remedial order that altered election dates); *Thomas v. Bryant*, 919 F.3d 298, 312-13 (5th Cir. 2019) (extending filing deadlines by four weeks—on top of the two-week extension ordered by the district court—to allow the legislature the chance to remedy

---

[2] The 2022 congressional primaries are six months away on May 24 (with a June 21 run-off) and the general election is on November 8, nearly one-year from today. *See Alabama Votes: Upcoming Elections*, https://www.sos.alabama.gov/alabama-votes/voter/upcoming-elections.

a Section 2 violation); *United States v. Dallas Cty. Comm'n*, 850 F.2d 1433, 1437 (11th Cir. 1988) (tolling the qualification period for candidates until the entry of a remedial order); *see also Larios v. Cox*, 305 F. Supp. 2d 1335, 1343 (N.D. Ga. 2004) (three-judge court) (recognizing that, if needed, the court could extend a candidate-filing period to allow the state an opportunity to remedy a constitutional violation).

Indeed, if the Court does hold the challenged congressional districts unconstitutional, the equities unquestionably favor a short extension of the filing deadline—which might administratively inconvenience Defendants and a dozen or so candidates—over forcing Plaintiffs and millions of other Alabamians to vote under an unconstitutional plan that deprives them of their fundamental right to vote in a manner free from racial discrimination. *See Charles H. Wesley Educ. Found., Inc.* v. *Cox*, 408 F.3d 1349, 1355 (11th Cir. 2005); *Harris v. McCrory*, No. 1:13-949, 2016 WL 6920368, at *1 (M.D.N.C. Feb. 9, 2016); *Ga. State Conf. of NAACP v. Fayette Cty. Bd. of Comm'rs*, 118 F. Supp. 3d 1338, 1347-48 (N.D. Ga. 2015).

3. Plaintiffs believe that it will take three or four days for the Court to hear all three preliminary injunction motions.

**POSITION OF THE DEFENDANTS:**

Counsel for Secretary of State John Merrill and counsel for Senator McClendon and Representative Pringle have consulted and jointly submit this same statement in the three cases involving a challenge to Alabama's Congressional

districts. The *Singleton* Plaintiffs have filed their motion for preliminary injunction, and we understand that the Plaintiffs in *Milligan* and *Caster* each intend to file their own motion for preliminary injunction. Defendants contend that it is critical that the three motions travel on the same schedule and be heard together, and that this compressed pre-preliminary-injunction discovery process be carefully managed, in order for Defendants to have a fair opportunity to present their arguments in opposition.

1. As evident from Defendants' filings on November 18, 2021, Defendants believe that *Caster* and *Milligan* can, and should, be consolidated with *Singleton*. Defendants rely on the arguments and authorities presented in their response to the Court's show-cause order in *Milligan* (doc. 17), their motion to dismiss or join necessary parties in *Singleton* (doc. 33), and their motion to consolidate in *Singleton* (doc. 36). While we understand the *Milligan* Plaintiffs to favor consolidation only for purposes of all or part of the preliminary injunction proceedings, Defendants contend that the cases should be consolidated for the entirety of the litigation.

A district court of three judges in the Western District of Texas took precisely this action on November 19, 2021, consolidating multiple redistricting actions even though at least one action involved plaintiffs who pleaded solely a violation of the VRA. *See LULAC v. Abbott*, 1:21-cv-00965 (W.D. Tex) (Doc. 22). The plaintiffs

who had filed the action *Voto Latino v. Scott* argued that their action involved only "a purely *statutory* challenge" to Texas's maps, *see LULAC*, Doc. 14 at 1, but the district court determined that consolidation was proper and that "the three-judge panel … will decide all matters." *LULAC*, Doc. 22 at 8. (It further appears that the Plaintiffs in *Voto Latino* have asked for reconsideration of an order for the convening of a three-judge court to hear the Section 2 claim, *see Voto Latino*, Doc. 14 (Nov. 14, 2021).

    2.    Concerning the schedule, any schedule aiming toward a hearing in January will of course be difficult for all parties, as well as the Court. Of the schedules discussed, Defendants favor the schedule proposed by the *Milligan* Plaintiffs in their response to the Court's show-cause order (*Milligan* doc. 18 at page 6).[3] Defendants note that the *Milligan* Plaintiffs request a hearing for the week of January 10, and understand that the *Caster* Plaintiffs request a hearing the week of January 17. Defendants assert no preference between the two. Defendants do not object to the later date, but note that they intend to argue that the equities do not favor entering a preliminary injunction even today, because of the closeness to the election, and that the equities tilt further in Defendants' favor as more time passes.

---

[3] The *Milligan* Plaintiffs request that the parties exchange expert reports on December 10; discovery end on December 17; motions for preliminary injunction filed on December 15; objections to the motions on December 22; pretrial report with stipulated facts, witness lists, and exhibit lists on December 23; and a hearing date on January 10.

For any schedule to work, however, there should be some limits on discovery. With three different sets of Plaintiffs potentially seeking discovery in the tight window when Defendants need to be drafting their opposition and making their own record, Defendants could quickly get overwhelmed. It would be unduly burdensome, for instance, for Defendants to respond to three sets of multiple requests for production, while preparing multiple witnesses for deposition and defending their depositions, all while preparing oppositions to Plaintiffs' motions. Moreover, many (if not most) preliminary injunction motions are heard before there is any discovery.

There may be many different ways to take care of this concern. For example, there could be strict limits to depositions and written discovery requests, or an understanding that there will be strict two-hour time limits on depositions, or no depositions except where a party does not intend to call the witness to testify live at the preliminary injunction hearing. Or, because it will simply not be possible for Defendants to depose all the experts the different groups of Plaintiffs will likely present on multiple topics, perhaps we could agree that no experts will be deposed before the hearing, but that they will be made available for cross-examination at the hearing (so that no party is disadvantaged). Instead of making a specific suggestion, Defendants request the opportunity to discuss this concern with the Court at the upcoming conference to see if the Court has a preference for the best way to balance

the need to gather information and build a record against the interest of ensuring that all parties have a fair opportunity to present their case.

      3.      Defendants believe that it will take at least three days for all three preliminary injunction motions to be heard.

DATED this 22nd day of November 2021.

*/s/ Deuel Ross*
Deuel Ross*
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Leah Aden*
Stuart Naifeh*
Kathryn Sadasivan^ (ASB-517-E48T)
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
ksadasivan@naacpldf.org

Shelita M. Stewart*
Jessica L. Ellsworth*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
shelita.stewart@hoganlovells.com

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

Respectfully submitted,

*/s/ Sidney M. Jackson*
Sidney M. Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS
  FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
Phone: (205) 341-0498
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

*/s/ Davin M. Rosborough*
Davin M. Rosborough*
Julie Ebenstein*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org

*/s/ LaTisha Gotell Faulks*
LaTisha Gotell Faulks (ASB-1279-I63J)
Kaitlin Welborn**
AMERICAN CIVIL LIBERTIES UNION OF
ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
tgfaulks@aclualabama.org
kwelborn@aclualabama.org

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

***Attorneys for Plaintiffs***

Janette Louard**
Anthony Ashton**
Anna Kathryn Barnes**
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
(NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiff Alabama State Conference of the NAACP*

\* Admitted *Pro hac vice*
\*\* *Pro hac vice* motions forthcoming
^ Request for admission to the Northern District of Alabama forthcoming

Steve Marshall
*Attorney General*

s/ James W. Davis
Edmund G. LaCour Jr. (ASB-9182-U81L)
*Solicitor General*

James W. Davis (ASB-4063-I58J)
*Deputy Attorney General*
A. Reid Harris (ASB-1624-D29X)
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

**Counsel for Secretary Merrill**

Dorman Walker (ASB-9154-R81J)
Balch & Bingham LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 834-6500
dwalker@balch.com

**Counsel for Jim McClendon and
Chris Pringle**

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which provides electronic notice of filing to all counsel of record.

This the 22nd day of November 2021.

*/s/ Deuel Ross*
COUNSEL FOR PLAINTIFFS