FILED
2021 Dec-14 AM 08:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| EVAN MILLIGAN, et al.,<br><br>      *Plaintiffs*,<br><br>v.<br><br>JOHN H. MERRILL, et al.,<br><br>      *Defendants*. | Civil Case No. 2:21-CV-01530-AMM |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JOHN H. MERRILL, JIM MCCLENDON, AND CHRIS PRINGLE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that above-named Defendants produce the documents described herein for inspection and copying and deliver copies by electronic mail or other electronic means the requested documents to counsel for the Plaintiffs within 14 days after service.

### DEFINITIONS

As used herein, the following terms have the following meanings:

1. "You," "Your," or "Defendant" refers to Defendant John H. Merrill, in his official capacity as Secretary of State of Alabama, and Jim McClendon and Chris Pringle, in their official capacities as Co-Chairs of the Alabama Permanent Legislative Committee on Reapportionment.

2. "Committee" refers to the Alabama Permanent Legislative Committee on Reapportionment.

3. The terms "concerning" or "related to" shall be construed in the broadest sense to mean referring to, describing, reflecting, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request.

4. "Describe" means to provide all knowledge or information about the subject.

5. "Document" is defined to be synonymous in meaning and the same in scope as the term 'document' as used in Rule 34 of the Federal Rules of Civil Procedure and the phrase "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and includes without limitation any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including without limitation notes, text messages, electronic mail, memoranda, letters, reports, studies, electronic mail messages, telegrams, publications, contracts, manuals, business plans, proposals, licenses, drawings, designs, data sheets, diaries, logs, specifications, brochures, product or service descriptions, periodicals, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, databases, electronic files, software, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. This shall include all non-identical copies, no matter how prepared; all drafts prepared in connection with such documents, whether used or not; and any deleted or erased documents that may be retrieved from hard drives, floppy disks, electronic back-up files, or any other back-up systems, regardless of location, together with all attachments thereto or enclosures therewith, in the your possession, custody or control or any of your attorneys, employees, agents, or representatives.

6. "Voting Rights Act," or "VRA" refers to the Voting Rights Act, 52 U.S.C. § 10301 et seq.

7. "Section 5" or "preclearance" refers to that part of the Voting Rights Act, 52 U.S.C. § 10304 and the related federal regulations, which formerly required the State of Alabama to submit all of its voting related changes to the United States Department of Justice or to a three-judge federal district court in Washington, D.C. for review before those changes could take effect.

8. "Racially polarized" means that term as it is defined in *Thornburg v. Gingles*, 478 U.S. 30, 53, n.21 (1986).

9. "Electronically stored information" means electronically stored data on magnetic or optical storage media (including but not limited to hard drives, backup tapes, Jaz and zip drives, floppy disks, CD-ROMs and DVD-ROMs) as an "active" file or files (readily readable by one or more computer applications or forensics software), any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data

left on the hard drive after new data has overwritten some but not all of previously stored data), text messages and emails located on any mainframe, server, desktop, or portable device, including cell phones.

## INSTRUCTIONS

1. The responsive documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure.

2. If any part of the request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category set forth in a request, that part should be specified.

3. Each request for production and subparagraphs or subdivisions thereof shall be construed independently, and no request shall be construed as creating a limitation upon any other request.

4. The documents produced in response to these requests are all responsive documents in your possession, custody, or control, or known to be available to you, regardless of whether such documents are possessed directly by you or your agents, advisors, employees, representatives, attorneys, consultants, successors-in-interest, or other persons or entities acting on your behalf or subject to your control, and whether they are maintained at any of your locations, offices, archives, or in any other location (including back-up tapes or electronic mail) or with any persons related in any way to you.

5. Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

6. Any reference in these document requests to any corporation, partnership, association, governmental entity or agency, or other entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants and all other persons acting or purporting to act on behalf of such corporation, partnership, association, agency, or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, departments, predecessors, and/or successors-in-interest.

7. Where a request calls for information that is not available to you in the form requested, but is available in another form or can be obtained, in whole or in part, from other data in your possession or control, you must so state and either supply the information requested in the form in which it is available, or supply the data from which the information requested can be obtained.

8. In addition to the responsive document, you shall produce all non-identical copies, including all drafts, of each responsive document

9. If any requested document is not or cannot be produced in full, you shall produce it to the extent possible, indicating what document or portion of such document is not or cannot be produced and the reason why it is not or cannot be produced.

10. Each document produced must include all attachments and enclosures.

11. Documents attached to each other shall not be separated.

12. Documents not otherwise responsive to a request for production shall be produced if such documents refer to, concern, or explain the documents called for by any request for production and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

13. In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, all documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests and identify the name of the person from whose files the documents were produced.

14. Each request shall be responded to separately. Nevertheless, a document that is responsive to more than one request may be produced for one request and incorporated by reference in another response, provided that the relevant, corresponding portion is so labeled or marked.

15. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

16. No part of a document request shall be left unanswered because an objection is interposed to another part of the document request. If you object to any document request or sub-part thereof, state with specificity your objection and all grounds therefore. Any ground not stated will be waived.

17. If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any request, then in response to each such request you shall:

    a. produce all documents and information available to you without undertaking what you contend to be an unreasonable burden; and

    b. set forth the particular grounds on which you contend that additional efforts to obtain such documents and information would be unduly burdensome.

18. If any document is withheld under any claim of privilege, including without limitation, the work-product doctrine, attorney-client privilege, or investigative or law enforcement privilege, your answer should provide the following with respect to such information:

    a. the type of document;

    b. the date of the document;

    c. the names of its author(s) or preparer(s) and an identification by employment and title of each such person;

    d. the name of each person who was sent or furnished with, received, viewed, or has had custody of the document or a copy thereof together with an identification of each such person;

    e. its title and reference, if any;

    f. a description of the document sufficient to identify it without revealing the information for which privilege is claimed;

    g. the type of privilege asserted;

    h. a description of the subject matter of the document in sufficient detail to allow the Court to adjudicate the validity of the claim for privilege; and

    i. the paragraph of this request to which the document relates.

19. Any requests propounded in the disjunctive shall be read as if propounded in the conjunctive and vice versa. Any request propounded in the singular shall be read as if propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

20. These document requests cover the period from **January 1, 2021 to the present**, unless otherwise indicated in the request itself. The document requests set forth below encompass all documents and information concerning this period, even though dated, prepared, generated, or received prior to this period.

21. These document requests are continuing in nature. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, You are under a continuing duty to supplement the production with documents obtained subsequent to the preparation and service of a response to each Request. Supplemental responses shall be served and additional documents shall be made available promptly upon discovery of such information.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** Any and all correspondence, maps, memoranda, expert reports, racial polarization analyses, or other documents, including electronically stored information, related to the State of Alabama's submission of congressional maps in the 1990, 2000, and 2010 redistricting cycles for preclearance review pursuant to Section 5 of the Voting Rights Act. 52 U.S.C. §10304. This request includes, but is not limited to, any correspondence with the U.S. Department of Justice for the 1990, 2000, and 2010 redistricting cycles, all communications involving the Reapportionment Committee and its chairs including internal correspondence and correspondence with members of Congress for the 2010 cycle, and all communications among representatives of the State or between such representatives and other governmental officials concerning any such submissions.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications, including electronically stored information, concerning the drawing of the congressional districts adopted in HB 1, including but not limited to all communications with and documents provided to, considered, or relied upon by persons who drew, reviewed, approved, or adopted the determination to draw districts as reflected in HB 1.

**REQUEST FOR PRODUCTION NO. 3:** Any maps, draft maps, memoranda, reports, analyses, correspondence, or other documents, including electronically stored information, concerning the drawing of the congressional districts in 2021 including those adopted in HB 1. This Request includes, but is not limited to, documents concerning the decision to maintain congressional district 7 as a majority-Black district, the decision to maintain the general shapes of the 2011 districts, racial polarization in the Alabama electorate, including congressional districts or state legislative districts, the role of race in drawing districts, and correspondence between or among You, individuals in the Legislative Reapportionment Office, any map drawers, experts, legislators, members of Congress, or anyone else concerning the drawing of the challenged congressional districts or any draft maps of the challenged congressional districts considered but not adopted.

**REQUEST FOR PRODUCTION NO. 4:** Documents, including electronically stored information, sufficient to show any and all criteria used in drawing and approving the contours, limits, or boundaries included in the congressional districts adopted in HB 1.

**REQUEST FOR PRODUCTION NO. 5:** All documents, including electronically stored information, concerning any analysis or evaluation, including but not limited to racial polarization analysis or other analysis concerning voting patterns, that were conducted, reviewed, or relied upon in drawing, reviewing, adopting, or approving the congressional districts adopted in HB 1, including but not limited to communications with the person(s) who conducted any such analysis. This request includes, but is not limited to all documents and communications concerning whether to conduct or use any racial polarization analyses or any other analyses concerning voting patterns, regardless whether such analyses were actually used or conducted, including but not limited to the materials relied upon to determine which districts received any racial polarization study, in connection with drawing the congressional districts adopted in HB 1.

**REQUEST FOR PRODUCTION NO. 6:** All transcripts, minutes, or other notes, including electronically stored information, recording or referencing the conduct of any meetings of any legislative committee or subcommittee in connection with or in furtherance the adoption of HB 1.

**REQUEST FOR PRODUCTION NO. 7:** All documents, including electronically stored information, provided to or relied upon by (a) any expert who defendants intend to call to testify in this matter; or (b) any consultant, advisory, or other individual who provided advice or consultation concerning, or participated in the drawing, evaluation, or analysis of, the congressional districts adopted in HB 1.

DATED this 29th day of November 2021.

Respectfully submitted,

/s/ Deuel Ross
Deuel Ross*
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Leah Aden*
Stuart Naifeh*
Kathryn Sadasivan^ (ASB-517-E48T)
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
ksadasivan@naacpldf.org

Shelita M. Stewart*
Jessica L. Ellsworth*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
shelita.stewart@hoganlovells.com

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com

/s/ Sidney M. Jackson
Sidney M. Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS
  FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
Phone: (205) 341-0498
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

/s/ Davin M. Rosborough
Davin M. Rosborough*
Julie Ebenstein*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org

/s/ LaTisha Gotell Faulks
LaTisha Gotell Faulks (ASB-1279-I63J)
Kaitlin Welborn*
AMERICAN CIVIL LIBERTIES UNION OF
ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
tgfaulks@aclualabama.org
kwelborn@aclualabama.org

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

*Attorneys for Plaintiffs*

8

harmony.gbe@hoganlovells.com

Janette Louard**
Anthony Ashton**
Anna Kathryn Barnes**
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
(NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiff Alabama State Conference of the NAACP*

\* Admitted *Pro hac vice*
\*\* *Pro hac vice* motions forthcoming
^ Request for admission to the Northern District of Alabama forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2021, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Deuel Ross*
Deuel Ross