# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| EVAN MILLIGAN, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-1530-AMM |
| | ) | |
| JOHN H. MERRILL, in his official | ) | THREE-JUDGE COURT |
| capacity as Alabama Secretary of State, | ) | |
| *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PROTECTIVE ORDER

Having reviewed and considered Secretary Merrill's Unopposed Motion for Protective Order, and for good cause shown, the Court hereby enters the following ORDER governing confidential information and documents:

(1) Confidential Information, including information ordinarily exempted from public disclosure pursuant to state or federal confidentiality statutes, may be produced within the context of this litigation and as described in this Protective Order, notwithstanding any other provision of law to the contrary. The Court specifically finds that said Confidential Information is potentially relevant to the claims and defenses in this litigation and therefore necessary to be disclosed among the parties, and that the terms of this Protective Order provide adequate safeguards with respect to the use of such information.

(2) The following is designated as "Confidential Information":

(a) Personally-identifying information of voters, such as social security number, address, telephone number, or driver's license number;

(b) Excerpts from the State of Alabama's voter registration database produced pursuant to discovery requests.

(c) Other information designated by the parties as set out below.

(3) The information identified in paragraph (2) of this Protective Order is automatically deemed to be "Confidential Information" without further designation or action by any party or non-party. A party may designate other information or documents as "Confidential Information" by stamping or otherwise clearly marking the material prior to production as "CONFIDENTIAL." Where such material is not reduced to documentary, tangible, or physical form, or where it cannot be conveniently labeled, the producing party shall designate the Confidential Information by informing the receiving party in writing of the appropriate designation of such material. In the case of deposition testimony, a party seeking to invoke the protection of this Protective Order shall give prompt notice thereof, at the deposition or within fourteen (14) days after receipt of the deposition transcript, in accordance with the provisions and restrictions of this Protective Order.

(4) Confidential Information requested by a party, or otherwise produced in this litigation by a party or non-party, whether said information be solicited from

documents or by the direct testimony of any person, shall be used solely for the purposes of the captioned lawsuit, including trial preparation, and shall not, without prior written consent of the individual or entity producing the information, be made available to any person other than the Court and its personnel; the parties, their counsel, or individuals working on behalf of the parties or their counsel, such as professional staff, expert witnesses, and consultants; and court reporters, videographers, or other professionals responsible for recording or transcribing testimony in this action.

(5) A party, upon the providing of Confidential Information and/or documents pursuant to this Protective Order, does not waive any objection to the admissibility of said information or documents or any portion thereof at trial on the grounds of relevance, privilege, prejudice, competency or otherwise;

(6) The parties agree that they shall designate as "Confidential Information" only such documents, electronically stored information ("ESI"), and other things that truly contain private and highly sensitive information relating to a party or to non-parties. The parties agree that if disputes arise to the applicability of this Order to any information produced by a party, such disputes shall be resolved, if possible, by agreement of the parties of this action.

(7) Documents, ESI, and other things containing Confidential Information shall, when filed with the Court, be redacted to exclude such information, where

feasible. The filing party shall also submit an unredacted copy of such materials to the Court under seal. Where redaction of Confidential Information is unfeasible or impractical, the filing party shall submit and file the document under seal. All confidential material used pursuant to this section shall be submitted to the Court under seal stating "CONFIDENTIAL MATERIAL SUBMITTED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER DATED _____".

(8) This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon consent of the parties, or upon application and showing of good cause by any of the parties. Any confidential record that is admitted into evidence shall not lose its confidential designation under this agreement unless expressly ordered by the Court.

(9) The inadvertent or unintentional disclosure of Confidential Information shall not be construed to be a waiver, in whole or in part, of the Plaintiffs' or Defendants' claims of confidentiality, either as to the specific confidential information or as to related information and documents.

(10) Except as otherwise prohibited by federal law (including but not limited to the Federal Records Act, 44 U.S.C. § 3301 *et seq.*) or the law of Alabama, at the conclusion of the litigation and the termination of any associated appeal rights, all documents containing "Confidential Information" shall be returned to the party who produced them or securely destroyed by the party who received them within 90 days

after the conclusion of all proceedings, including any settlement, trial, or appeal,

unless otherwise agreed by the parties or ordered by the Court.

      **DONE** and **ORDERED** this \_\_\_\_\_ day of December, 2021.


_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE