Case 2:21-cv-01530-AMM  Document 80-11  Filed 12/23/21  Page 1 of 9
Case 1:11-cv-01628-TFH  Document 1  Filed 09/09/11  Page 1 of 9

FILED
 2021 Dec-23  PM 04:07
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF ALABAMA,<br>    Office of the Attorney General<br>    501 Washington Avenue<br>    P.O. Box 300152<br>    Montgomery, Alabama  36130-0152<br><br>    Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER, JR., in his official<br>capacity as the Attorney General of the<br>United States,<br>    U.S. Department of Justice<br>    950 Pennsylvania Avenue, N.W.<br>    Washington, D.C.  20530<br><br>    Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT

The State of Alabama respectfully files this complaint seeking a declaratory judgment pursuant to Section 5 of the Voting Rights Act (VRA) of 1965, 42 U.S.C. § 1973c (2006), and 28 U.S.C. § 2201 (2006), that Alabama Act Nos. 2011-518 and 2011-677, providing for, respectively, the redistricting of Alabama's seven congressional districts and its eight State Board of Education districts based on the 2010 Census, "neither ha[ve] the purpose nor will have the effect of denying or abridging the right to vote on account of race or color, or in contravention of the guarantees set forth in section 4(f)(2)" of the Voting Rights Act of 1965. VRA § 5(a), 42 U.S.C. § 1973c(a).

## PARTIES

1.   Plaintiff State of Alabama is one of the 50 United States of America and brings this action on behalf of itself and its citizens.

2.   Defendant Eric H. Holder, Jr., is the Attorney General of the United States and is named in his official capacity. Defendant Holder is charged with certain responsibilities under Section 5 of the Voting Rights Act, including the defense of a Section 5 declaratory judgment action in this Court. Defendant Holder, in his official capacity as Attorney General of the United States, resides in the District of Columbia.

## JURISDICTION

3.   This action arises under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. This Court has jurisdiction pursuant to Section 14(b) of the Voting Rights Act, 42 U.S.C. § 1973*l*(b) (2006), and 28 U.S.C. § 1331 (2006).

## VENUE

4.   Venue is proper in the District of Columbia pursuant to Sections 5(a) and 14(b) of the Voting Rights Act, 42 U.S.C. §§ 1973c(a) & 1973*l*(b), and 28 U.S.C. § 1391(e)(1) (2006).

## THREE-JUDGE COURT

5.   Plaintiff requests that a district court of three judges be convened to hear and determine this action pursuant to the last sentence of Section 5(a) of the Voting Rights Act, 42 U.S.C. § 1973c(a), and 28 U.S.C. § 2284 (2006). In accordance

with LCvR 9.1, a separate "Application for Three-Judge Court" accompanies this Complaint.

## FACTUAL BACKGROUND

6. The State of Alabama is a "covered jurisdiction" based upon determinations made under the first sentence of Section 4(b) of the Voting Rights Act of 1965, 42 U.S.C. § 1973b(b) (2006). *See* 30 Fed. Reg. 9897 (Aug. 7, 1965); 28 C.F.R. pt. 51 app. (2011). The State of Alabama is thus subject to the preclearance requirements of Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

7. In 2002, after receiving the results of the 2000 Census, the Alabama Legislature enacted and then-Governor Bob Riley signed Act No. 2002-57, establishing a congressional redistricting plan. That plan contained one majority-minority district (District 7) in which the total population was 62.389% African-American and 35.997% white, and the voting age population was 58.327% African-American and 40.006% white.

8. In 2002, the Alabama Legislature also enacted and then-Governor Riley signed Act No. 2002-73, establishing a new districting plan for the eight-member State Board of Education (SBOE). That plan contained two districts in which African-Americans were in the majority for total population. In SBOE District 4, the total population was 51.385% African-American and 46.403% white, and the voting age population was 47.613% African-American and 50.191% white. In SBOE District 5, the total population was 55.501% African-American and

3

43.010% white, and the voting age population was 51.975% African-American and 46.582% white.

9. Pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, the State of Alabama submitted Act Nos. 2002-57 and 2002-73 to the United States Department of Justice for preclearance. The Department of Justice did not interpose an objection to either plan, and both were put into effect.

10. Although the State of Alabama seeks preclearance by this Court, it has compiled information in the nature of a preclearance submission to the Department of Justice for each of Act Nos. 2011-518 and 2011-677, which will be provided to the Department of Justice upon request.

## Congressional Redistricting

11. On or about February 24, 2011, the State of Alabama received the results of the 2010 Census. When the 2010 Census results were loaded into the plan adopted in Act No. 2002-57, it was clear that the districts were unconstitutionally malapportioned, with an overall population deviation of more than 22%. More specifically, loading the 2010 results into the 2002 congressional plan showed:

| 2002 Congressional Plan Malapportionment | | | | |
|---|---|---|---|---|
| District | Ideal Pop. | Total Pop. | Deviation | Deviation % |
| 1 | 682,819 | 687,841 | +5,022 | +0.74% |
| 2 | 682,819 | 673,877 | –8,942 | –1.31% |
| 3 | 682,819 | 681,298 | –1,521 | –0.22% |
| 4 | 682,819 | 660,162 | –22,657 | –3.32% |
| 5 | 682,819 | 718,724 | +35,905 | +5.26% |
| 6 | 682,819 | 754,482 | +71,663 | +10.50% |
| 7 | 682,819 | 603,352 | –79,467 | –11.64% |

4

12. On June 2, 2011, the Alabama Legislature passed SB484, which establishes new district lines for the State's congressional delegation.

13. On June 8, 2011, Governor Bentley signed SB484, and that bill has been enrolled as Act No. 2011-518. A copy of Act No. 2011-518 is attached to this Complaint as Exhibit 1. Notwithstanding its adoption, Act No. 2011-518 has not been enforced.

14. As with the 2002 plan, the plan established by Act No. 2011-518 contains one majority-minority district (District 7).

15. The plan established by Act No. 2011-518 satisfies the applicable constitutional one-person, one-vote standards.

16. The demographics of the plan established by Act No. 2011-518 are as follows:

| 2011 Congressional Plan Demographics | | | |
|---|---|---|---|
| District | Total Pop. | Total White % | Total Black % |
| 1 | 682,820 | 67.18% | 27.66% |
| 2 | 682,820 | 65.45% | 29.49% |
| 3 | 682,819 | 70.65% | 25.16% |
| 4 | 682,819 | 86.61% | 6.83% |
| 5 | 682,819 | 75.93% | 16.99% |
| 6 | 682,819 | 80.82% | 13.56% |
| 7 | 682,820 | 33.04% | 63.57% |

## State Board of Education Redistricting

17. As noted above, on or about February 24, 2011, the State of Alabama received the results of the 2010 Census. When those results were loaded into the plan adopted in Act No. 2002-73, it was clear that the districts were constitutionally

5

malapportioned, with an overall population deviation of more than 28%. More specifically, loading the 2010 Census data into the 2002 SBOE plan showed:

| 2002 SBOE Plan Malapportionment | | | | |
|---|---|---|---|---|
| District | Ideal Pop. | Total Pop. | Deviation | Deviation % |
| 1 | 597,467 | 633,576 | +36,109 | +6.04% |
| 2 | 597,467 | 629,567 | +32,100 | +5.37% |
| 3 | 597,467 | 662,699 | +85,232 | +14.27% |
| 4 | 597,467 | 510,539 | −86,928 | −14.55% |
| 5 | 597,467 | 514,983 | −82,484 | −13.81% |
| 6 | 597,467 | 600,027 | +2,560 | +0.43% |
| 7 | 597,467 | 561,986 | −35,481 | −5.94% |
| 8 | 597,467 | 646,359 | +48,892 | +8.18% |

18. In May 2011, as part of its process for enacting new redistricting plans, the Alabama Legislature's Permanent Joint Committee on Reapportionment adopted Guidelines for Legislative, State Board of Education, and Congressional Redistricting. In pertinent part, those Guidelines state that any plan that the Committee is to consider must satisfy constitutional one-person, one vote standards, including, among other things, the standard as set forth in *Larios v. Cox*, 300 F. Supp. 2d 1320 (N.D. Ga. 2004) (three-judge court), *aff'd mem.*, 542 U.S. 947 (2004). The Guidelines further state, "In order to ensure compliance with the most recent case law in this area and to eliminate the possibility of an invidious discriminatory effect caused by population deviations . . . , in every redistricting plan submitted to the Reapportionment Committee, individual district populations should not exceed a 2% overall range of population deviation."

19. On June 9, 2011, the Alabama Legislature passed HB621, which establishes new district lines for the State Board of Education.

6

20. On June 15, 2011, Governor Bentley signed HB621, and that bill has been enrolled as Act No. 2011-677. A copy of Act No. 2011-677 is attached to this Complaint as Exhibit 2. Notwithstanding its adoption, Act No. 2011-677 has not been enforced.

21. As with the 2002 SBOE plan, the plan established by Act No. 2011-677 has two majority-minority districts (Districts 4 and 5).

22. Consistent with the portion of the Guidelines referred to in paragraph 18 above, the plan established in Act No. 2011-677 not only satisfies constitutional one-person, one-vote standards, it also has an overall population deviation of less than 2%. The demographics of the plan established by Act No. 2011-677 are as follows:

| 2011 SBOE Plan Demographics |||||
| District | Total Pop. | Deviation | Deviation % | Total White % | Total Black % |
| --- | --- | --- | --- | --- | --- |
| 1 | 597,597 | +130 | +0.02% | 77.22% | 17.65% |
| 2 | 597,172 | −295 | −0.05% | 69.60% | 25.44% |
| 3 | 597,860 | +393 | +0.07% | 77.41% | 16.77% |
| 4 | 597,468 | +1 | 0.00% | 41.91% | 54.09% |
| 5 | 596,715 | −752 | −0.13% | 36.83% | 59.25% |
| 6 | 598,009 | +542 | +0.09% | 84.95% | 8.50% |
| 7 | 596,641 | −826 | −0.14% | 85.47% | 10.01% |
| 8 | 598,274 | +807 | +0.14% | 74.79% | 17.77% |

## CLAIM 1: DECLARATORY JUDGMENT
## FOR 2011 CONGRESSIONAL PLAN

23. The allegations in paragraphs 1 through 16 are incorporated herein by reference as if fully set forth.

24. The congressional plan enacted in Act No. 2011-518, when compared to the benchmark plan adopted in Act No. 2002-57, does not lead to retrogression in

7

the position of minority voters in Alabama with respect to the effective exercise of their electoral franchise.

25. The congressional plan enacted in Act No. 2011-518 does not have the purpose and will not have the effect of denying or abridging the right of minority voters to vote.

### CLAIM TWO: DECLARATORY JUDGMENT FOR 2011 STATE BOARD OF EDUCATION PLAN

26. The allegations set forth in paragraphs 1 through 10 and paragraphs 16 through 22 above are hereby incorporated by reference as if fully set forth.

27. The SBOE plan adopted in Act No. 2011-677, when compared to the benchmark plan adopted in Act No. 2002-73, does not lead to retrogression in the position of minority voters in Alabama with respect to the effective exercise of their electoral franchise.

28. The SBOE plan adopted in Act No. 2011-677 does not have the purpose and will not have the effect of denying or abridging the right of minority voters to vote.

### DEMAND FOR JUDGMENT

Therefore, Plaintiff State of Alabama respectfully demands that the Court enter a declaratory judgment that Alabama Act Nos. 2011-518 and 2011-677 "neither ha[ve] the purpose nor will have the effect of denying or abridging the right to vote on account of race or color, or in contravention of the guarantees set forth in section 4(f)(2)" of the Voting Rights Act of 1965.

8

Respectfully submitted,

Date  September 6, 2011

LUTHER STRANGE
Attorney General of Alabama
By:

/s/ John J. Park, Jr.

John J. Park, Jr.
*Deputy Attorney General*
Alabama State Bar ID ASB-8382-P62J
E-mail: jjp@sbllaw.net

Strickland Brockington Lewis LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, GA 30309
Telephone: 678.347.2200
Facsimile: 678.347.2210


/s/ James W. Davis
*Assistant Attorney General*
Alabama State Bar ID ASB-4063-I58J
E-mail:    jimdavis@ago.state.al.us

/s/ Misty Fairbanks
*Assistant Attorney General*
Alabama State Bar ID ASB-1813-T71F
E-mail:    mfairbanks@ago.state.al.us

Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama  36130-0152
Telephone: 334-242-7300
Facsimile: 334-353-8440

All Appearing pursuant to LCvR 83.2(f)

9