# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, et al., *Plaintiffs*, vs. JOHN H. MERRILL, et al., *Defendants*. | No. 2:21-cv-01530 THREE-JUDGE COURT |

### *MILLIGAN* PLAINTIFFS' RESPONSE TO SINGLETON PLAINTFFS' EMERGENCY MOTION

The *Milligan* Plaintiffs submit this response pursuant to this Court's order dated February 8, 2022 (Doc. 133) requiring all parties to respond to the *Singleton* Plaintiffs' Emergency Motion for a Ruling on their Renewed Motion for a Preliminary Injunction (*Singleton*, Doc. 104). The *Singleton* Plaintiffs ask the Court to grant a preliminary injunction on their racial gerrymandering claim and order the Defendant and Defendant-Intervenors in that action to adopt a new Congressional redistricting plan based on the "whole county" principle.

The *Milligan* Plaintiffs respectfully request that the Court defer further action on or consideration of the racial gerrymandering and other constitutional claims asserted in both the *Singleton* and the *Milligan* complaints. The Court's

consideration of the *Singleton* and *Milligan* constitutional claims (as well as further consideration of the *Milligan* Plaintiffs' statutory claims) will be aided by a fuller evidentiary record. Additionally, the avoidance of further interlocutory treatment of individual claims will serve the interest of judicial economy. Accordingly, rather than address the merits further on a preliminary basis and record, this Court should defer action on the *Singleton* Plaintiffs' motion and not address their right to preliminary relief at this time.[1]

If, however, the Court is inclined to consider the *Singleton* Plaintiffs' renewed motion for a preliminary injunction on its merits at this stage, the *Milligan* Plaintiffs request that the Court formally sever the *Singleton* and *Milligan* cases prior to any further consideration of the *Singleton* claims. This Court previously consolidated the two cases solely for purposes of the preliminary injunction proceedings (Doc. 40). If the cases remain consolidated, then extending the preliminary injunction proceedings in the *Singleton* case will impact a variety of issues affecting the *Milligan* case, including the scope and timing of discovery and trial. In addition, binding the *Milligan* Plaintiffs to any findings of fact or legal rulings in further preliminary injunction proceedings in *Singleton*—in which the *Milligan* Plaintiffs do not intend to be involved—would be unfairly prejudicial to the *Milligan* Plaintiffs.

---

[1] Additionally, given the U.S. Supreme Court's decision to stay this Court's preliminary injunction on the *Milligan* Plaintiffs' statutory claims, further consideration of the *Singleton* Plaintiffs' constitutional claim at this time is likely futile.

While the racial gerrymandering claims of the *Milligan* and *Singleton* Plaintiffs share some common elements, the claims are (as the Court is aware) materially different in important respects. Accordingly, if the Court intends to grant the *Singleton* Plaintiffs' emergency motion and give further consideration to their motion for a preliminary injunction, the *Milligan* Plaintiffs request that the Court first sever the *Singleton* and *Milligan* cases for all purposes.

| Respectfully submitted, | DATED this 14th day of February 2022. |
|---|---|
| */s/ Deuel Ross* | */s/ Sidney M. Jackson* |
| Deuel Ross* | Sidney M. Jackson (ASB-1462-K40W) |
| NAACP LEGAL DEFENSE & | Nicki Lawsen (ASB-2602-C00K) |
|    EDUCATIONAL FUND, INC. | WIGGINS CHILDS PANTAZIS |
| 700 14th Street N.W. Ste. 600 |    FISHER & GOLDFARB, LLC |
| Washington, DC 20005 | 301 19th Street North |
| (202) 682-1300 | Birmingham, AL 35203 |
| dross@naacpldf.org | Phone: (205) 341-0498 |
| | sjackson@wigginschilds.com |
| Leah Aden* | nlawsen@wigginschilds.com |
| Stuart Naifeh* | |
| Kathryn Sadasivan (ASB-517-E48T) | */s/ Davin M. Rosborough* |
| Brittany Carter* | Davin M. Rosborough* |
| NAACP LEGAL DEFENSE & | Julie A. Ebenstein* |
|    EDUCATIONAL FUND, INC. | AMERICAN CIVIL LIBERTIES |
| 40 Rector Street, 5th Floor | UNION FOUNDATION |
| New York, NY 10006 | 125 Broad St. |
| (212) 965-2200 | New York, NY 10004 |
| laden@naacpldf.org | (212) 549-2500 |
| snaifeh@naacpldf.org | drosborough@aclu.org |
| | jebenstein@aclu.org |
| Shelita M. Stewart* | |
| Jessica L. Ellsworth* | */s/ LaTisha Gotell Faulks* |
| HOGAN LOVELLS US LLP | LaTisha Gotell Faulks (ASB-1279-I63J) |
| 555 Thirteenth Street, NW | Kaitlin Welborn* |
| Washington, D.C. 20004 | AMERICAN CIVIL LIBERTIES UNION |

3

(202) 637-5600
shelita.stewart@hoganlovells.com

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
tgfaulks@aclualabama.org
kwelborn@aclualabama.org

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

*Attorneys for Milligan Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which provides electronic notice of filing to all counsel of record on February 14, 2022.

*/s/* Stuart Naifeh

Counsel for Plaintiffs
