IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>JOHN H. MERRILL, et al.,<br><br>*Defendants*. | No. 2:21-cv-01530-AMM<br>(three-judge court) |

## MOTION FOR STATUS CONFERENCE

Plaintiffs (Plaintiffs or "*Milligan* Plaintiffs") respectfully request that this Court set a status conference as soon as possible to determine the next steps in this case. The plaintiffs in *Caster v. Merrill*, No. 2:21-cv-01536, ("*Caster* Plaintiffs") join in this motion and the plaintiffs in *Singleton v. Merrill*, No. 2:21-cv-1291-AMM do not oppose this motion. Defendants Secretary of State John Merrill, Senator Jim McClendon, and Representative Chris Pringle ("Defendants") take no position.

In support of this motion, *Milligan* Plaintiffs assert the following:

1.  On January 24, 2022, this Court entered an order granting Plaintiffs' motion for a preliminary injunction under Section 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10301, and declined to rule on their racial gerrymandering claims brought pursuant to the Fourteenth Amendment to the U.S. Constitution. *See*

1

Doc. 107 at 1-7. The injunction barred Defendants from enforcing the State of Alabama's 2021 congressional redistricting plan. *Id*. This Court also ordered Defendants to devise a new redistricting plan for the November 2022 elections that would provide Black voters with an opportunity to elect the candidates of their choice in two of Alabama's seven congressional districts. *Id*.

2. Defendants filed a motion to stay that injunction. Doc. 110. On January 27, this Court denied Defendants' motion to stay. Doc. 120. Defendants then sought a stay in the U.S. Supreme Court. On February 7, the Supreme Court granted a stay. *Merrill v. Milligan*, 142 S. Ct. 879 (2022).

3. The Supreme Court also noted probable jurisdiction in the *Milligan* case and granted certiorari in the *Caster* case. *See Milligan*, 142 S. Ct. at 879. The Supreme Court consolidated *Milligan* and *Caster* for purposes of the appeal before it and ordered the parties to address the question presented of: "Whether the State of Alabama's 2021 redistricting plan for its seven seats in the United States House of Representatives violated section 2 of the Voting Rights Act, 52 U. S. C. §10301."

4. The Supreme Court has tentatively scheduled arguments for the October 2022 term. If this case is argued in the October term, the Supreme Court could issue a ruling as early as February 2023 or as a late as the end of June 2023.

5. To move this litigation forward pending the appeal of the preliminary injunction ruling, *Milligan* Plaintiffs have conferred with the counsel for all parties.

6.      The *Milligan* and *Caster* Plaintiffs are committed to moving forward with discovery and seek a schedule that will ensure that this case is prepared for trial as soon as February 2023. In general, the *Milligan* and *Caster* Plaintiffs would ask this Court to set a schedule under which fact and expert discovery ends this fall and briefing on any summary judgment motions or motions in limine is completed by this December. Such a schedule would preserve the option to try this case promptly after—or even potentially before—the Supreme Court issues its decision on the preliminary injunction. This Court would then be in a position to rule as soon as possible after the Supreme Court issues its decision. This Court would also retain the flexibility to permit post-trial briefing or supplementation of the record, if needed, to address any new guidance from the Supreme Court.

7.      Plaintiffs understand that Defendants oppose any schedule that ends discovery or contemplates a trial before the Supreme Court rules on the preliminary injunction.

8.      At the same time, Defendants have informed Plaintiffs' counsel that, under Defendants' view of *Purcell v. Gonzalez*, 549 U.S. 1 (2006), any potential final order of this Court that grants Plaintiffs relief after September 10, 2023 will be too late to affect the November 5, 2024 congressional elections. Defendants have indicated that if this Court does not issue a liability determination at least two months before the November 10, 2023 candidate filing deadline for the March 5, 2024

congressional primary elections, Ala. Code § 17-13-5, Defendants position will be that such an order would be too late because the 2024 election would be "imminent."[1] This is because Defendants claim that the State would need one month after a liability determination to consider whether to adopt a remedial plan and, thereafter, this Court would need to approve and order a remedial plan at least one month before the November 2023 candidate filing deadline. In sum, Defendants assert that this Court must enter any potential orders affecting the November 2024 elections no later than September 2023—over fourteen months before the election—or else any such order will be too close in time to the elections for Defendants to implement any changes to the congressional map.

9. Although the *Milligan* and *Caster* Plaintiffs disagree with Defendants' interpretation of *Purcell*, the risk that Defendants' position may be adopted by a court requires the *Milligan* and *Caster* Plaintiffs to put forward a schedule that builds in a significant amount of time for the litigation to be complete before the next election cycle.

10. The Supreme Court's decision on the preliminary injunction will certainly inform and may control this Court's ultimate review of the VRA claims at trial. However, Defendants' position on timeliness of any rulings makes it unfair and

---

[1] Ala. Sec'y of State, Alabama Election Cycle Calendar 2016 to 2030, *available at* https://www.sos.alabama.gov/sites/default/files/voter-pdfs/election-calendar/Alabama Election Chart 2016-2030.pdf.

4

prejudicial to the *Milligan* and *Caster* Plaintiffs not to proceed with discovery and other matters to ensure that this case is ready for trial as soon as practicable in 2023.

11. Under applicable law, the Supreme Court's jurisdiction over Defendants' interlocutory appeal of the preliminary injunction ruling "does not defeat the power of the trial court to proceed further with the case." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3921.2, at 53 (2d ed. 1996); *accord Ex parte National Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906); *Scott v. Roberts*, 612 F.3d 1279, 1298 (11th Cir. 2010).

12. Moreover, as this Court is aware, *Milligan* Plaintiffs have a racial gerrymandering claim, which is "analytically distinct" from their vote dilution claim under the VRA. *Miller v. Johnson*, 515 U.S. 900, 911 (1995). Thus, the Supreme Court's decision and review of this Court's preliminary injunction ruling as to *Milligan* Plaintiffs' VRA claim will change neither the facts nor law by which this Court decides the racial gerrymandering claim. Indeed, in recent years, the Supreme Court has repeatedly clarified the racial gerrymandering standard. *See, e.g.*, *North Carolina v. Covington*, 138 S. Ct. 2548 (2018); *Cooper v. Harris*, 137 S. Ct. 1455 (2017); *Bethune-Hill v. Va. State Bd. of Elections*, 137 S. Ct. 788 (2017); *Ala. Legislative Black Caucus v. Alabama*, 575 U.S. 254 (2015). Just this week, the Supreme Court issued an opinion concerning Wisconsin's state maps that reaffirmed

the existing racial gerrymandering standard. *See Wisc. Legislature v. Wisc. Elections Comm'n*, No. 21A471, __ U.S. __, 2022 WL 851720, at *2 (U.S. Mar. 23, 2022).

13. For the forgoing reasons, Plaintiffs respectfully request a status conference to discuss the trial schedule and any other related matters in this case.

DATED this 28th day of March 2022.   Respectfully submitted,

| | |
|---|---|
| */s/ Deuel Ross* | */s/ Sidney M. Jackson* |
| Deuel Ross* | Sidney M. Jackson (ASB-1462-K40W) |
| NAACP LEGAL DEFENSE & | Nicki Lawsen (ASB-2602-C00K) |
|    EDUCATIONAL FUND, INC. | WIGGINS CHILDS PANTAZIS |
| 700 14th Street N.W. Ste. 600 |    FISHER & GOLDFARB, LLC |
| Washington, DC 20005 | 301 19th Street North |
| (202) 682-1300 | Birmingham, AL 35203 |
| dross@naacpldf.org | Phone: (205) 341-0498 |
| | sjackson@wigginschilds.com |
| Leah Aden* | nlawsen@wigginschilds.com |
| Stuart Naifeh* | |
| Kathryn Sadasivan^ (ASB-517-E48T) | */s/ Davin M. Rosborough* |
| NAACP LEGAL DEFENSE & | Davin M. Rosborough* |
|    EDUCATIONAL FUND, INC. | Julie Ebenstein* |
| 40 Rector Street, 5th Floor | AMERICAN CIVIL LIBERTIES |
| New York, NY 10006 | UNION FOUNDATION |
| (212) 965-2200 | 125 Broad St. |
| laden@naacpldf.org | |
| snaifeh@naacpldf.org | New York, NY 10004 |
| ksadasivan@naacpldf.org | (212) 549-2500 |
| | drosborough@aclu.org |
| Shelita M. Stewart* | jebenstein@aclu.org |
| Jessica L. Ellsworth* | |
| HOGAN LOVELLS US LLP | */s/ LaTisha Gotell Faulks* |
| 555 Thirteenth Street, NW | LaTisha Gotell Faulks (ASB-1279-I63J) |
| Washington, D.C. 20004 | Kaitlin Welborn** |
| (202) 637-5600 | AMERICAN CIVIL LIBERTIES UNION |
| shelita.stewart@hoganlovells.com | OF ALABAMA |
| | P.O. Box 6179 |
| | Montgomery, AL 36106-0179 |

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

(334) 265-2754
tgfaulks@aclualabama.org
kwelborn@aclualabama.org

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com


*Attorneys for Plaintiffs*

Janette Louard**
Anthony Ashton**
Anna Kathryn Barnes**
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
(NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiff Alabama State Conference of the NAACP*

\* Admitted *Pro hac vice*

7

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which provides electronic notice of filing to all counsel of record.

This the 28th day of March 2022.

*/s/ Deuel Ross*
COUNSEL FOR PLAINTIFFS