IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> WES ALLEN, et al., <br><br> *Defendants*. | No. 2:21-cv-01530-AMM |
| MARCUS CASTER, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> WES ALLEN, et al., <br><br> *Defendants*. | No. 2:21-cv-01536-AMM |

**MILLIGAN/CASTER PLAINTIFFS'**
**JOINT MOTION FOR ENTRY OF REMEDIAL SCHEDULING ORDER**

All Plaintiffs in the above captioned cases respectfully move the Court to enter the attached proposed scheduling order. Defendants Secretary Wes Allen, Senator Steve Livingston, and Representative Chris Pringle oppose this motion.

In support of this motion, Plaintiffs state the following:

1

**THE PRELIMINARY INJUNCTION**

1. On January 24, 2022, the three-judge court in *Singleton* and *Milligan*, and the single judge in *Caster*, "PRELIMINARILY ENJOIN[ED] Secretary Merrill from conducting any congressional elections according" to Alabama's 2021 redistricting plan for its seven seats in the United States House of Representatives ("the Plan," or "HB1"). *Milligan*, Doc. 107 at 5.

2. The Court found that the "appropriate remedy is a congressional redistricting plan that includes either an additional majority-Black congressional district, or an additional district in which Black voters otherwise have an opportunity to elect a representative of their choice." *Id*.

3. The Court acknowledged that the Alabama "Legislature enjoys broad discretion and may consider a wide range of remedial plans." *Id*. at 6. Nonetheless, the Court instructed that, "[a]s the Legislature considers such plans, it should be mindful of the practical reality, based on the ample evidence of intensely racially polarized voting adduced during the preliminary injunction proceedings, that any remedial plan will need to include two districts in which Black voters either comprise a voting-age majority or something quite close to it." *Id*.; *see also id*. at 213 (this Court agreeing that "any remedial plan will need to include two districts in which Black voters either comprise a voting-age majority or something quite close to it").

4. On February 7, 2022, the Supreme Court of the United States stayed the preliminary injunction pending appeal. *Merrill v. Milligan*, 142 S. Ct. 879 (2022)

5. On June 8, 2023, the Supreme Court affirmed the preliminary injunction. *Allen v. Milligan*, 599 U.S. ___ (2023). On June 12, the Court vacated its stay, thereby restoring the preliminary injunction against HB1 and requiring the adoption of a new remedial map to satisfy § 2 of the Voting Rights Act ("VRA").

**THE REQUIRED REMEDIAL PROCESS**

6. Where, as here, a federal court enjoins a state redistricting map, the state legislature is entitled to the first opportunity to enact a remedial plan. *See N. Carolina v. Covington*, 138 S. Ct. 2548, 2550 (2018). But the Court "properly retain[s] jurisdiction" over the existing litigation to evaluate the Legislature's proposed remedy.[1] *Id*. at 2553. This Court has "its own duty to cure illegally gerrymandered districts through an orderly process in advance of elections." *Id*. As the Supreme Court held in *Covington*, where redistricting plaintiffs contend that a legislature's new district lines are "mere continuations of the old, gerrymandered districts," the plaintiffs' "claims remain[] the subject of a live dispute, and the District Court properly retain[s] jurisdiction." *Id.*; *see also Harris v. McCrory*, No.

---

[1] "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Service Employees*, 567 U.S. 298, 307 (2012) (holding that a case was not moot where the propriety of the remedy was at issue); *see also Naturist Soc'y, Inc. v. Fillyaw*, 958 F.2d 1515, 1520 (11th Cir. 1992) ("Where a superseding statute leaves objectionable features of the prior law substantially undisturbed, the case is not moot.").

1:13-cv-949, 2016 WL 3129213, at *1 (M.D.N.C. June 2, 2016) (three-judge court) (retaining jurisdiction after a legislature passed a remedial plan and setting a briefing schedule to allow the plaintiffs to challenge the lawfulness of the remedial plan).

7. As a part of that process, the Court must "look to the matter of whether the redistricting plan, whether adopted by legislative processes or proposed to be adopted and ordered by the court, will continue in effect an existent denial of access to the minority." *Kirksey v. Bd. of Supervisors of Hinds Cty.*, 554 F.2d 139, 143 (5th Cir. 1977) (en banc) (1977).[2] Because "any proposal to remedy a Section 2 violation must itself conform with Section 2," the Court "should exercise its traditional equitable powers to fashion the relief so that it *completely* remedies the prior dilution of minority voting strength and *fully* provides equal opportunity for minority citizens to participate and to elect candidates of their choice." *Dillard v. Crenshaw Cty.*, 831 F.2d 246, 252 (11th Cir. 1987) (quoting S. Rep. No. 97-417, at 31[3]).

8. If the Court finds that the Legislature's remedial plan fails to cure the identified violation, the Court must adopt its own remedial plan with input from Plaintiffs. *See, e.g., Covington*, 138 S. Ct. at 2553-54 (rejecting a legislatively enacted redistricting remedial plan that perpetuated discrimination and adopting a

---

[2] The en banc Eleventh Circuit adopted as binding precedent all decisions rendered by the Fifth Circuit prior to close of business on September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).
[3] The Senate Report is the "authoritative source" for interpreting § 2. *Thornburg v. Gingles*, 478 U.S. 30, 44 n.7 (1986); *accord Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2333 (2021).

court-ordered remedy); *Clinton v. Jeffers*, 498 U.S. 1019 (1991) (mem.), *aff'g* 756 F. Supp. 1195, 1199 (E.D. Ark. 1990) (same); *Dillard*, 831 F.2d at 252 (same); *Kirksey*, 554 F.2d at 148-52 (same); *Jacksonville Branch of NAACP v. Jacksonville*, No. 3:22-CV-493, 2022 WL 17751416, at *21 (M.D. Fla. Dec. 19, 2022) (same); *United States v. Osceola Cty.*, 474 F. Supp. 2d 1254, 1258 (M.D. Fla. 2006) (same).

9. Moreover, this Court has the inherent authority to enforce its own injunction. *See generally In re McLean*, 794 F.3d 1313, 1319 (11th Cir. 2015). The Court's preliminary injunction requires the Legislature to adopt "a congressional redistricting plan that includes either an additional majority-Black congressional district, or an additional district in which Black voters otherwise have an opportunity to elect a representative of their choice." *Milligan*, Doc. 107 at 5. If the Legislature fails to comply with this injunction, the Court may adopt its own appropriate remedy.

**THE PROPOSED REMEDIAL SCHEDULE**

10. Given the forgoing precedent, Plaintiffs respectfully request that the Court enter Plaintiffs' proposed remedial schedule. The proposed schedule gives the Legislature the opportunity to devise a remedial map on or before July 21, 2023. Defendants then have until July 26 at the latest to file a brief and evidence in support of any legislative proposal. And, on August 2, all Plaintiffs will have the opportunity to file a response, including objections to the legislative proposal and/or Plaintiffs'

own alternative remedial plans for the Court's consideration. If necessary, the Court may conduct a hearing on the remedial plans during the week of August 14, 2023.

11. Defendants have consistently maintained that any remedial map must be in place by October 1, 2023 at the latest (i.e., a month before the November 10 candidate filing deadline). *See Milligan*, Doc. 162 at 7. Consistent with Defendants' concerns about the timing of a remedy, this schedule offers the Court sufficient time to review any legislatively enacted proposal; consider the responses or alternative remedies from Plaintiffs; independently evaluate these remedies; and, if necessary, hold a hearing or devise its own map well before Defendants' October 1 deadline.

12. Accordingly, Plaintiffs respectfully request that the Court grant their motion.

DATED this 15th day of June 2023.      Respectfully submitted,

*/s/ Deuel Ross*
Deuel Ross*
Tanner Lockhead*
NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Leah Aden*
Stuart Naifeh*
Ashley Burrell
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter
NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

Shelita M. Stewart*
Jessica L. Ellsworth*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
shelita.stewart@hoganlovells.com

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

*/s/ Sidney M. Jackson*
Sidney M. Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS
   FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
Phone: (205) 341-0498
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

*/s/ Davin M. Rosborough*
Davin M. Rosborough*
Julie Ebenstein*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org

*/s/ LaTisha Gotell Faulks*
LaTisha Gotell Faulks (ASB-1279-I63J)
AMERICAN CIVIL LIBERTIES UNION
OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
tgfaulks@aclualabama.org
kwelborn@aclualabama.org

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

*Attorneys for Milligan Plaintiffs*

Janette Louard*
Anthony Ashton*
Anna Kathryn Barnes*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
(NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiff Alabama State Conference of the NAACP*

* Admitted *Pro hac vice*

*/s/ Abha Khanna*
Abha Khanna*
**Elias Law Group LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Phone: (206) 656-0177
Email: AKhanna@elias.law

Lalitha D. Madduri*
Joseph N. Posimato*
Olivia N. Sedwick*
**Elias Law Group LLP**
250 Massachusetts Ave, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Email: LMadduri@elias.law
Email: JPosimato@elias.law
Email: OSedwick@elias.law

Richard P. Rouco
(AL Bar. No. 6182-R76R)
**Quinn, Connor, Weaver, Davies & Rouco LLP**
Two North Twentieth
2-20th Street North, Suite 930
Birmingham, AL 35203
Phone: (205) 870-9989
Fax: (205) 803-4143
rrouco@qcwdr.com

*Attorneys for Caster Plaintiffs*
**Admitted Pro Hac Vice*