IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Bobby Singleton** *et al.*, <br><br>  Plaintiffs, <br><br> vs. <br><br> **Wes Allen**, in his official capacity as Secretary of State of Alabama, *et al.*, <br><br>  Defendants. | Case No. 2:21-cv-1291-AMM <br><br> Three-Judge Court |
| **Evan Milligan** *et al.*, <br><br>  Plaintiffs, <br><br> vs. <br><br> **Wes Allen**, in his official capacity as Secretary of State of Alabama, *et al.*, <br><br>  Defendants. | Case No. 2:21-cv-1530-AMM <br><br> Three-Judge Court |

## [Proposed] Complaint In Intervention

## Nature of the Case

1. This is an action under Section 2 of the Voting Rights Act and the Fourteenth Amendment challenging Alabama's 2021 congressional redistricting plan.

2. The plaintiff-intervenor is the Alabama Democratic Conference ("ADC"), a political organization founded in 1960 to advance the interests of Black Alabamians. The ADC alleges the plan violates Section 2 by diluting Black voting strength. The ADC also alleges that the plan violates the Fourteenth Amendment because it is racially gerrymandered. It seeks declaratory and injunctive relief prohibiting its use in future elections.

## Jurisdiction and Venue

3. This Court has original jurisdiction over this case under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1357, and 2201(a), and 52 U.S.C. § 10308(f).

4. The Court also has jurisdiction under 42 U.S.C. §§ 1983 and 1988.

5. A three-judge district court is required under 28 U.S.C. § 2284(a).

6. Venue is proper in this Court under 28 U.S.C. §§ 81(a)(3) and 1391(b).

## Parties

7. The ADC is a political organization founded in 1960 to advance the interests of Black Alabamians. It has members in every congressional district and almost every county in the State. Among other things, the organization engages in voter registration, voter education, lobbying, and the endorsement of candidates for political office. The ADC has been an active participant in the Alabama redistricting process for decades.

8. Defendant Wes Allen is the Secretary of State of the State of Alabama. He is the chief election official of the State of Alabama and is responsible for administering elections for members of Congress in Alabama. He is sued in his official capacity only.

9. Defendants Steve Livingston and Chris Pringle are co-chairs of the Alabama Permanent Legislative Committee on Reapportionment. They are sued in their official capacities only.

## Background

10. Following the release of the 2020 Census, the Alabama Legislature enacted a new redistricting plan for electing the State's congressional delegation.

11. Alabama Governor Kay Ivey signed the plan into law on November 4, 2021.

12. The 2021 plan contains one majority-Black district and six majority-White districts.

13. Race was the predominant factor in drawing Districts 1, 2, and 3.

14. Districts 1, 2, and 3 intentionally fragment concentrations of Black voters in Alabama's Black Belt.

15. The Legislature's use of race in drawing Districts 1, 2, and 3 was not narrowly tailored to comply with Section 2 or any other compelling governmental interest.

16. According to the 2020 Census, Black Alabamians constitute 27.2 percent of the State's total population and 25.9 percent of the State's voting-age population.

17. Black Alabamians are sufficiently numerous and geographically compact to constitute a majority in two single-member congressional districts.

18. Black voters in Alabama are politically cohesive.

19. A White majority votes sufficiently as a bloc to enable it—in the absence of special circumstances—usually to defeat the candidates preferred by Black voters in Alabama.

20. The State of Alabama has a long and extensive history of voting discrimination against Black residents.

21. Voting in Alabama is polarized along racial lines.

22. Black Alabamians bear the effects of discrimination in such areas as housing, employment, and health, which hinder their ability to participate effectively in the political process.

23. Political campaigns in Alabama are characterized by the use of racial appeals.

24. Black Alabamians are underrepresented in public office.

25. The Alabama Legislature is unresponsive to the particularized needs of Black Alabamians.

## Claim One

26. Alabama's 2021 congressional redistricting plan dilutes Black voting strength in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301.

## Claim Two

27. Alabama's 2021 congressional redistricting plan is a racial gerrymander that violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Relief

28. A real and actual controversy exists between the parties.

29. The plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

30. The plaintiffs are suffering irreparable harm as a result of the violation complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiff-intervenors respectfully pray that this Court:

(1) take original jurisdiction over this case;

(2) enter a declaratory judgment that Alabama's 2021 congressional redistricting plan dilutes Black voting strength in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and the Fourteenth Amendment to the United States Constitution;

(3) enjoin the Secretary of State from administering any future elections using the unlawful plan;

(4) order the Secretary of State to administer future elections for members of Congress using a redistricting plan that complies with Section 2 of the Voting Rights Act and the United States Constitution;

(5) award the plaintiff-intervenors the costs of this action together with their reasonable attorneys' fees and expenses under 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988; and

(6) retain jurisdiction of this action and grant the plaintiff-intervenors any further relief which may in the discretion of the Court be necessary and proper.

Respectfully submitted this ___th day of July, 2023.

_____
Mark Sabel (SAB004)
Sabel Law Firm, LLC
P.O. Box 231348
Montgomery, AL 36123
Phone: (334) 546-2161
Email: mksabel@mindspring.com

Bryan L. Sells*
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

* Application for admission *Pro Hac Vice* forthcoming

*Attorneys for the Proposed Plaintiff-Intervenors*