UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVAN MILLIGAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:21-cv-01530-AMM |
| | ) | |
| WES ALLEN, | ) | **THREE-JUDGE COURT** |
| Secretary of State of Alabama, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BOBBY SINGLETON, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 2:21-cv-01291-AMM |
| | ) | |
| WES ALLEN, in his official | ) | **THREE-JUDGE COURT** |
| capacity as Alabama Secretary of State, | ) | |
| *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE (DOC. 175)**

Defendants (Secretary of State Wes Allen, Senator Steve Livingston, and Representative Chris Pringle) respectfully submit this opposition to the Motion to Intervene (doc. 175) filed by the Alabama Democratic Conference ("ADC").

ADC seeks to intervene at this late stage because, they say, "denial of intervention here would impair the movants' ability to protect their interest in a

1

lawful redistricting plan," and "[n]one of the existing plaintiffs has yet proposed a remedial plan that is favored by the ADC." Doc. 175 at 7. ADC's motion should be denied because it is untimely. Further, it should be denied because ADC's interests "in a lawful redistricting plan" are already represented, because adding additional parties at this late stage will complicate any remaining proceedings and likely prejudice the existing parties, and because ADC has other opportunities to advocate for a plan that it "favors."

To intervene as a matter of right, a party must show (among other factors) that the motion to intervene is timely and that the party's interest in the action is inadequately represented by the existing parties. *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002). Untimeliness is grounds to deny permissive intervention as well. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). To assess the timeliness of the motion, a court should consider four factors:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983).

ADC argues that no party has yet proposed a plan that ADC "favors," pointing specifically to the fact that the *Singleton* Plaintiffs "proposed a remedial plan that

2

results in zero majority-Black districts." Doc. 175 at 7. But that's old news. The *Singleton* Plaintiffs have maintained that position throughout this yearslong litigation, supporting a plan with one district that is 40.55% BVAP, and one district that is 45.82% BVAP. *Singleton* doc. 55 at 30. What's more, ADC knew or should have known long ago that the *Milligan* Plaintiffs likewise took the position (or at least did until the last few weeks) that a plan without majority-black districts could be an acceptable "remedial plan." Plaintiff Milligan "spoke favorably" about the *Singleton* "whole county" plan before the Legislature in September 2021. PI Hearing Tr. Vol I p. 134. And the *Milligan* Plaintiffs told the Supreme Court that the *Singleton* plan would be an acceptable remedy:

> Here, the district court gave Alabama the option to adopt its own plan that created two crossover (rather than majority-minority) districts. MSA6; *cf. Lawyer* [*v, Dept. of Justice*, 521 U.S. 567, 575 (1997)] (approving a remedial crossover district where "all candidates, regardless of race," would have "'a fair chance to win and the usual risk of defeat'"). The *Singleton* Plan, which splits no counties, keeps Mobile and Baldwin together, and raised no racial predominance concerns, is one option.

*Milligan* Supreme Court Brief at 44-45.

For their part, the *Caster* Plaintiffs have likewise taken the position that a remedy does not require majority-black districts. They argued to the Supreme Court that "the remedy for a §2 violation entails no predetermined, 'non-negotiable' racial target. A §2 remedy can be any plan that gives the minority group the *opportunity* to

3

elect its favored candidate." *Caster* Supreme Court Brief at 26 (emphasis in original) (quotation marks and citations omitted). They said as well,

> Even where §2 claims succeed, states are not held to *Gingles*'s evidentiary requirement in enacting a remedial plan. [*Shaw v. Hunt*, 517 U.S. 899, 917 n.9 (1996)] (§2 plaintiffs have no "right to be placed in a majority-minority district once a violation of the statute is shown"). Rather, states "retain broad discretion in drawing districts to comply with the mandate of § 2." *Id.* That will not necessarily require the creation of a majority-minority district: "[Section] 2 allows states to choose their own method of complying with the" VRA, which "may include drawing crossover districts."

*Caster* Supreme Court Brief at 53

Thus, ADC knew or should have known long ago that two of the three groups of Plaintiffs have advocated for the *Singleton* plan that does not contain a majority-black district, and that all Plaintiffs in this case have taken the position that a remedial map does not require a majority-black district.

Moreover, as ADC notes, "[t]his case challenges the congressional redistricting plan adopted by the State of Alabama in 2021," doc. 175 at 3, but that plan may be repealed by the end of this week. ADC could hardly be tardier in its challenge to the law, and its motion to intervene is therefore untimely.

The motion to intervene should also be denied because ADC's interests are already represented. Each plaintiff group is represented by accomplished civil rights lawyers. This case includes the Alabama NAACP, the NAACP Legal Defense Fund, Greater Birmingham Ministries, and individual plaintiffs who lead or are involved

4

with other organizations with similar missions and interests. ADC's interest in a lawful plan is well represented.

In addition, allowing intervention at this late date risks bogging down any future proceedings and prejudicing the existing parties. Of course, the Legislature has not yet completed its special session and thus it is too soon to tell if there will be any need for additional proceedings in these cases afterwards. But *if* there are further proceedings, it would disrupt those proceedings to introduce new parties who were not part of the preliminary injunction proceedings and are unfamiliar with the record. Plus, if ADC is allowed to intervene because it does not favor the plaintiffs' plans, how many other groups and individuals will be entitled to join one (or more) of these cases?[1]

Finally, ADC can advocate for its favored plan even if it is not allowed to intervene. In fact, it has done so. Joe Reed has touted his plan at both public hearings this month and the ADC plan has been introduced for consideration at the special session this week. And in the event there is a need for the Court to choose a plan, Defendants see no reason why there cannot be a means for interested parties to propose plans to the special master.

---

[1] Intervention could also lead to motions practice on ADC's proposed complaint in intervention (doc. 175-1). There is reason to doubt that ADC's barebones recitations of the elements of causes of action satisfy the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

with other organizations with similar missions and interests. ADC's interest in a lawful plan is well represented.

In addition, allowing intervention at this late date risks bogging down any future proceedings and prejudicing the existing parties. Of course, the Legislature has not yet completed its special session and thus it is too soon to tell if there will be any need for additional proceedings in these cases afterwards. But *if* there are further proceedings, it would disrupt those proceedings to introduce new parties who were not part of the preliminary injunction proceedings and are unfamiliar with the record. Plus, if ADC is allowed to intervene because it does not favor the plaintiffs' plans, how many other groups and individuals will be entitled to join one (or more) of these cases?[1]

Finally, ADC can advocate for its favored plan even if it is not allowed to intervene. In fact, it has done so. Joe Reed has touted his plan at both public hearings this month and the ADC plan has been introduced for consideration at the special session this week. And in the event there is a need for the Court to choose a plan, Defendants see no reason why there cannot be a means for interested parties to propose plans to the special master.

---

[1] Intervention could also lead to motions practice on ADC's proposed complaint in intervention (doc. 175-1). There is reason to doubt that ADC's barebones recitations of the elements of causes of action satisfy the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For all these reasons, the Motion to Intervene should be denied.

Respectfully Submitted,

Steve Marshall
 *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
 *Solicitor General*

/s/ James W. Davis
James W. Davis (ASB-4063-I58J)
 *Deputy Attorney General*

A. Barrett Bowdre (ASB-2087-K29V)
 *Deputy Solicitor General*

Misty S. Fairbanks Messick (ASB-1813-T71F)
Brenton M. Smith (ASB-1656-X27Q)
A. Reid Harris (ASB-1624-D29X)
Benjamin M. Seiss (ASB-2110-O00W)
 *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

**Counsel for Secretary Allen**

s/ *Dorman Walker* (with permission)
Dorman Walker (ASB-9154-R81J)
BALCH & BINGHAM LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 269-3138
Email: dwalker@balch.com

***Counsel for Sen. Livingston and Rep. Pringle***

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2023, I filed the foregoing using the Court's CM/ECF system, which will serve all counsel of record.

/s/ James W. Davis
*Counsel for Secretary Allen*