FILED

2023 Aug-01  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA


# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BOBBY SINGLETON,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:21-cv-1291-AMM** |
| | ) | |
| **WES ALLEN,** *in his official* | ) | |
| *capacity as Secretary of State of* | ) | **THREE-JUDGE COURT** |
| *Alabama, et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **EVAN MILLIGAN,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:21-cv-1530-AMM** |
| | ) | |
| **WES ALLEN,** *in his official* | ) | **THREE-JUDGE COURT** |
| *capacity as Secretary of State of* | ) | |
| *Alabama, et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

Before MARCUS, Circuit Judge, MANASCO and MOORER, District Judges.

BY THE COURT:

MARCUS CASTER, *et al.*,            )
                                    )
   **Plaintiffs,**                  )
                                    )
v.                                  )        **Case No.: 2:21-cv-1536-AMM**
                                    )
WES ALLEN, *in his official*        )
*capacity as Alabama Secretary of*  )
*State*, *et al.*,                  )
                                    )
   **Defendants.**                  )

## OMNIBUS ORDER

These congressional redistricting cases are before the Court on several pending motions. In 2022, this Court preliminarily enjoined the Secretary of State from conducting elections using the 2021 congressional districting plan enacted by the Alabama Legislature ("the 2021 Plan") upon finding that the 2021 Plan likely violated Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 ("Section Two"). *See Singleton* Doc. 88; *Milligan* Doc. 107; *Caster* Doc. 101.

On June 8, 2023, the Supreme Court affirmed that preliminary injunction in all respects. *See Allen v. Milligan*, 143 S. Ct. 1487, 1498 (2023). The Defendants requested that the Court allow the Alabama Legislature an opportunity to enact a remedial plan before imposing a court-ordered remedial plan. The Court delayed commencing remedial proceedings for thirty days to afford the Legislature that opportunity.

On July 21, 2023, the Legislature approved and Governor Ivey signed into law a new congressional districting map ("the 2023 Plan"). All Plaintiffs timely objected to the 2023 Plan as an insufficient remedy for the likely Section Two violation found by this Court and affirmed by the Supreme Court. *See Singleton* Doc. 147 (objecting to the 2023 Plan on constitutional grounds only); *Milligan* Doc. 200 (objecting to the 2023 Plan on constitutional grounds and statutory grounds); *Caster* Doc. 179 (objecting to the 2023 Plan on statutory grounds only).

On July 31, 2023, the Court held a status conference to discuss (1) a motion filed by the *Milligan* and *Caster* Plaintiffs to clarify the role of the *Singleton* Plaintiffs in upcoming remedial proceedings, *Milligan* Doc. 188, (2) a motion for preliminary injunctive relief by the *Singleton* Plaintiffs, *Singleton* Doc. 147, and (3) the next steps to be taken in these proceedings. Also on July 31, 2023, Jarmal Jabbar Sanders filed a motion to intervene in *Milligan*. *Milligan* Doc. 202.

The Court **ORDERS** as follows:

1.      The Court **SETS** the *Milligan* and *Caster* Plaintiffs' objections, *see Milligan* Doc. 200; *Caster* Doc. 179, for an **IN-PERSON** hearing to commence at **9:00 A.M. CDT** on **AUGUST 14, 2023,** in the Special Proceedings Courtroom of the Hugo L. Black United States Courthouse in Birmingham, Alabama.

2.      So that they may properly prepare their evidence and argument, the parties are **ADVISED** that this remedial hearing will be limited in scope. More

particularly, it will be limited to the essential question whether the 2023 Plan complies with the order of this Court, affirmed by the Supreme Court, and with Section Two of the Voting Rights Act.

Although the parties may rely on evidence adduced in the original preliminary injunction proceedings conducted in January 2022 to establish their assertions that the 2023 Plan is or is not a sufficient remedy for the Section Two violation found by this Court and affirmed by the Supreme Court, this remedial hearing will not relitigate the issue of that likely Section Two violation.

The limitation of the remedial hearing to the remedial issues follows applicable binding Supreme Court precedent and is consistent with the nature of remedial proceedings in other redistricting cases. *See, e.g.*, *North Carolina v. Covington*, 138 S. Ct. 2348 (2018) (per curiam); *GRACE, Inc. v. City of Miami*, No. 22-cv-24066, 2023 WL 4602964, 2023 U.S. Dist. LEXIS 126332 (S.D. Fla. July 18, 2023); *Jacksonville Branch of the NAACP v. City of Jacksonville*, No. 22-cv-493, 2022 WL 17751416, 2022 U.S. Dist. LEXIS 227920 (M.D. Fla. Dec. 19, 2022).

Indeed, it would be unprecedented for this Court to relitigate the likely Section Two violation during these remedial proceedings, and the Court will not do so. We are not at square one in these cases. Regardless, the Plaintiffs bear the burden to establish that the 2023 Plan does not remedy the likely Section Two violation that this Court found and the Supreme Court affirmed.

Finally, this manner of proceeding is consistent with the Defendants' request that the Court conduct remedial proceedings at this time and delay any final trial on the merits of the Section Two violation until after the 2024 election. *Milligan* Doc. 172 at 30–37, 53; *Caster* Doc. 160 at 30–37, 53.

3.      Because the scope of the remedial hearing is limited, the constitutional claims of the *Singleton* Plaintiffs will not be at issue in that hearing. The *Singleton* Plaintiffs only assert that the 2023 Plan violates the Equal Protection Clause of the Fourteenth Amendment. Accordingly, the claims of the *Singleton* Plaintiffs will not be heard in that remedial hearing, and the *Singleton* Plaintiffs may not participate in it as a party. If, however, the Court determines that the 2023 Plan does not remedy the likely Section Two violation the Court previously identified, then the *Singleton* Plaintiffs will be afforded the opportunity to submit remedial maps for the Special Master to consider and to otherwise participate in proceedings before the Special Master to the same degree as the *Milligan* and *Caster* Plaintiffs.

4.      During the remedial hearing, the Court will consider all evidence admitted as to either *Milligan* or *Caster*, including evidence admitted during the January 2022 preliminary injunction hearing, in both cases unless counsel raises a specific objection. The Court proceeds in this manner based on the agreement of the parties stated in the July 31, 2023 status conference. We proceeded in this manner

during the preliminary injunction proceedings based on an earlier stipulation to the same effect. *Caster* Doc. 74.

5. The *Singleton* Plaintiffs' motion for preliminary injunctive relief, *Singleton* Doc. 147, which requests that this Court enjoin Secretary Allen from conducting the 2024 election with the 2023 Plan, is **SET** for an **IN-PERSON** hearing in the Special Proceedings Courtroom of the Hugo L. Black United States Courthouse in Birmingham, Alabama, to commence immediately upon the conclusion of the remedial hearing.

6. The Defendants recently asserted that because the Legislature enacted a remedial plan (the 2023 Plan) after the Supreme Court affirmed this Court's preliminary injunction, the Court should require the Plaintiffs to amend their complaints to assert any claims they may have about that remedial plan before the upcoming hearings. The Court will not impose that requirement. The Defendants do not request a delay in the upcoming hearings, which were set based on dates jointly proposed by the parties in the light of the well-documented exigencies surrounding these proceedings, to accommodate their request for amended pleadings. The *Milligan* and *Caster* Plaintiffs have filed detailed objections to the 2023 Plan as a remedy for the likely Section Two violation earlier found by this Court, reciting the nature and bases of their claims, the evidential foundation supporting their claims, and the nature of the relief they seek. The *Singleton* Plaintiffs, in turn, have filed a

motion to preliminarily enjoin the 2023 Plan as constitutionally infirm, laying out the nature of their claims and the relief they seek. The Defendants do not suggest that they lack notice or understanding of the nature and substance of any Plaintiff's attack on the 2023 Plan, nor could they fairly do so. Further, requiring amended pleadings would be inconsistent with the remedial nature of the upcoming hearing. Accordingly, the Court will not direct any set of Plaintiffs to amend their complaint. Nevertheless, any set of Plaintiffs wishing to supplement their complaint to reflect the passage of the 2023 Plan or otherwise, *see* Fed. R. Civ. P. 15(d), is **PERMITTED** to do so if they wish at any time on or before **FRIDAY, AUGUST 4, 2023.**

7.    So that they may plan for the upcoming hearings, the Court **ADVISES** Counsel for all parties that this Court will recess (or adjourn, if appropriate) not later than **1:00 P.M. CDT** on **FRIDAY, AUGUST 18, 2023**. To the extent necessary to conclude the proceedings, the Court will resume at **9:00 A.M. CDT** on **MONDAY**, **AUGUST 21, 2023**.

8.    All parties are **DIRECTED** to file, within **THREE (3) CALENDAR DAYS** after the conclusion of their respective hearings, proposed findings of fact and conclusions of law.

9.    The motion of Jarmal Jabbar Sanders to intervene in *Milligan* is **DENIED**. *Milligan* Doc. 202. The cursory motion does not assert any basis for

7

intervention as of right or by permission under Federal Rule of Civil Procedure 24.

We are acutely aware of the exigent nature of these proceedings. Based on the arguments from all parties before and during the July 31, 2023 status conference, the Court finds this order of proceedings necessary "to secure the just, speedy, and inexpensive determination of" these actions. *See* Fed. R. Civ. P. 1.

Information for the media relevant to the forthcoming hearings is available on the Northern District of Alabama's website or at the below link:

https://www.alnd.uscourts.gov/information-journalistsmedia

**DONE** and **ORDERED** this 1st day of August, 2023.

_____
**STANLEY MARCUS**
UNITED STATES CIRCUIT JUDGE

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

_____
**TERRY F. MOORER**
UNITED STATES DISTRICT JUDGE

8