# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BOBBY SINGLETON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, in his official capacity as Alabama Secretary of State, <br><br> Defendant. | Case No. 2:21-cv-01291-AMM <br><br> THREE-JUDGE COURT |
| EVAN MILLIGAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, in his official capacity as Alabama Secretary of State, <br><br> Defendant. | Case No. 2:21-cv-01530-AMM <br><br> THREE-JUDGE COURT |
| MARCUS CASTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, in his official capacity as Alabama Secretary of State, <br><br> Defendant. | Case No.: 2:21-cv-1536-AMM |

**DEFENDANTS' MOTION TO CLARIFY ORDER (*MILLIGAN* DOC. 203)**

Defendants respectfully request clarification of this Court's August 1, 2023 Omnibus Order entered in the above-styled cases. *Milligan* doc. 203. Defendants seek clarification to determine whether the Court's order forecloses consideration of certain arguments and evidence Defendants intended to present. As explained below, if the only issue the Court intends to hear is how voters in the districts in the 2023 Plan will likely vote, Defendants do not see the need for an evidentiary hearing.

1. After the Supreme Court affirmed that the 2021 Plan contained a likely Section 2 violation, *Allen v. Milligan*, 14 S. Ct. 1487 (2023), the Defendants notified this Court that they "underst[ood] that the Alabama Legislature intend[ed] to enact a new congressional redistricting plan that w[ould] repeal and replace the 2021 Plan[,]" *Milligan* doc. 166 at 2, which would "be the governing law unless it, too, is challenged and found to violate federal law[,]" *id.* at 3 (internal citations and quotation marks omitted).

2. The Defendants have subsequently reiterated that the 2023 Plan should govern unless Plaintiffs show "that the new legislation violates § 2 'anew'" and at least a new preliminary injunction issues. *See Milligan* doc. 169 at 2-3 (quoting *McGhee v. Granville Cnty.*, 860 F.2d 110, 115 (4th Cir. 1988)). Defendants recognized that if the Legislature failed to enact a new law, there would not be a trial on the merits of the legality of the 2021 Plan in time to use that plan for the 2024 election. But they argued that "the question for the Court when a new map is passed

is whether … it fails to meet the same standards applicable to an original challenge of a Legislative plan in place." *Milligan* doc. 172 at 44. Only if the Legislature failed to enact a new plan would we move to a purely remedial process, rather than a preliminary injunction hearing related to a new law. *Id.* at 45.

3.      Thus, Defendants' understanding has always been that, assuming the Legislature enacts a new plan as they have with the 2023 Plan, the 2023 Plan remedies the likely § 2 violation unless Plaintiffs show that the 2023 Plan likely violates § 2.

4.      In their objections, the *Milligan* Plaintiffs appeared to conceive of the upcoming hearing in much the same way. They argued that "HB5 Fails to Completely Remedy the §2 Violation Because the Plan Itself Violates § 2 and Unlawfully Dilutes the Black Vote." *Milligan* doc. 200 at 16. They explained that, "[i]n evaluating a remedial proposal, the Court applies the same *Gingles* standard applied at the merits stage." *Id.* And they contended that "[i]n assessing a remedy, the Court should also examine the redistricting policies the Legislature relied upon to justify its" new plan. *Id.* at 20 (citing *Dillard*, 831 F.2d at 250-51). The *Milligan* Plaintiffs then presented new evidence that the ties between Mobile and Baldwin Counties are not that significant, *id.* at 21-23, in response to the 2023 Plan's new approach to communities of interest, which unifies the Black Belt while also maintaining communities of interest in the Gulf and Wiregrass.

5. By contrast, the *Caster* Plaintiffs have argued that even under a newly enacted plan, "what Section 2 entitles plaintiffs to" is "two districts" that are "effective for black voters." *Milligan* doc. 172 at 41. In their view, the only issue before the Court is whether the 2023 Plan contains two districts that are "effective for black voters," *id.*, and the 2023 Plan's "criteria and communities of interest have no bearing" on that question, *Caster* doc. 179 at 10.

6. In its Omnibus Order, this Court said that "the parties are ADVISED that this remedial hearing will be limited in scope." *Milligan* doc. 203 at 3. The "remedial hearing will not relitigate the issue of th[e] likely Section Two violation" of the 2021 Plan. *Id.* at 4. Rather, "it will be limited to the essential question whether the 2023 Plan complies with the order of this Court, affirmed by the Supreme Court, and with Section Two of the Voting Rights Act." *Id.*

7. Based on Defendants' understanding described above, Defendants expected to show that the 2023 Plan complies with § 2 and thus completely remedies the likely § 2 violation. And as in the remedial proceedings in *Dillard v. Crenshaw County*, that would involve "evidence" regarding whether "the new plan denies equal access to the political process," and thus whether there is a new likely "violation of Section 2." 831 F.2d 246, 250 (11th Cir. 1987).

8. Defendants' evidence would include showing that the 2023 Plan has remedied the "cracking" that Plaintiffs said was "the heart of" their challenge to the

4

2021 Plan. Milligan Appellees' Br. 5. Defendants would also show that the Plan "respect[s] majority-Black communities of interest like the Black Belt and Montgomery County," Milligan DE94:15, while also maintaining longstanding communities of interest in the Gulf and Wiregrass, about which extensive testimony and materials were submitted during the 2023 legislative process. That evidence would include documentary evidence as well as testimony (written, in person, or both) showing that the Gulf and Wiregrass are communities of interest. Defendants would also introduce evidence that Plaintiffs' alternative maps are not on par with the 2023 Plan when it comes to traditional redistricting principles. Finally, in light of *Allen*'s recognition that an illustrative plan must not cross the line "between [race] consciousness and predominance" and its emphasis on the treatment of the Black Belt as a nonracial community of interest based on Plaintiffs' arguments, *id.* at 1511-12 & n.5 (plurality op.), Defendants would provide additional evidence bearing on whether race would now predominate in Plaintiffs' alternative approaches, as illuminated by new arguments in Plaintiffs' objections and their plan presented to the 2023 Reapportionment Committee.

9.  Defendants' view is that such evidence would go to whether the 2023 Plan complies with § 2 and thus remedies the likely violation. It is our understanding though that Plaintiffs interpret the Omnibus Order to foreclose consideration of such argument and evidence as a relitigation of the likely violation in the 2021 Plan.

10. Defendants thus respectfully request clarification regarding whether the Court's order forecloses consideration of some or all such arguments and evidence. If so, that will affect the length of the upcoming hearing. Defendants note that such clarification will also assist the parties in estimating when the Court will likely take up the issues raised by the *Singleton* Plaintiffs, which the Court has said will not be considered until after the hearing concludes on the issues raised by the *Milligan* and *Caster* Plaintiffs.

11. If the only issue the Court wishes to hear is how voters in the districts in the 2023 map will likely vote, Defendants do not see the need for an evidentiary hearing. Defendants do not intend to put on evidence challenging the demographic or election numbers in the "performance" reports offered by the *Caster* Plaintiffs, *see Caster* doc. 179-2 (Palmer Report), or *Milligan* Plaintiffs, *see Milligan* doc. 200-2 (Liu Report). Defendants reserve the right to make arguments about the legal significance of those numbers, but do not intend to question the underlying data.

12. Defendants would still respectfully preserve all arguments and objections for appeal, if the hearing were to be limited to exclude arguments and evidence that Plaintiffs have not proven that the 2023 Plan is likely to violate § 2 and thus that the 2023 Plan should govern the 2024 elections. But Defendants can preserve such arguments in their upcoming written response to Plaintiffs' objections along with evidence attached in support of those arguments. At the August 14

hearing, Defendants would preserve objections to the limitation of arguments and evidence, and address any questions from the Court. But Defendants do not intend to burden the Court's time with evidence that it did not anticipate in light of its Omnibus Order, and for that reason respectfully seek the Court's clarification.

    Respectfully Submitted,

    Steve Marshall
     *Attorney General*

    /s/ Edmund G. LaCour Jr.
    Edmund G. LaCour Jr. (ASB-9182-U81L)
     *Solicitor General*

    James W. Davis (ASB-4063-I58J)
     *Deputy Attorney General*

    A. Barrett Bowdre (ASB-2087-K29V)
     *Deputy Solicitor General*

    Misty S. Fairbanks Messick (ASB-1813-T71F)
    Brenton M. Smith (ASB-1656-X27Q)
    Benjamin M. Seiss (ASB-2110-O00W)
     *Assistant Attorneys General*

    OFFICE OF THE ATTORNEY GENERAL
    STATE OF ALABAMA
    501 Washington Avenue
    P.O. Box 300152
    Montgomery, Alabama 36130-0152
    Telephone: (334) 242-7300
    Edmund.LaCour@AlabamaAG.gov
    Jim.Davis@AlabamaAG.gov
    Barrett.Bowdre@AlabamaAG.gov
    Misty.Messick@AlabamaAG.gov
    Brenton.Smith@AlabamaAG.gov
    Ben.Seiss@AlabamaAG.gov

    **Counsel for Secretary Allen**

s/ *Dorman Walker* (with permission)
Dorman Walker (ASB-9154-R81J)
BALCH & BINGHAM LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 269-3138
Email: dwalker@balch.com

*Counsel for Sen. Livingston and Rep. Pringle*

### CERTIFICATE OF SERVICE

I certify that on August 3, 2023, I electronically filed the foregoing notice with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Edmund G. LaCour Jr.
*Counsel for Secretary Allen*