# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, et al., *Plaintiffs*, v. WES ALLEN, in his official capacity as Alabama Secretary of State, *Defendant*. | Civil Action No.: 2:21-cv-01530-AMM THREE-JUDGE COURT |
| MARCUS CASTER, et al., *Plaintiffs*, v. WES ALLEN, in his official capacity as Alabama Secretary of State, *Defendant*. | Civil Action No.: 2:21-cv-01536-AMM |

**MOTION FOR LEAVE TO FILE BRIEF FOR THE NATIONAL REPUBLICAN REDISTRICTING TRUST AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS (*MILLIGAN* ECF NO. 220)**

Proposed *amicus curiae*, the National Republican Redistricting Trust ("NRRT"), respectfully submits this Motion for Leave to File a Brief as *Amicus Curiae* in Support of Defendants' Response to Plaintiffs' Objections (*Milligan* ECF No. 220). The proposed *amicus* brief accompanies this motion as Exhibit 1.

NRRT is the central Republican organization tasked with coordinating and collaborating with national, state, and local groups on the fifty-state congressional and state legislative redistricting efforts. NRRT's mission is threefold.

First, it aims to ensure that redistricting faithfully follows all federal constitutional and statutory mandates. Under Article I, § 4 of the U.S. Constitution, the State Legislatures are primarily entrusted with redrawing the States' congressional districts. *See Growe* v. *Emison*, 507 U.S. 25, 34 (1993). Every citizen should have an equal voice, and laws must be followed to protect the constitutional rights of individual voters, not political parties or other groups.

Second, NRRT believes redistricting should be conducted primarily by applying the traditional redistricting criteria States have applied for centuries. This means districts should be sufficiently compact and preserve communities of interest by respecting municipal and county boundaries, avoiding the forced combination of disparate populations as much as possible. Such sensible districts follow the principle that legislators represent individuals living within identifiable communities. Legislators do not represent political parties, and we do not have a

1

system of statewide proportional representation in any State. Article I, § 4 of the U.S. Constitution tells courts that any change in our community-based system of districts is exclusively a matter for deliberation and decision by our political branches—the State Legislatures and Congress.

Third, NRRT believes redistricting should make sense to voters. Each American should be able to look at their district and understand why it was drawn the way it was.

To advance these principles, NRRT regularly files *amicus* briefs in redistricting cases, including two briefs during the Supreme Court's prior consideration of this case. The ongoing proceedings here present issues of critical importance to NRRT, which believes that the Plaintiffs' objections to Alabama's 2023 Plan disregard the Supreme Court's precedents interpreting Section 2 of the Voting Rights Act. As explained more fully in the attached brief, the Supreme Court has repeatedly rejected the proposition that the Voting Rights Act requires states to adopt proportional or super-proportional representation (or so-called crossover districts with a certain level of supposed opportunity). These remedies elevate race above traditional districting principles.

Because NRRT can provide a unique vantage point into redistricting issues and precedents, its submission will materially help the Court as it decides how to move forward. For these reasons, the motion should be granted. *See, e.g., Mass.*

*Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers."); *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021) ("[C]ourts should welcome amicus briefs for one simple reason: '[I]t is for the honour of a court of justice to avoid error in their judgments.'"); *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) ("[I]t is preferable to err on the side of granting leave. If an amicus brief that turns out to be unhelpful is filed, the [Court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance.").

Respectfully submitted,                           DATE: August 9, 202


*/s/ Mateo Forero-Norena*
Mateo Forero-Norena
  Bar No. 1319A00G
HOLTZMAN VOGEL BARAN                              Christopher E. Mills*
  TORCHINSKY & JOSEFIAK PLLC                      SPERO LAW LLC
2300 N Street NW, Suite 643                       557 East Bay St. #22251
Washington, DC 20037                              Charleston, SC 29413
(202) 737-8808 (phone)                            (843) 606-0640
(540) 341-8809 (facsimile)                        cmills@spero.law
mforero@holtzmanvogel.com
                                                  *Pro hac vice* admission pending
Counsel for *Amicus Curiae*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2023, I filed the foregoing Motion with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

*/s/ Mateo Forero-Norena*
Mateo Forero-Norena
