FILED
2023 Sep-05  PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **EVAN MILLIGAN**, *et al.*, | |
| **Plaintiffs,** | **Case No. 2:21-cv-01530-AMM** |
| **v.** | **THREE-JUDGE COURT** |
| **WES ALLEN, in his official capacity as Alabama Secretary of State,** | |
| **Defendant.** | |
| **MARCUS CASTER**, *et al.*, | |
| **Plaintiffs,** | **Case No.: 2:21-cv-1536-AMM** |
| **v.** | |
| **WES ALLEN, in his official capacity as Alabama Secretary of State,** | |
| **Defendant.** | |

**SECRETARY ALLEN'S EMERGENCY MOTION
FOR STAY PENDING APPEAL**

Defendant Secretary of State Wes Allen respectfully requests that this Court stay its order (*Milligan* Doc. 272; *Caster* Doc. 223) enjoining him from using Alabama's 2023 Plan for congressional districts pending appeal of that order. Secretary Allen intends to file an application for a stay pending appeal with the Supreme Court on September 7, 2023.

## BACKGROUND

On July 21, 2023, the Alabama Legislature passed and the Governor signed into law Act No. 2023-563, which repealed the redistricting law that had governed Alabama's congressional elections since 2021 and replaced it with the 2023 Plan. *See Milligan* Doc. 220-11. The *Milligan* and *Caster* Plaintiffs filed challenges with this Court, arguing that the 2023 Plan should be enjoined because it did not include at least two districts in which black voters "have an opportunity to elect a representative of their choice." *Milligan* Doc. 200 at 6 (quoting Doc. 107 at 5); *Caster* Doc. 179 at 2 (same).

On September 5, 2023, this Court issued an order that preliminarily enjoined use of the 2023 Plan. *See Milligan* Doc. 272; *Caster* Doc. 223.[1]  The Court held that the 2023 Plan "does not remedy the likely Section Two violation that" the Court found in the 2021 Plan and that "the *Milligan* Plaintiffs are substantially likely to establish that the 2023 Plan violates Section Two." *Milligan* Doc. 272 at 6. The Court ordered the special master and cartographer to submit proposed plans to the Court by September 25, 2023. *Milligan* Doc. 273 at 7.

On September 5, 2023, Secretary Allen filed notices of appeal in *Milligan* and *Caster*. *See Milligan* Docs. 274 & 275; *Caster* Doc. 225.

---

[1] All citations hereafter shall be to the copy of the opinion on the *Milligan* docket.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 62(d), this Court may stay its order to permit an appeal. *See also* Fed. R. App. P. 8. In considering whether to stay an order pending appeal, courts weigh the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009); *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020) (staying preliminary injunction pending appeal). "The first two factors are 'the most critical.'" *Swain*, 958 F.3d at 1088 (quoting *Nken*, 556 U.S. at 434). "[W]here the government is the party opposing the … injunction, its interest and harm merge with the public interest." *Id.* at 1091 (citing *Nken*, 556 U.S. at 435). Here, all of these factors weigh in favor of granting a stay.

## ARGUMENT

### I.   Secretary Allen Is Overwhelmingly Likely to Succeed on the Merits Because Plaintiffs Have Not Proven a Likely Section 2 Violation.

The *Milligan* and *Caster* Plaintiffs assert that § 2 of the Voting Rights Act requires Alabama's congressional plan to have two majority-minority districts or something close to it, even if achieving that goal requires sacrificing traditional districting principles given effect in the plan that they challenge. As Secretary Allen

3

explained in his Response to Plaintiffs' Objections, *see Milligan* Doc. 220, Plaintiffs are mistaken. Secretary Allen incorporates by reference all of those arguments previously made.

Nevertheless, this Court entered a preliminary injunction that bars "Secretary Allen from conducting any elections with the 2023 Plan" based on the Court's conclusions "that the 2023 Plan does not remedy the likely Section 2 violation" of the 2021 Plan, and that the 2023 Plan likely violates § 2. *See Milligan* Doc. 272 at 6.

Secretary Allen has appealed the Court's order. The Secretary has fundamental disagreements with the Court over whether the 2023 Plan remedies a likely § 2 violation and whether the 2023 Plan complies with § 2. The Secretary's arguments were set forth in his earlier filed response, *see Milligan* Doc. 220, and are likely to prevail on appeal. For the reasons he has already briefed, Secretary Allen has explained that the 2023 Plan complies with Section 2 and remedies any likely violation that existed in the repealed plan, even without creating a second majority-black district or "'something quite close to it.'" *Milligan* Doc. 272 at 3. This Court's order thus should be stayed.

## II.   The Balance of Equities Favors a Stay.

Absent a stay, the State will be compelled to cede its sovereign redistricting power to the Court so that Alabamians can be segregated into different districts based on race. Though "[l]egitimate yet differing communities of interest should not be

disregarded in the interest of race," *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 434 (2006), that is the inevitable result of the Court's order, as shown by plan after plan proposed by the Plaintiffs. That means that the State will be barred from enforcing a "statut[e] enacted by representatives of its people." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). And "the inability to enforce its duly enacted plan clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018).

The balance of harms necessarily supports a stay so that millions of Alabamians are not soon districted into a court-ordered racial gerrymander. The 2023 Plan unifies the Black Belt, without the sprawling districts needed to hit Plaintiffs' racial targets. The stay factors counsel strongly in favor of allowing Alabama the opportunity to have its appeal heard before the 2023 Plan is supplanted by a court-drawn plan that sacrifices traditional redistricting principles in service of racial targets.

## CONCLUSION

The Court should grant stays pending appeal of its orders in *Milligan* and *Caster*, which preliminarily enjoin use of the 2023 Plan. Due to the exigencies imposed by these cases and these orders, and the State's potential need to seek appellate review on an expedited basis, Secretary Allen respectfully requests that the Court issue a prompt ruling on this stay motion. The Secretary intends to seek similar relief from the Supreme Court on September 7, 2023.

5

Respectfully Submitted,

Steve Marshall
 *Attorney General*

/s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
 *Solicitor General*

James W. Davis (ASB-4063-I58J)
 *Deputy Attorney General*

Misty S. Fairbanks Messick (ASB-1813-T71F)
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
Charles A. McKay (ASB-7256-K18K)
 *Assistant Attorneys General*


OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov

**Counsel for Secretary Allen**

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I filed the foregoing using the

Court's CM/ECF system, which will serve all counsel of record.

/s/ Edmund G. LaCour Jr.
*Counsel for Secretary Allen*