IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, in his official capacity as Alabama Secretary of State, <br><br> Defendant. | Case No. 2:21-cv-01530-AMM <br><br> THREE-JUDGE COURT |
| MARCUS CASTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, in his official capacity as Alabama Secretary of State, <br><br> Defendant. | Case No.: 2:21-cv-1536-AMM |

**SECRETARY ALLEN'S REPLY IN SUPPORT OF
EMERGENCY MOTION FOR STAY PENDING APPEAL**

On September 5, 2023, Secretary Allen requested that the Court grant a stay of its preliminary injunction order. Plaintiffs' filed responses today. The parties' arguments about the compliance of the 2023 Plan with §2 of the Voting Rights Act have been exhaustively discussed in Plaintiffs' objections, the Secretary's response to objections, Plaintiffs' replies, and a lengthy hearing. The Secretary seeks a stay to have a meaningful opportunity to appeal the important legal issues that have been

fully presented to this this Court and rejected in its resulting order enjoining use of the 2023 Plan. To do so, the State has first filed its stay motion in this Court, as the rules require. *See* Fed. R. App. P. 8(a)(1).

Contrary to the *Milligan* and *Caster* Plaintiffs' arguments, the State has consistently and thoroughly argued that it is error to enjoin the 2023 Plan on the basis that it did not create a second majority-minority district, or relatedly that Plaintiffs made a sufficient showing under *Gingles* that the 2023 Plan violated §2.

Absent a stay, the State will be precluded from enforcing a "statute[] enacted by representatives of its people," *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). The State thus faces the irreparable injury "that the District Court will implement its own redistricting plan." *Karcher v. Daggett*, 455 U.S. 1303, 1306-07 (1982) (Brennan, J., in chambers). And the importance of the statutory and constitutional arguments presented by the State further supports allowing for appellate review. *See Rostker v. Goldberg*, 448 U.S. 1306, 1308-09 (1980) (Brennan, J., in chambers) ("The importance of the question and the substantiality of the constitutional issues are beyond cavil.").

As for the *Singleton* Plaintiffs' contrary arguments about the balance of harms, the State's argument remains that the court-drawn plan will not be a plan the State could have constitutionally enacted in the first instance. The *Singleton* Plaintiffs contend the Court can merely adopt its plans, but that ignores all the arguments

2

already briefed in the *Singleton* case. Those arguments also ignore that in imposing a VRA remedy, a district court is "not free ... to disregard the political program of" a state legislature on other bases "beyond the clear commands" of federal law. *Upham v. Seamon*, 456 U.S. 37, 43 (1982) (per curiam).

For all of the reasons already fully briefed in this Court and because of the impending election deadlines, the Secretary respectfully requests a prompt ruling from this Court to preserve the chance for meaningful appellate review.

                Respectfully Submitted,

                Steve Marshall
                  *Attorney General*

                /s/ Edmund G. LaCour Jr.
                Edmund G. LaCour Jr. (ASB-9182-U81L)
                  *Solicitor General*

                James W. Davis (ASB-4063-I58J)
                  *Deputy Attorney General*

                Misty S. Fairbanks Messick (ASB-1813-T71F)
                Brenton M. Smith (ASB-1656-X27Q)
                Benjamin M. Seiss (ASB-2110-O00W)
                Charles A. McKay (ASB-7256-K18K)
                  *Assistant Attorneys General*

                OFFICE OF THE ATTORNEY GENERAL
                STATE OF ALABAMA
                501 Washington Avenue
                P.O. Box 300152
                Montgomery, Alabama 36130-0152
                Telephone: (334) 242-7300
                Edmund.LaCour@AlabamaAG.gov
                Jim.Davis@AlabamaAG.gov

Misty.Messick@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov

***Counsel for Secretary Allen***

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, I filed the foregoing using the Court's CM/ECF system, which will serve all counsel of record.

/s/ Edmund G. LaCour Jr.
*Counsel for Secretary Allen*
