IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Evan Milligan** *et al.*,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>**Wes Allen**, in his official capacity as Secretary of State of Alabama, *et al.*,<br><br>　　　Defendants. | Case No. 2:21-cv-1530-AMM<br><br>Three-Judge Court |

**The Alabama Democratic Conference's Motion for Access to Data**

The Alabama Democratic Conference ("ADC") respectfully moves the Court for an order directing the special master to release the data on which he relied for his report. The ADC requests this data to analyze the special master's proposed remedial plans.

The special master's report notes that "[t]he Court-appointed cartographer, Mr. Ely, calculated election results using election data provided by the Legislature (prepared on its behalf by Dr. M.V. "Trey"

Hood, an expert retained by the State) for twelve election contests and using data provided by the *Milligan* Plaintiffs (prepared on their behalf by Dr. Liu) for twelve election contests." (ECF 295 at 31.) Those data form the basis of the special master's performance analysis. (*Id.* at 32-34.) The ADC seeks to delve deeper into the issue of performance and has requested the data on which the special master relied in order to run that analysis. The ADC has specially retained an expert to provide this analysis.

All of the requested data is available on the special master's extranet, but that site has purposefully disabled the download function. The ADC's attorneys requested the data from the parties. The State responded within minutes and provided the data without objection. The *Milligan* plaintiffs, however, did not respond to the ADC's request. After waiting more than 24 hours for a response, counsel for the ADC asked the special master to release the data. The special master asked the parties whether there were any objections to releasing the data in his custody.

The *Milligan* and *Caster* plaintiffs were the sole objectors. Although they noted that they had disclosed the data to the Court, to the

Special Master, and to all of the parties to the litigation, they categorically objected to producing the data to nonparties. In light of the objection, the special master's counsel declined to release the data **without prior Court approval** and advised nonparties to file a motion.

In their own analysis of proposed remedial plans, the *Milligan* plaintiffs use the data to perform a racial bloc voting analysis, which estimates the percentage of Black and White voters that supported the Black-preferred candidate in each election. (*See, e.g.,* Supplemental Remedial Report II of Baodong Liu, Ph.D., 2:23-mc-01181-AMM, dkt. no 23-3 at 4.) However, it does not appear that the special master conducted a similar analysis of his proposed plans, as no such analysis appears in his report or exhibits. The ADC wants to prepare this analysis, and has retained an expert to do so, in order to understand the performance of the special master's proposed plans.

The requested data are in the public record. There are no confidentiality concerns, nor are there any plausible or asserted claims of relevance, privilege, or undue burden. And it would be a simple matter for the special master to provide the data. There is no basis for

withholding the data other than to hamstring the ADC's ability to comment on the special master's report. Accordingly, the groundless objection should be overruled.

Respectfully submitted this 28th day of September, 2023.

**/s/ Mark Sabel**
Mark Sabel (SAB004)
Sabel Law Firm, LLC
P.O. Box 231348
Montgomery, AL 36123
Phone: (334) 546-2161
Email: mksabel@mindspring.com

Bryan L. Sells*
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

* Admitted *pro hac vice.*

*Attorneys for the Alabama Democratic Conference*