# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BOBBY SINGLETON, *et al.*, | |
| Plaintiffs, | Case No. 2:21-cv-01291-AMM |
| v. | THREE-JUDGE COURT |
| WES ALLEN, in his official capacity as Alabama Secretary of State, | |
| Defendant. | |
| EVAN MILLIGAN, *et al.*, | |
| Plaintiffs, | Case No. 2:21-cv-01530-AMM |
| v. | THREE-JUDGE COURT |
| WES ALLEN, et al., | |
| Defendants. | |
| MARCUS CASTER, *et al.*, | |
| Plaintiffs, | Case No.: 2:21-cv-1536-AMM |
| v. | |
| WES ALLEN, in his official capacity as Alabama Secretary of State, | |
| Defendant. | |

# REPORT OF THE PARTIES' PLANNING MEETING

The parties have discussed this case in good faith but are unable to agree on a schedule. Plaintiffs contend that the schedule should aim for a trial in or around July or August[1] 2024, whereas Defendants contend that the schedule should aim for a trial in or around December 2024. In the report below, the parties set out where they agree and disagree and explain why they believe the schedule they each propose is appropriate.

1. **Proposed schedules:**

| Deadline or Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Amendments | January 12, 2024 ||
| Plfs' Expert Reports | February 16 | April 24 |
| Defs' Expert Reports | March 15 | June 7 |
| Plfs' Sup'l Reports | April 1 | June 21 |
| Supplementing Discovery per R. 26(e) | April 5 | June 28 |
| Discovery Cutoff | April 5 | August 2 |
| Dispositive, in limine, & *Daubert* Motions | May 17 | August 16 |
| R. 26(a)(3) witness lists, designations of deposition testimony, and exhibit lists | June 7 | November 4 |
| Pretrial | 30 days before trial ||
| Trial (~2 weeks) | July/August | December |

Plaintiffs: Plaintiffs' proposed schedule will bring this case to trial expeditiously. This case has been in discovery for two years, and this Court has already reviewed hundreds of exhibits and heard from dozens of witnesses at two evidentiary hearings.

---

[1] The *Milligan* and *Caster* Plaintiffs are open to an August trial date.

Three additional months of discovery is sufficient for Defendants to adequately build a record. Since the Supreme Court's remand in June, Defendants have already had over seven months to conduct discovery and seek out additional experts. There is no just reason to further delay Plaintiffs' a trial and final relief in this case. Defendants' reference to *Chandler v. Allen* is inapposite. Although *Chandler* was filed in November 2021, the Court stayed *all* discovery for over a year pending the outcome of *Allen v. Milligan*, 599 U.S. 1 (2023). After *Milligan*, the *Chandler* court set a schedule to prepare the case for trial in October 2024. Given that the present cases are much further along than *Chandler*, a slightly shorter schedule is appropriate.

Defendants: Defendants' proposed schedule is intended to allow necessary time for discovery and development of a complete record that will facilitate the Court's decision and subsequent review, if necessary, by the Supreme Court. Defendants did not have an adequate opportunity to build a record at the preliminary injunction stage and there is no just reason to deny that opportunity now. Defendants' proposal is consistent with the concern expressed by the Court in the very similar legislative redistricting case, *Chandler v. Allen*[2], when it denied a motion to expedite the trial schedule:

> Finally, the court finds that accelerating a trial on the merits of Plaintiffs' claims would unfairly prejudice the Defendants. Expediting the case would limit discovery to approximately four months and would likely eliminate any meaningful opportunity for the court to consider dispositive motions. … An expedited, abbreviated discovery period will limit Defendants' opportunity to conduct appropriate discovery. The court is not inclined to decide serious constitutional and statutory claims of discrimination with respect to the franchise based on such limited record.

*Chandler*, ECF no. 84, p. 3. As in *Chandler*, Plaintiffs' proposed schedule denies adequate time for discovery. There is simply no need for the accelerated schedule proposed by Plaintiffs unless it is to deny Defendants a fair opportunity to build a record. Further, Defendants do not agree that the parties have been in discovery for two years, and note that as of this date, there is no complaint challenging the 2023 plan.

2.  The following persons participated in a Federal Rule of Civil Procedure 26(f) conference by Teams on Wednesday, December 13, 2023:

---

[2] Case No. 2:21-cv-1531-AMM (N.D. Ala. July 11, 2023).

For the *Caster* Plaintiffs: Abha Khanna, Joseph Posimato, Jyoti Jasrasaria

For the *Milligan* Plaintiffs: Davin Rosborough, David Dunn

For the *Singleton* Plaintiffs: Henry Quillen

For Defendant Secretary of State Wes Allen: Edmund LaCour, Jim Davis

For Defendants Rep. Chris Pringle and Sen. Steve Livingston: Dorman Walker and Michael Taunton.

3. **Amended Complaints.** The parties propose that any plaintiff wishing to challenge the 2023 Congressional Plan will amend their complaint by January 12, 2024.

4. **Initial Disclosures.** The parties have already served the initial disclosures required by Rule 26(a)(1).

5. **Discovery Plan.** The parties propose this discovery plan:

Discovery will be needed on these subjects:

- Whether the political processes leading to nomination or election in Alabama under the State's 2023 congressional plan are equally open to voters of all races.

- Whether African American voters have less opportunity than other members of the electorate in Alabama to participate in the political process and to elect representatives of their choice under the State's 2023 congressional plan.

- Allegations of the Plaintiffs.
- The opinions of parties' expert witnesses.

In addition, Plaintiffs believe discovery is needed on these subjects:

- Whether Alabama's enacted 2023 congressional plan results in discrimination in violation of § 2 of the Voting Rights Act.

4

- Whether Alabama's 2023 plan was the product of intentional racial discrimination.

- The extent to which the history of official discrimination in Alabama has touched the rights of Black people to register, to vote, or otherwise to participate in the democratic process.

- The extent to which voting in the elections of Alabama is racially polarized.

- The extent to which Alabama has used unusually large election districts, majority vote requirements, anti-single shot provisions, or other voting practices or procedures that may enhance the opportunity for discrimination against Black voters.

- If there is a congressional candidate slating process, whether Black voters have been denied access to that process.

- The extent to which Black voters in Alabama bear the effects of discrimination in such areas as education, employment and health, which hinder their ability to participate effectively in the political process.

- Whether political campaigns in Alabama have been characterized by overt or subtle racial appeals.

- The extent to which Black voters have been elected to Congress and/or other public offices in Alabama.

- Whether there is a significant lack of responsiveness on the part of elected officials in Alabama to the particularized needs of Black voters.

- Whether the policy underlying Alabama's enactment and/or use of the 2023 plan is tenuous.

In addition, *Singlton* Plaintiffs and Defendants believe discovery is needed on this subject:

- Whether race predominated over traditional districting criteria in construction of the State's 2023 Congressional plan.

5

- Whether race was the predominant factor motivating the placement of a significant number of voters within or without a particular district in the State's 2023 Congressional plan.

In addition, Defendants believe discovery is needed on this subject:

- Whether the districts in Plaintiffs' demonstrative plans and the court-imposed plan are reasonably constructed.

- Whether the districts in Plaintiffs' demonstrative plans and the court-imposed plan violate the Equal Protection Clause (or would if imposed by the State).

- Whether any alleged vote dilution is on account of race or color.

- Plaintiffs' standing.

- Whether, assuming Congress in 1982 could constitutionally authorize race-based redistricting under § 2 of the Voting Rights Act for some period of time, the authority to conduct race-based redistricting extends to the present day.

(b) Discovery opened in January 2023 as to *Purcell* issues and the constitutional claims brought against the 2021 map by the *Singleton* and *Milligan* Plaintiffs. The parties agree that discovery on any § 2 claims and any constitutional claims against the 2023 plan may commence upon the filing of this report. Discovery will be completed by *April 26, 2024 (P) or August 6, 2023 (D)*

(c) Maximum number of interrogatories by each party to another party, along with the dates the answers are due: Limits for written discovery on intentional racial discrimination and racial gerrymandering claims against the 2021 plan were established in January 2023, and continue to control. For all other claims and issues, including all claims against the 2023 plan, the number of interrogatories each Party may serve and the deadline for each Party to respond shall be governed by the Federal Rules of Civil Procedure unless otherwise agreed to by the parties or ordered by the Court.

(d) Maximum number of requests for admission, along with the dates responses are Due: Limits for written discovery on intentional racial

6

      discrimination and racial gerrymandering claims against the 2021 plan were established in January 2023, and continue to control. For any other claims and issues, including all claims against the 2023 plan, the number of requests for admission each Party may serve and the deadline for each Party to respond shall be governed by the Federal Rules of Civil Procedure unless otherwise agreed to by the parties or ordered by the Court.

(e)    Plaintiffs' Proposal:

Maximum number of depositions by each party: For the time period beginning upon the filing of this report and through the close of discovery, the number of depositions each Party may take shall be governed by the Federal Rules of Civil Procedure unless otherwise agreed to by the parties or ordered by the Court.

Defendants' Proposal:

Maximum number of depositions by each party: For the time period beginning upon the filing of this report and through the close of discovery, 15, excluding depositions of opposing parties' experts.

(f)    Limits on the length of depositions, in hours: 7 hours.

(g)    Plaintiffs' Proposal:

Dates for exchanging reports of expert witnesses: Plaintiffs will make expert disclosures by February 16, 2024. Defendants will disclose experts by March 15, 2024. Plaintiffs will make any supplemental disclosure of expert reports by April 5, 2024.

Defendants' Proposal:

Dates for exchanging reports of expert witnesses: Plaintiffs will make expert disclosures by April 24, 2024. Defendants will disclose experts by June 7, 2024. Plaintiffs will make any supplemental disclosure of expert reports by June 21, 2024.

(h)    Plaintiffs Proposal:

    Dates for supplementations under Rule 26(e): April 5, 2024.

    Defendants' Proposal:

    Dates for supplementations under Rule 26(e): June 28, 2024.

6. **Electronic Discovery:**

    Electronic discovery will continue as provided in the Court's January 10, 2023 Scheduling Order except that a party may, at its option, produce in PDF format rather than TIFF format.

7. **Other Items:**

    (a)    The parties do not request a conference with the Court before entry of a scheduling order. However, if helpful to the court, the parties can make themselves available for a conference.

    (b)    Requested dates for pretrial conferences: 30 days before trial.

    (c)    Plaintiffs' Proposal:

    Final dates to file dispositive motions and motions in limine (including *Daubert* motions): May 17, 2024.

    Defendants' Proposal:

    Final dates to file dispositive motions and *Daubert* motions: August 16, 2024.

    (d)    State the prospects for settlement: Settlement is unlikely.

    (e)    Identify any alternative dispute resolution procedure that may enhance settlement prospects: None.

    (f)    Plaintiffs' Proposal:

        Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: June 7, 2024.

        Defendants' Proposal:

        Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: November 4, 2024.

(g)    Final dates to file objections under Rule 26(a)(3): 14 days after filing.

(h)    Plaintiffs' Proposal:

        Suggested trial date and estimate of trial length: The parties expect trial to last around 2 weeks. The parties expect the case to be ready for trial in July/August 2024.

        Defendants' Proposal:

        Suggested trial date and estimate of trial length: The parties expect trial to last around 2 weeks. The parties expect the case to be ready for trial in December 2024.

(i)    Other matters:

    i.    Plaintiffs' Proposal:

        The parties agree that the three cases should continue to proceed together, without being formally consolidated. Evidence introduced in any case may be considered in every case but a party may object to the introduction of evidence from another case.

        Defendants' Proposal

        The parties agree that the three cases should continue to proceed together, without being formally consolidated. Evidence introduced in any case may be considered in every case.

ii. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

iii. The parties agree that they need not preserve, produce, or create a privilege log for any document that was (i) created by, and exchanged solely among, counsel and/or counsel's staff, or (ii) that was created in the prosecution or defense of this litigation and exchanged solely among counsel and/or counsel's staff on the one hand and the parties on the other.

iv. The parties continue to consent to electronic service of initial disclosures (and amendments thereto), discovery requests, discovery responses, and any other documents associated with this litigation which are not filed with the Court's CM/ECF system. An electronic signature by counsel is sufficient for these documents. The parties agree that electronic service shall be treated as personal service so that no additional days are added for any responsive deadline. The parties will continue to be bound by any protective orders entered in this case.

Respectfully submitted this 15th day of December, 2023.

*/s/ Abha Khanna*
Abha Khanna*
**Elias Law Group LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Phone: (206) 656-0177
Email: AKhanna@elias.law

Lalitha D. Madduri*
Joseph N. Posimato*
Jyoti Jasrasaria*
Makeba Rutahindurwa*
**Elias Law Group LLP**
250 Massachusetts Ave, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Email: LMadduri@elias.law
Email: JPosimato@elias.law
Email: JJasrasaria@elias.law
Email: MRutahindurwa@elias.law

Richard P. Rouco
(AL Bar. No. 6182-R76R)
**Quinn, Connor, Weaver, Davies & Rouco LLP**
Two North Twentieth
2-20th Street North, Suite 930
Birmingham, AL 35203
Phone: (205) 870-9989
Fax: (205) 803-4143
rrouco@qcwdr.com

*Attorneys for Caster Plaintiffs*
*\*Admitted Pro Hac Vice*

*/s/ James W. Davis*
Edmund G. LaCour Jr.
James W. Davis
Brenton M. Smith
Benjamin M. Seiss
Alexander Barrett Bowdre
Misty Shawn Fairbanks Messick
**State of Alabama**
**Office of the Attorney General**
501 Washington Avenue
Montgomery, Alabama 36130
(334) 242-7300
(334) 353-8400 (fax)
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov

*Counsel for Secretary of State Merrill*

*/s/ Dorman Walker*
Dorman Walker
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101
(334) 269-3138
dwalker@ balch.com

*/s/ Michael P. Taunton*
Michael P. Taunton (ASB-6833-H00S)
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203
(205) 226-3451
mtaunton@balch.com

11

<table>
<tr><td>

*/s/ Deuel Ross*
Deuel Ross*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Ashley Burrell*
Brittany Carter*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

Shelita M. Stewart*
Jessica L. Ellsworth*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
shelita.stewart@hoganlovells.com

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067

</td><td>

**Counsel for Intervenor-Defendants Rep. Chris Pringle and Sen. Steve Livingston**

</td></tr>
</table>

12

(310) 785-4600
michael.turrill@hoganlovells.com

*/s/ Sidney M. Jackson*
Sidney M. Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS
 FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
Phone: (205) 341-0498
sjackson@wigginschilds.com

*/s/ Davin M. Rosborough*
Davin M. Rosborough*
Julie Ebenstein*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org

*/s/ Alison Mollman*
AMERICAN CIVIL LIBERTIES UNION
OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

**Counsel for Milligan Plaintiffs**
**Admitted Pro Hac Vice*

Janette Louard*
Anthony Ashton*
Anna Kathryn Barnes*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED
PEOPLE (NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

***Counsel for Plaintiff Alabama State Conference of the NAACP***
*\*Admitted Pro Hac Vice*


s/ Henry C. Quillen
Henry C. Quillen
(admitted pro hac vice)
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH 03801
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Joe R. Whatley, Jr.
W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel: (205) 488-1200
Fax: (800) 922-4851
Email: jwhatley@whatleykallas.com
tbrown@whatleykallas.com

/s/ James Uriah Blacksher
James Uriah Blacksher
825 Linwood Road
Birmingham, AL 35222
Tel: (205) 612-3752
Fax: (866) 845-4395
Email: jublacksher@gmail.com

Myron Cordell Penn
PENN & SEABORN, LLC
1971 Berry Chase Place
Montgomery, AL 36117
Tel: (334) 219-9771
Email: myronpenn28@hotmail.com

Diandra "Fu"Debrosse Zimmermann
Eli Hare
DICELLO LEVITT LLP
505 20th Street North, Suite 1500
Birmingham, AL 35203
Tel.: (205) 855.5700
Email: fu@dicellolevitt.com
ehare@dicellolevitt.com

U.W. Clemon
U.W. Clemon, LLC
Renasant Bank Building
2001 Park Place North, Tenth Floor
Birmingham, AL 35203
Tel.: (205) 506-4524
Fax: (205) 538-5500
Email: uwclemon1@gmail.com

Edward Still
2501 Cobblestone Way
Birmingham, AL 35226
Tel: (205) 335-9652
Fax: (205) 320-2882
Email: edwardstill@gmail.com

*Counsel for Singleton Plaintiffs*