# EXHIBIT A
# APRIL 3, 2024 SUBPOENA

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

EVAN MILLIGAN, et al.,

*Plaintiff*

v.

WES ALLEN, et al.,

*Defendant*

Civil Action No. 2:21-cv1530-AMM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Red State Strategies, LLC
c/o Registered Agent Christopher R. Brown P.O. Box 43564 Birmingham, AL 35243

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

Place: See Attachment A

Date and Time: 04/19/2024

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place:

Date and Time:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/03/2024

*CLERK OF COURT*                                        OR        /s/Nicki Lawsen

*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
, who issues or requests this subpoena, are:
Nicki Lawsen, Esq., 301 19th Street North, Birmingham, AL 35203, nlawsen@wigginschilds.com, 205-314-0500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, et al., <br> *Plaintiffs*, <br><br> v. <br><br> WES ALLEN, et al., <br> *Defendants*. | No. 2:21-cv-01530-AMM |
| MARCUS CASTER, et al., <br> *Plaintiffs*, <br><br> v. <br><br> WES ALLEN, et al., <br> *Defendants*. | No. 2:21-cv-01536-AMM |

## **GENERAL INSTRUCTIONS**

1. These requests require You to produce all documents that are in Your actual or constructive possession, custody, or control or in the possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, or employees.

2. In construing these Requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside that scope. Words used in the masculine gender include the feminine, and words used in the singular include the plural. The past tense shall be construed to include the present and future tenses and vice versa. The terms "each," "every," "all," and "any" whether used separately or together, shall be interpreted to encompass all material, events, incidents, persons, or information responsive to the request in which those terms appear.

3. If any document that would be responsive to the requests below is not produced because of a claim of privilege or immunity. You shall serve upon the undersigned counsel a written list that identifies each such document and states the ground on which each such document is asserted to be privileged or immune from disclosure. Any attachment to an allegedly privileged or immune document shall be produced unless you contend that the attachment is also privileged or immune from disclosure.

4. Unless otherwise stated. information supplied in response to these requests for production of documents should be fully inclusive for the period from June 8. 2023 to the present unless otherwise notes.

5. You may produce legible. complete. and exact copies of the original documents. provided that the originals be made available for inspection upon request by the undersigned counsel. Any and all responsive documents or data stored in electronic format shall be produced in their original unaltered format unless otherwise agreed to by the parties.

6. Pursuant to Rule 45 (e)(1)(A) of the Federal rules, the documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this set of document requests. whether used separately or together. shall be interpreted to encompass all material. events, incidents, persons. or information responsive to the request in which those terms appear.

7. If there is any question as to the meaning of any part of these requests. or an issue as to whether production of responsive documents would impose an undue burden on You. the undersigned counsel for plaintiffs should be contacted promptly.

## DEFINITIONS

1. "You" or "Your" means Chris Brown and the Red State Strategies, including, but not limited to any and all of Red State Strategies' employees, representatives, agents, consultants, or other individuals that are acting on your behalf.

2. "Document" has the same meaning and scope as used in Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer discs, tapes, printouts, emails, and databases, and any handwritten, typewritten, printed, electronically-recorded, electronically stored information, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

3. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

4. "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

5. "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

6. "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

7. "Person(s)" shall refer not only to natural persons, but also without limitation to firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, government entities, and or any other type of legal entities.

8. The term "relating" or "relate" or "related" means concerning, referring, regarding, describing, evidencing, including or constituting, either directly or indirectly.

9. The term "show" or "showing" means displaying, identifying, evidencing, proving, either directly or indirectly.

10. The terms "communication" and "communicated" mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether such information is transmitted orally or in writing or by any other method.

11. "Defendants" means Wes Allen, in his official capacity as Alabama Secretary of State, Steve Livingston and Chris Pringle, in their official capacities as Co-Chairs of the Alabama Permanent Legislative Committee on Reapportionment, and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of Defendants or subject to Defendants' control.

12. The term "location(s)" means any and all physical and virtual locations associated with an event, including but not limited to physical sites, electronic sites, addresses, and websites. If asked to identify a location, you should provide the address or other locating information with as much specificity as is available.

13. The term "the 2023 Plan" shall refer to Alabama's congressional map that was passed through both houses of the Legislature and signed into law by Governor Ivey on July 21, 2023.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:** All communications between You and Defendants, including, but not limited to, correspondence, memoranda, electronically stored information, and documents, in your custody, possession, or control, that relate to any of Your or Defendants' efforts to research, analyze, promote, publicize, or support the enactment of the 2023 Plan or any alternative or predecessor plan developed in June or July of 2023.

**DOCUMENT REQUEST NO. 2:** All documents or communications between You and Defendants, or other members of the Alabama Legislature, or any staff in the offices of the Secretary of State, the Governor of Alabama, or the Attorney General, or their predecessors in office, that relate to this litigation without limitation on time.

**DOCUMENT REQUEST NO. 3:** All documents or communications between You and Defendants, or other members of the Alabama Legislature, or any staff in the offices of the Secretary of State, the Governor of Alabama, or the Attorney General, or their predecessors in office, regarding the researching, creation, intent, purpose, planning, passage, or implementation of the 2023 Plan or any alternative or predecessor plan developed in June or July of 2023.

**DOCUMENT REQUEST NO. 4:** All documents that relate to any studies, analyses, briefings, research, or reports generated or undertaken by You on the subject of the 2023 Plan, or any alternative or predecessor plan developed in June or July of 2023.

**DOCUMENT REQUEST NO. 5:** All documents or communications relating to Your position in support or opposition to, or role in the debate, discussions, negotiations, drafting, or enactment of the 2023 Plan or any alternative or predecessor plan developed in June or July of 2023.

DATED this April 3, 2024.

/s/ *Deuel Ross*
Deuel Ross*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
Colin Burke*
NAACP LEGAL DEFENSE &
EDUCATIONALFUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
bcarter@naacpldf.org
cburke@naacpldf.org

/s/ *Alison Mollman*
Alison Mollman
AMERICAN CIVIL LIBERTIES UNION OF
ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

Respectfully submitted,

/s/ *Nicki Lawsen*
Sidney Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS, CHILDS, PANTAZIS, FISHER &
GOLDFARB
301 19th Street
North Birmingham, AL 35203
(205) 314-0500
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

/s/ *Davin M. Rosborough*
Davin M. Rosborough*
Julie A. Ebenstein*
Dayton Campbell-Harris***
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

Jessica L. Ellsworth*
Shelita M. Stewart*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
jessica.ellsworth@hoganlovells.com
shelita.stewart@hoganlovells.com

Michael Turrill*
Harmony R. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

*Attorneys for Plaintiffs*

\* Admitted *pro hac vice*
\*\* Practice is limited to federal court.

Anthony Ashton*
Anna-Kathryn Barnes*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
(NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
aashton@naacpnet.org abarnes@naacpnet.org

*Attorneys for Plaintiff Alabama State Conference of the NAACP*

Richard P. Rouco
(AL Bar. No. 6182-R76R)
**Quinn, Connor, Weaver, Davies & Rouco LLP**
Two North Twentieth
2-20th Street North, Suite 930 Birmingham, AL 35203
Phone: (205) 870-9989
Fax: (205) 803-4143
Email: rrouco@qcwdr.com

*Counsel for Caster Plaintiffs*

By: /s/ Abha Khanna
Abha Khanna*
Makeba Rutahindurwa*
**Elias Law Group LLP**
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
Phone: (206) 656-0177
Email: AKhanna@elias.law
Email: MRutahindurwa@elias.law

Lalitha D. Madduri*
Jyoti Jasrasaria*
**Elias Law Group LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Phone: (202) 968-4490
Email: LMadduri@elias.law
Email: JJasrasaria@elias.law

*Admitted Pro Hac Vice*