IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>WES ALLEN, et al.,<br><br>*Defendants*. | No. 2:21-cv-01530-AMM |

### PLAINTIFFS' MOTION TO STRIKE AND RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants' Notice of Supplemental Authority is both irrelevant and improper. First, the portions of *Alexander v. South Carolina State Conference of the NAACP*, 144 S. Ct. 1221 (2024) cited by Defendants address racial gerrymandering claims making Defendants' purported supplemental authority immaterial to this case. Second, Defendants' Notice of Supplemental Authority is a thinly veiled attempt to file a sur-reply without leave of this Court. This Court should therefore strike Defendants' "notice" as an obvious attempt to circumvent its procedural requirements.

1

I. **The Supreme Court's Decision in *Alexander* is Irrelevant to this Section 2 Case.**

This Court should disregard Defendants' attempt to broadly graft the Supreme Court's recent decision in *Alexander* onto this case. In *Alexander*, the plaintiffs alleged that South Carolina's congressional districts were unconstitutional racial gerrymanders and the product of intentional racial discrimination. The trial court ruled for the plaintiffs on both claims. On appeal, the Supreme Court primarily dealt with the racial gerrymandering claim, an issue that is no longer relevant in this case. To the extent *Alexander* is pertinent at all, it is as a reminder that Fourteenth Amendment intentional discrimination claims are analytically distinct from claims of racial gerrymandering.

As Defendants appear to recognize, the Court's decision in *Alexander* almost entirely concerned plaintiffs' racial gerrymandering claims. *See* Doc 358 at 7 ("*Alexander* resolved only the plaintiffs' racial gerrymandering challenge"). The Court explained that the plaintiffs brought two distinct claims: a racial gerrymandering claim and an "independent" intentional discrimination claim, *Alexander*, 144 S. Ct. at 1251. When discussing the racial gerrymandering claim, the Court clarified that lower courts should apply the presumption of legislative good faith in the racial gerrymandering context. *Id*. at 1235-36.

Defendants suggest that this court should take *Alexander* where the Supreme Court expressly declined to go, arguing that *Alexander* "clarifi[es] how the

presumption of legislative faith functions in redistricting challenges" not only in the gerrymandering context, but in all constitutional redistricting cases. Doc. 358 at 7-8. Defendants argue that because the Supreme Court endorsed heightened legislative deference in the racial gerrymandering context, this Court should extend that same deference to claims of intentional discrimination. But Defendants blatantly ignore the fact that the Supreme Court in *Alexander* itself declined to extend those same requirements to the intentional discrimination claim at issue in that very case. In addressing the *Alexander* plaintiffs' intentional discrimination claim, the Supreme Court rejected the very approach to intentional discrimination claims that Defendants here suggest, on the ground that "the District Court's analysis did not take into account the differences between vote-dilution and racial-gerrymandering claims." *Alexander*, 144 S. Ct. at 1252. The Court emphasized that "[a] vote-dilution claim is 'analytically distinct' from a racial-gerrymandering claim and follows a 'different analysis.'" *Ibid.* (citing *Shaw v. Reno*, 509 U.S. 630, 650, 652 (1993)). After rebuking the district court for ignoring these differences, the Supreme Court remanded the plaintiffs' intentional vote dilution claim because the district court's factual findings were predicated on this legal error and were therefore clearly erroneous. The Court thus declined to extend its holding regarding the presumption

3

of legislative good faith to plaintiffs' intentional discrimination claim.[1] This Court should not accept Defendants' invitation to extend the Supreme Court's holding in *Alexander* where the Court itself declined to do so. In any event, this case is currently only before this Court on a motion to dismiss where this Court "treats the facts alleged in the complaint as true and construes them in the light most favorable to the non-moving party." *Ala. State Conf. of the NAACP v. Pleasant Grove*, 372 F. Supp. 3d 1333, 1337 n.1 (N.D. Ala. 2019).

## II. **Defendants' Notice of Supplemental Authority is a thinly veiled attempt to file a sur-reply without leave of this Court.**

Because Defendants' Notice of Supplemental Authority is not a good faith attempt to inform this court of new binding precedent relevant to this case, the Court should strike the pleading. By calling what is in essence a sur-reply a "Notice of Supplemental Authority[,]" Defendants attempt to circumvent the requirements to either seek leave of this Court or obtain permission from all parties. This Court should reject this attempt to circumvent civil procedure. *See e.g.*, *Johnson v. Kijakazi*, No. 4:21-CV-00139-AKK, 2022 WL 829495, at *6 (N.D. Ala. Mar. 18, 2022) (rejecting the arguments in the notice of supplemental authority because the filing was "improper[,]" among other reasons); *see also S. Dental Birmingham LLC*

---

[1] Defendants cite *Abbott v. Perez*, 585 U.S. 579 (2019) to argue that the presumption of good faith applies in the racial vote dilution context as well as the racial gerrymandering context. Doc. 358 at 8. Even if the presumption applies in the broader racial vote-dilution context—which encompasses cases charging dilutive effects as well as intentional vote dilution—the Court's decision in *Alexander* steadfastly refused to apply the presumption to the discriminatory intent claim at issue in the case.

4

*v. Cincinnati Ins. Co.*, 527 F. Supp. 3d 1341, 1348 (N.D. Ala. 2021) (dismissing notices of supplemental authority that cited "cases [that] are unlike this one"). Defendants could have sought leave from this Court in advance of their filing. Instead of filing under proper procedure, Defendants labeled their filing a Supplemental Authority and submitted it without informing other parties or seeking leave from this court. Defendants' Notice of Supplemental Authority then is improper and should be disregarded.

## CONCLUSION

Defendants' Notice of Supplemental Authority is irrelevant and constitutes an improper sur-reply. It should be disregarded, and Defendants' motion to dismiss should be denied.

DATED this 7th of June, 2024.   Respectfully submitted,

/s/ Alison Mollman
Alison Mollman
AMERICAN CIVIL LIBERTIES
UNION OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org

Deuel Ross*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW Ste. 600
Washington, DC 20005

/s/ Davin M. Rosborough
Davin M. Rosborough*
Julie A. Ebenstein*
Dayton Campbell-Harris***
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

5

(202) 682-1300
dross@naacpldf.org

/s/ Kathryn Sadasivan
Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
Colin Burke*
NAACP LEGAL DEFENSE & EDUCATIONALFUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
bcarter@naacpldf.org
cburke@naacpldf.org

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

Michael Turrill*
Harmony R. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

/s/ Sidney Jackson
Sidney Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB
301 19th Street
North Birmingham, AL 35203
(205) 314-0500
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

/s/ Jack Genberg
Bradley E. Heard*
Jack Genberg*
Jess Unger*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(404) 521-6700
bradley.heard@splcenter.org
jack.genberg@splcenter.org
jess.unger@splcenter.org

Jessica L. Ellsworth*
Shelita M. Stewart*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
jessica.ellsworth@hoganlovells.com
shelita.stewart@hoganlovells.com

*Attorneys for Plaintiffs*

Anthony Ashton*
Anna-Kathryn Barnes*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED
PEOPLE (NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
aashton@naacpnet.org                        *Admitted *pro hac vice*
abarnes@naacpnet.org                        **Practice is limited to federal court,

*Attorneys for Plaintiff Alabama State Conference of the NAACP*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which provides electronic notice of filing to all counsel of record.

This the 7th day of June 2024.

/s/ *Kathryn Sadasivan*
Kathryn Sadasivan
NAACP LEGAL DEFENSE &
 EDUCATIONALFUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
ksadasivan@naacpldf.org
*Attorney for Plaintiffs*