FILED

2024 Jun-19  PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

## Nonparty Legislator Declarations

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EVAN MILLIGAN,** *et al.,* | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:21-cv1530-AMM** |
| | ) | |
| **WES ALLEN,** *et al.* | ) | **THREE-JUDGE PANEL** |
| | ) | |
| *Defendants.* | ) | |

## DECLARATION OF NONPARTY LEGISLATOR
## SENATOR WILL BARFOOT

I, Charles Williamson Barfoot, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1.     I am Charles Williamson Barfoot, I am over the age of nineteen (19) years, I am fully competent and in no way otherwise disqualified from making this declaration, and I have personal knowledge of the statements contained herein.

2.     I am a member of the Alabama Senate and currently represent District 25. I was elected to the position in 2018 and have served continuously since then.

3.     As a member of the Alabama Senate and a member of the Permanent Legislative Committee on Reapportionment leading up to and during the

Legislature's consideration and passage of SB5, I actively engaged in the legislative process during the consideration and approval of SB5 by the Alabama Legislature. As part of that process I received and/or exchanged legislatively privileged/non-public communications and information with Chris Brown ("Mr. Brown") of Red State Strategies, including emails and text messages. I specifically requested Mr. Brown's advice and detailed analysis on redistricting matters for my review and consideration in my legislative activities regarding what would become SB5.

4.    Pages 5 through 7 of Document 346-2 of this case represent a true and accurate copy of an email exchange I had with Mr. Brown wherein he alerted me to the existence of the subpoena at issue in this matter and in which I continued to maintain my legislative privilege over all such related and applicable communications and information.

5.    I hereby continue to assert my legislative privilege over communications and information exchanged between me and Mr. Brown and ask that the Court maintain and honor that privilege in this matter.

6.    Mr. Brown has regularly provided me with direct, personalized, and nonpublic political consulting advice and information since at least 2018. Although I engaged his individualized and nonpublic advice and consulting for political and legislative matters informally at first, in the years following I began paying Mr. Brown for consulting services out of my campaign account. Since 2018, I have

brought Mr. Brown into the legislative process. His individualized consulting communications and information are and have been relevant and important to my legislative-related activities, including the proposal, formulation, and consideration of legislation. This is especially true for me in redistricting legislation where political considerations play a significant role in the decision-making process.

7.      I have exchanged one (1) or more items of private and/or nonpublic communication or information with Mr. Brown directly related to the Alabama Legislature's formulation, consideration and passage of SB5 and my engagement as a participant therein. I seek to maintain my legislative privilege over those communications and/or information because it: (1) was received and/or exchanged as a part of my ongoing, nonpublic political consulting relationship with Mr. Brown and which I readily welcomed, valued, and considered helpful in my analysis and actions taken regarding SB5; (2) was not, to my knowledge, publicly released outside of the legislative process; and (3) was received and/or exchanged in furtherance of my legislative related activities; namely, the proposal, formulation, and passage of SB5, the 2023 Congressional Redistricting Plan as enacted by the Alabama Legislature in the Second Special Session of 2023.

Signed this ___18th___ day of June, 2024.

By: _____
Charles Williamson Barfoot
Alabama Senate, District 25

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EVAN MILLIGAN, *et al.*,              )
                                      )
    *Plaintiffs*,                   )
                                      )
v.                                    )    Case No.: 2:21-cv1530-AMM
                                      )
WES ALLEN, *et al.*                   )    THREE-JUDGE PANEL
                                      )
    *Defendants*.                   )

---

### DECLARATION OF NONPARTY LEGISLATOR REPRESENTATIVE MACK BUTLER

---

I, Mack Newman Butler, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1.    I am Mack Newman Butler, I am over the age of nineteen (19) years, and I am fully competent and in no way otherwise disqualified from making this declaration.

2.    I have personal knowledge of the statements contained herein.

3.    I am a member of the Alabama House of Representatives and currently represent House District 28. I previously served in the Alabama House from 2012 to 2018 and then again from 2022 to the present.

4.     As a member of the Alabama House during the Legislature's consideration and passage of SB5, I actively engaged in the legislative process during the consideration and approval of SB5 by the Alabama Legislature. As part of that process I received, exchanged, or engaged in one or more legislatively privileged/non-public communications with Chris Brown ("Mr. Brown") of Red State Strategies.

5.     Pages 9 and 26 of Document 346-2 of this case represent a true and accurate copy of an email exchange I had with Mr. Brown wherein he alerted me to the existence of the subpoena at issue in this matter and in which I continued to maintain my legislative privilege over all such related and applicable communications and information.

6.     I hereby continue to assert my legislative privilege over communications and information exchanged between me and Mr. Brown and ask that the Court maintain and honor that privilege in this matter.

7.     I have known Mr. Brown since the early 2000s and over the years developed a relationship that has occasionally included personal, nonpublic consulting advice.  Beginning in February of 2022, I officially became engaged with Mr. Brown as my political consultant and he has regularly provided me with direct, personalized, and nonpublic political consulting advice and information on legislative issues that have been personal, private, and nonpublic, including any

communications regarding SB5. I brought Mr. Brown into the legislative process as an integral part of my legislative activities. His individualized consulting communications and information are and have been relevant and important to my legislative-related activities, including the proposal, formulation, and consideration of legislation. This is especially true for me in redistricting legislation where political considerations play a significant role in the decision-making process.

8.  I have exchanged or engaged in one (1) or more items of private and/or nonpublic communication with Mr. Brown directly related to the Alabama Legislature's formulation, consideration and passage of SB5 and my engagement as a participant therein. I seek to maintain my legislative privilege over those communications and/or information because it: (1) was received and/or exchanged as a part of my ongoing, nonpublic political consulting relationship with Mr. Brown and which I readily welcomed, valued, and considered helpful in my analysis and actions taken regarding SB5; (2) was not, to my knowledge, publicly released outside of the legislative process; and (3) was received and/or exchanged in furtherance of my legislative related activities; namely, the proposal, formulation, and passage of SB5, the 2023 Congressional Redistricting Plan as enacted by the Alabama Legislature in the Second Special Session of 2023.

Signed this ____18____ day of June, 2024.

By: _____

Mack Newman Butler; House District 28

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EVAN MILLIGAN, *et al.*,　　　　　）

　　　Plaintiffs,　　　　　　　　　）

　　　　　　　　　　　　　　　　）

v.　　　　　　　　　　　　　　　）　　Case No.: 2:21-cv1530-AMM

　　　　　　　　　　　　　　　　）

WES ALLEN, *et al.*　　　　　　　）　　THREE-JUDGE PANEL

　　　　　　　　　　　　　　　　）

　　　Defendants.　　　　　　　　）

---

## DECLARATION OF NONPARTY LEGISLATOR REPRESENTATIVE JIM CARNS

I, James Walton Carns, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1.　　I am James Walton Carns, I am over the age of nineteen (19) years, and I am fully competent and in no way otherwise disqualified from making this declaration.

2.　　I have personal knowledge of the statements contained herein.

3.　　I am a member of the Alabama House of Representatives and currently represent House District 48. I served in the Alabama House from 1990 to 2006 and then again from 2012 to the present.

4.      As a member of the Alabama House and a member of the Permanent Legislative Committee on Reapportionment during the Legislature's consideration and passage of SB5, I actively engaged in the legislative process during the consideration and approval of SB5 by the Alabama Legislature. As part of that process I received and/or exchanged legislatively privileged/non-public communications and information with Chris Brown ("Mr. Brown") of Red State Strategies, including emails and text messages.

5.      Pages 11 through 13 of Document 346-2 of this case represent a true and accurate copy of an email exchange I had with Mr. Brown wherein he alerted me to the existence of the subpoena at issue in this matter and in which I continued to maintain my legislative privilege over all such related and applicable communications and information.

6.      I hereby continue to assert my legislative privilege over communications and information exchanged between me and Mr. Brown and ask that the Court maintain and honor that privilege in this matter.

7.      I have known Mr. Brown since approximately 2005. In the years that followed we began an ongoing and personal consulting relationship that has continued to this day. He has regularly provided me with direct, personalized, and nonpublic political consulting advice and information on legislative issues that have been personal, private, and nonpublic, including the communications regarding SB5.

I have brought Mr. Brown into the legislative process as an integral part of my legislative activities. His individualized consulting communications and information are and have been relevant and important to my legislative-related activities, including the proposal, formulation, and consideration of legislation. This is especially true for me in redistricting legislation where political considerations play a significant role in the decision-making process.

8.     I have exchanged one (1) or more items of private and/or nonpublic communication or information with Mr. Brown directly related to the Alabama Legislature's formulation, consideration and passage of SB5 and my engagement as a participant therein. I seek to maintain my legislative privilege over those communications and/or information because it: (1) was received and/or exchanged as a part of my ongoing, nonpublic political consulting relationship with Mr. Brown and which I readily welcomed, valued, and considered helpful in my analysis and actions taken regarding SB5; (2) was not, to my knowledge, publicly released outside of the legislative process; and (3) was received and/or exchanged in furtherance of my legislative related activities; namely, the proposal, formulation, and passage of SB5, the 2023 Congressional Redistricting Plan as enacted by the Alabama Legislature in the Second Special Session of 2023.

Signed this ___**18**___ day of June, 2024.

By: *James Walton Carns*
James Walton Carns; House District 48

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

EVAN MILLIGAN, *et al.*,       )
                                 )

      *Plaintiffs*,           )
                                 )

**v.**                               )     **Case No.: 2:21-cv1530-AMM**
                                 )

**WES ALLEN**, *et al.*        )     **THREE-JUDGE PANEL**
                                 )

      *Defendants*.          )

---

## DECLARATION OF NONPARTY LEGISLATOR
## REPRESENTATIVE JAMIE KIEL

---

I, Jamie Glenn Kiel, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1. I am Jamie Glenn Kiel, I am over the age of nineteen (19) years, and I am fully competent and in no way otherwise disqualified from making this declaration.

2. I have personal knowledge of the statements contained herein.

3. I am a member of the Alabama House of Representatives and currently represent House District 18. I was elected to the position in 2018 and have served continuously since that time.

4.      As a member of the Alabama House during the Legislature's consideration and passage of SB5, I actively engaged in the legislative process during the consideration and approval of SB5 by the Alabama Legislature. As part of that process I received and/or exchanged legislatively privileged/non-public communications and information with Chris Brown ("Mr. Brown") of Red State Strategies, including emails and text messages.

5.      Pages 14 through 16 of Document 346-2 of this case represent a true and accurate copy of an email exchange I had with Mr. Brown wherein he alerted me to the existence of the subpoena at issue in this matter and in which I continued to maintain my legislative privilege over all such related and applicable communications and information.

6.      I hereby continue to assert my legislative privilege over communications and information exchanged between me and Mr. Brown and ask that the Court maintain and honor that privilege in this matter.

7.      Mr. Brown has regularly provided me with direct, personalized, and nonpublic political consulting advice and information, including the communications regarding SB5, since about June of 2017, when I first engaged his services for my campaign. Our ongoing personal consulting relationship has continued to this day, and has regularly included consultation on legislative issues. I have brought Mr. Brown into the legislative process as an integral part of my

legislative activities. His individualized consulting communications and information are and have been relevant and important to my legislative-related activities, including the proposal, formulation, and consideration of legislation. This is especially true for me in redistricting legislation where political considerations play a significant role in the decision-making process.

8.      I have exchanged one (1) or more items of private and/or nonpublic communication or information with Mr. Brown directly related to the Alabama Legislature's formulation, consideration and passage of SB5 and my engagement as a participant therein. I seek to maintain my legislative privilege over those communications and/or information because it: (1) was received and/or exchanged as a part of my ongoing, nonpublic political consulting relationship with Mr. Brown and which I readily welcomed, valued, and considered helpful in my analysis and actions taken regarding SB5; (2) was not, to my knowledge, publicly released outside of the legislative process; and (3) was received and/or exchanged in furtherance of my legislative related activities; namely, the proposal, formulation, and passage of SB5, the 2023 Congressional Redistricting Plan as enacted by the Alabama Legislature in the Second Special Session of 2023.

Signed this ___18___ day of June, 2024.

By: _____
Jamie Glenn Kiel
Alabama House District 18

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **EVAN MILLIGAN**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:21-cv1530-AMM** |
| | ) | |
| **WES ALLEN**, *et al.* | ) | **THREE-JUDGE PANEL** |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF NONPARTY LEGISLATOR
## REPRESENTATIVE ARNOLD MOONEY

I, Arnold Gaston Mooney, II, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1. I am Arnold Gaston Mooney, II, I am over the age of nineteen (19) years, and I am fully competent and in no way otherwise disqualified from making this declaration.

2. I have personal knowledge of the statements contained herein.

3. I am a member of the Alabama House of Representatives and currently represent House District 43. I was elected to the position in 2014 and have served continuously since that time.

4.      As a member of the Alabama House during the Legislature's consideration and passage of SB5, I actively engaged in the legislative process during the consideration and approval of SB5 by the Alabama Legislature. As part of that process I received and/or exchanged legislatively privileged/non-public communications and information with Chris Brown ("Mr. Brown") of Red State Strategies, including primarily text messages.

5.      Pages 18 through 19 of Document 346-2 of this case represent a true and accurate copy of an email exchange I had with Mr. Brown wherein he alerted me to the existence of the subpoena at issue in this matter and in which I continued to maintain my legislative privilege over all such related and applicable communications and information.

6.      I hereby continue to assert my legislative privilege over communications and information exchanged between me and Mr. Brown and ask that the Court maintain and honor that privilege in this matter.

7.      Mr. Brown has regularly provided me with direct, personalized, and nonpublic political consulting advice and information since about the fall of 2013. At that time, we began an ongoing personal consulting relationship that has continued to this day and has regularly included consultation on legislative issues that have been personal, private, and nonpublic, including the communications regarding SB5. I have brought Mr. Brown into the legislative process as an integral

part of my legislative activities. His individualized consulting communications and information are and have been relevant and important to my legislative-related activities, including the proposal, formulation, and consideration of legislation. This is especially true for me in redistricting legislation where political considerations play a significant role in the decision-making process.

8.    I have exchanged one (1) or more items of private and/or nonpublic communication or information with Mr. Brown directly related to the Alabama Legislature's formulation, consideration and passage of SB5 and my engagement as a participant therein. I seek to maintain my legislative privilege over those communications and/or information because it: (1) was received and/or exchanged as a part of my ongoing, nonpublic political consulting relationship with Mr. Brown and which I readily welcomed, valued, and considered helpful in my analysis and actions taken regarding SB5; (2) was not, to my knowledge, publicly released outside of the legislative process; and (3) was received and/or exchanged in furtherance of my legislative related activities; namely, the proposal, formulation, and passage of SB5, the 2023 Congressional Redistricting Plan as enacted by the Alabama Legislature in the Second Special Session of 2023.

Signed this ___18th___ day of June, 2024.

By: _____

Arnold Gaston Mooney, II
Alabama House, District 43

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVAN MILLIGAN, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | **Case No.: 2:21-cv1530-AMM** |
| | ) | |
| WES ALLEN, *et al.* | ) | **THREE-JUDGE PANEL** |
| | ) | |
| *Defendants.* | ) | |

## DECLARATION OF NONPARTY LEGISLATOR REPRESENTATIVE RICK REHM

I, Richard Joseph Rehm, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1.     I am Richard Joseph Rehm, I am over the age of nineteen (19) years, and I am fully competent and in no way otherwise disqualified from making this declaration.

2.     I have personal knowledge of the statements contained herein.

3.     I am a member of the Alabama House of Representatives and currently represent House District 85. I was elected to the position in 2022 and have served continuously since that time.

4. As a member of the Alabama House during the Legislature's consideration and passage of SB5, I actively engaged in the legislative process during the consideration and approval of SB5 by the Alabama Legislature. As part of that process I received and/or exchanged legislatively privileged/non-public communications and information with Chris Brown ("Mr. Brown") of Red State Strategies, including emails and text messages.

5. Pages 28 through 30 of Document 346-2 of this case represent a true and accurate copy of an email exchange I had with Mr. Brown wherein he alerted me to the existence of the subpoena at issue in this matter and in which I continued to maintain my legislative privilege over all such related and applicable communications and information.

6. I hereby continue to assert my legislative privilege over communications and information exchanged between me and Mr. Brown and ask that the Court maintain and honor that privilege in this matter.

7. Mr. Brown has regularly provided me with direct, personalized, and nonpublic political consulting advice and information since approximately the fall of 2022, when I first engaged his services for my campaign. Since that time, our communications have regularly included consultation on legislative issues that have been personal, private, and nonpublic, including the communications regarding SB5. I have brought Mr. Brown into the legislative process as an integral part of my

legislative activities. His individualized consulting communications and information are and have been relevant and important to my legislative-related activities, including the proposal, formulation, and consideration of legislation. This is especially true for me in redistricting legislation where political considerations play a significant role in the decision-making process.

8.     I have exchanged one (1) or more items of private and/or nonpublic communication or information with Mr. Brown directly related to the Alabama Legislature's formulation, consideration and passage of SB5 and my engagement as a participant therein. I seek to maintain my legislative privilege over those communications and/or information because it: (1) was received and/or exchanged as a part of my ongoing, nonpublic political consulting relationship with Mr. Brown and which I readily welcomed, valued, and considered helpful in my analysis and actions taken regarding SB5; (2) was not, to my knowledge, publicly released outside of the legislative process; and (3) was received and/or exchanged in furtherance of my legislative related activities; namely, the proposal, formulation, and passage of SB5, the 2023 Congressional Redistricting Plan as enacted by the Alabama Legislature in the Second Special Session of 2023.

Signed this ___/8___ day of June, 2024.

By: _____
Richard Joseph Rehm
Alabama House District 85

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVAN MILLIGAN, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | **Case No.: 2:21-cv1530-AMM** |
| | ) | |
| WES ALLEN, *et al.* | ) | **THREE-JUDGE PANEL** |
| | ) | |
| *Defendants.* | ) | |

DECLARATION OF NONPARTY LEGISLATOR
SENATOR DAN ROBERTS

I, Daniel Jarrell Roberts, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1. I am Daniel Jarrell Roberts, I am over the age of nineteen (19) years, I am fully competent and in no way otherwise disqualified from making this declaration.

2. I have personal knowledge of the statements contained herein.

3. I am a member of the Alabama Senate and currently represent District 15. I was elected to the position in 2018 and have continuously served in this position.

4. I was actively engaged in the legislative process during the consideration and approval of SB5 by the Alabama Legislature. As part of that process I received and/or exchanged legislatively privileged/non-public communications and information with Chris Brown ("Mr. Brown") of Red State Strategies, including emails and text messages. In addition to being a general member of the Alabama Senate, I also served on the Permanent Legislative Committee on Reapportionment leading up to and during the Legislature's consideration and passage of SB5. Because of my service on the redistricting committee, I specifically requested Mr. Brown's advice and detailed analysis on redistricting options for my review and for legislative consideration, both for my district and the state as a whole.

5. Pages 2 through 4 of Document 346-2 of this case represent a true and accurate copy of an email exchange I had with Mr. Brown wherein he alerted me to the existence of the subpoena at issue in this matter and in which I continued to maintain my legislative privilege over all such related and applicable communications and information.

6. I hereby continue to assert my legislative privilege over communications and information exchanged between me and Mr. Brown and ask that the Court maintain and honor that privilege in this matter.

7.      Mr. Brown has regularly provided me with direct, personalized, and nonpublic political consulting advice and information since approximately February of 2018, when I first engaged his services for my campaign. Since that time, I have brought Mr. Brown into the legislative process. His individualized consulting communications and information are and have been relevant and important to my legislative-related activities, including the proposal, formulation, and consideration of legislation. This is especially true for me in redistricting legislation where political considerations play a significant role in the decision-making process.

8.      I have exchanged one (1) or more items of private and/or nonpublic communication or information with Mr. Brown directly related to the Alabama Legislature's formulation, consideration and passage of SB5 and my engagement as a participant therein. I seek to maintain my legislative privilege over those communications and/or information because it: (1) was received and/or exchanged as a part of my ongoing, nonpublic political consulting relationship with Mr. Brown and which I readily welcomed, valued, and considered helpful in my analysis and actions taken regarding SB5; (2) was not, to my knowledge, publicly released outside of the legislative process; and (3) was received and/or exchanged in furtherance of my legislative related activities; namely, the proposal, formulation, and passage of SB5, the 2023 Congressional Redistricting Plan as enacted by the Alabama Legislature in the Second Special Session of 2023.

Signed this ____18TH____ day of June, 2024.

By: _____

Daniel Jarrell Roberts
Alabama Senate, District 15

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EVAN MILLIGAN,** *et al.,* | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:21-cv1530-AMM** |
| | ) | |
| **WES ALLEN,** *et al.* | ) | **THREE-JUDGE PANEL** |
| | ) | |
| *Defendants.* | ) | |

---

## DECLARATION OF NONPARTY FORMER LEGISLATOR CLAY SCOFIELD

---

I, Clay Daniel Scofield, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1. I am Clay Daniel Scofield, I am over the age of nineteen (19) years, I am fully competent and in no way otherwise disqualified from making this declaration, and I have personal knowledge of the statements contained herein.

2. I was an elected member of the Alabama Senate from 2010 to 2023, representing Senate District 9.

3. As a member of the Alabama Senate and a member of the Permanent Legislative Committee on Reapportionment during the Legislature's consideration

and passage of SB5, I actively engaged in the legislative process during the consideration and approval of SB5 by the Alabama Legislature. As part of that process I received and/or exchanged legislatively privileged/non-public communications and information with Chris Brown ("Mr. Brown") of Red State Strategies, including emails and text messages.

4. Pages 10 and 25 of Document 346-2 of this case represent a true and accurate copy of an email exchange I had with Mr. Brown wherein he alerted me to the existence of the subpoena at issue in this matter and in which I continued to maintain my legislative privilege over all such related and applicable communications and information.

5. I hereby continue to assert my legislative privilege over communications and information exchanged between me and Mr. Brown and ask that the Court maintain and honor that privilege in this matter.

6. Mr. Brown has regularly provided me with direct, personalized, and nonpublic political consulting advice and information since approximately 2009. On or about that time we began an ongoing personal consulting relationship that has continued to this day, and has regularly included consultation on legislative issues that have been personal, private, and nonpublic, including the communications regarding SB5. I have brought Mr. Brown into the legislative process as an integral part of my legislative activities. His individualized consulting communications and

information are and have been relevant and important to my legislative-related activities, including the proposal, formulation, and consideration of legislation. This is especially true for me in redistricting legislation where political considerations play a significant role in the decision-making process.

7.    I have exchanged one (1) or more items of private and/or nonpublic communication or information with Mr. Brown directly related to the Alabama Legislature's formulation, consideration and passage of SB5 and my engagement as a participant therein. I seek to maintain my legislative privilege over those communications and/or information because it: (1) was received and/or exchanged as a part of my ongoing, nonpublic political consulting relationship with Mr. Brown and which I readily welcomed, valued, and considered helpful in my analysis and actions taken regarding SB5; (2) was not, to my knowledge, publicly released outside of the legislative process; and (3) was received and/or exchanged in furtherance of my legislative related activities; namely, the proposal, formulation, and passage of SB5, the 2023 Congressional Redistricting Plan as enacted by the Alabama Legislature in the Second Special Session of 2023.

Signed this ____19th____ day of June, 2024.

By:    _____
      Clay Daniel Scofield
      Fmr. Alabama Senator, District 9

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **EVAN MILLIGAN, *et al.*,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:21-cv1530-AMM** |
| | ) | |
| **WES ALLEN, *et al.*** | ) | **THREE-JUDGE PANEL** |
| | ) | |
| *Defendants.* | ) | |

## DECLARATION OF NONPARTY LEGISLATOR REPRESENTATIVE ERNIE YARBROUGH

I, Ernie Patrick Yarbrough, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1. I am Ernie Patrick Yarbrough, I am over the age of nineteen (19) years, and I am fully competent and in no way otherwise disqualified from making this declaration.

2. I have personal knowledge of the statements contained herein.

3. I am a member of the Alabama House of Representatives and currently represent House District 7. I was elected to the position in 2022 and have served continuously since that time.

4.     As a member of the Alabama House during the Legislature's consideration and passage of SB5, I actively engaged in the legislative process during the consideration and approval of SB5 by the Alabama Legislature. As part of that process I received and/or exchanged legislatively privileged/non-public communications and information with Chris Brown ("Mr. Brown") of Red State Strategies, primarily if not solely including text messages.

5.     Pages 20 through 23 of Document 346-2 of this case represent a true and accurate copy of an email exchange I had with Mr. Brown wherein he alerted me to the existence of the subpoena at issue in this matter and in which I continued to maintain my legislative privilege over all such related and applicable communications and information.

6.     I hereby continue to assert my legislative privilege over communications and information exchanged between me and Mr. Brown and ask that the Court maintain and honor that privilege in this matter.

7.     Mr. Brown has regularly provided me with direct, personalized, and nonpublic political consulting advice and information, including the communications regarding SB5, since about February of 2022, when I first engaged his services for my campaign. Our ongoing personal consulting relationship has continued to this day and has regularly included consultation on legislative issues. I have brought Mr. Brown into the legislative process as an integral part of my

legislative activities. His individualized consulting communications and information are and have been relevant and important to my legislative-related activities, including the proposal, formulation, and consideration of legislation. This is especially true for me in redistricting legislation where political considerations play a significant role in the decision-making process.

8.      I have exchanged one (1) or more items of private and/or nonpublic communication or information with Mr. Brown directly related to the Alabama Legislature's formulation, consideration and passage of SB5 and my engagement as a participant therein. I seek to maintain my legislative privilege over those communications and/or information because it: (1) was received and/or exchanged as a part of my ongoing, nonpublic political consulting relationship with Mr. Brown and which I readily welcomed, valued, and considered helpful in my analysis and actions taken regarding SB5; (2) was not, to my knowledge, publicly released outside of the legislative process; and (3) was received and/or exchanged in furtherance of my legislative related activities; namely, the proposal, formulation, and passage of SB5, the 2023 Congressional Redistricting Plan as enacted by the Alabama Legislature in the Second Special Session of 2023.

Signed this ___18___ day of June, 2024.

By: _____
Ernie Patrick Yarbrough
Alabama House District 7