FILED
2024 Aug-07  AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**EVAN MILLIGAN**, *et al.*,
                        **Plaintiffs,**

           **v.**

**WES ALLEN, in his official capacity as Alabama Secretary of State**, *et al.*,
                        **Defendants.**

**Case No. 2:21-cv-01530-AMM**

**THREE-JUDGE COURT**

Before MARCUS, Circuit Judge, MANASCO and MOORER, District Judges.

BY THE COURT:

## <u>ORDER</u>

This case is one of three congressional redistricting cases pending in the United States District Court for the Northern District of Alabama that alleges that Alabama's recent congressional redistricting plans were racially gerrymandered in violation of the United States Constitution and/or diluted the votes of Black Alabamians in violation of Section Two of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10301 (Section Two). *See Singleton v. Allen*, 2:21-cv-1291-AMM (three-judge court) Doc. 1 (asserting only constitutional challenges); *Milligan v. Allen*, 2:21-cv-1530-AMM (three-judge court) Doc. 1 (asserting both constitutional and statutory challenges); *Caster* Doc. 3 (asserting only statutory challenges).

After a seven-day hearing in January 2022, both this three-judge Court in *Singleton* and *Milligan* and Judge Manasco sitting alone in *Caster* concluded that Alabama's 2021 Plan likely violated Section Two and preliminarily enjoined the State from using that plan. *Milligan* Doc. 107; *Singleton* Doc. 88; *Caster* Doc. 101. The Court held that "the appropriate remedy is a congressional redistricting plan that includes either an additional majority-Black congressional district, or an additional district in which Black voters otherwise have an opportunity to elect a representative of their choice." *Milligan* Doc. 107 at 5.[1] The Court ruled "that any remedial plan will need to include two districts in which Black voters either comprise a voting-age majority or something quite close to it." *Id.* at 6.

The Defendants, Alabama Secretary of State Wes Allen ("the Secretary"), and Alabama Representative Chris Pringle and Senator Steve Livingston ("the Legislators"), who serve as the Chairmen of the Alabama Legislature's Permanent Legislative Committee on Reapportionment, appealed to the Supreme Court. *Milligan* Doc. 108.

On June 8, 2023, the Supreme Court affirmed the preliminary injunction in all respects. *Allen v. Milligan*, 599 U.S. 1, 42 (2023). *Milligan* then returned to this three-judge Court, and *Caster* returned to Judge Manasco sitting alone. The

---

[1] Pincites are to the CM/ECF page number in the top right-hand corner of the page, if such a number is available.

Secretary and the Legislators "requested that we allow the Legislature approximately five weeks—until July 21, 2023—to enact a new plan," *Milligan* Doc. 311 at 4 (citing *Milligan* Doc. 166), and we did, *Milligan* Doc. 168. On July 21, 2023, the Legislature enacted and Governor Ivey signed into law a new congressional map ("the 2023 Plan"). *Milligan* Doc. 311 at 4–5. "Just like the 2021 Plan, the 2023 Plan include[d] only one majority-Black district: District 7." *Id.* at 5.

All three sets of Plaintiffs requested another preliminary injunction. *Id.* The Court conducted a hearing on the *Milligan* and *Caster* Plaintiffs' Section Two objections to the 2023 Plan, and Defendants conceded that the 2023 Plan did not include an additional opportunity district. *See id.* at 5–6; *Caster* Doc. 253 at 4–5.

On September 5, 2023, the Court issued another preliminary injunction, concluding that the 2023 Plan—just like the 2021 Plan—likely violated Section Two, enjoined the Secretary of State from using that plan, and reserved ruling on the constitutional claims. *Milligan* Doc. 272; *Singleton* Doc. 191; *Caster* Doc. 223. The Secretary moved the Supreme Court for a stay, which was denied. *Allen v. Milligan*, Emergency Application for Stay, No. 23A231 (Sept. 11, 2023); *Allen v. Milligan*, Order Denying Stay, No. 23A231 (Sept. 26, 2023).

When the Court issued the second preliminary injunction, it instructed the Special Master, cartographer, and Special Master's counsel it had previously appointed (the "Special Master Team") to commence work on a remedial map.

3

*Milligan* Doc. 272 at 7. The Special Master solicited proposals and comments from the parties and the public and recommended three remedial plans. *See In re Redistricting 2023*, No. 2:23-mc-01181-AMM. The Court then received objections and held a public hearing on October 3, 2023.

The Court concluded that the Special Master's "Remedial Plan 3" "satisfie[d] all constitutional and statutory requirements while hewing as closely as reasonably possible to the Alabama Legislature's 2023 Plan[,]" *Milligan* Doc. 311 at 7–8, and we ordered the Secretary to administer Alabama's upcoming 2024 congressional elections using that plan, *id.* at 7.

In January 2024, Plaintiffs amended their complaint, *Milligan* Doc. 329, Defendants moved to dismiss, *Milligan* Doc. 331, and the Court denied that motion, *Milligan* Doc. 372.

The case is now before the Court on an Unopposed Motion for Entry of Order Concerning Costs and Attorneys' Fees. *Milligan* Doc. 379. As prevailing parties, the *Milligan* Plaintiffs have asserted a claim for interim costs and attorneys' fees. *See Milligan* Docs. 170, 314, 379. The parties have conferred on that issue and reached an agreement. *See Milligan* Doc. 379.

More particularly, the parties have agreed "that the State of Alabama shall pay to counsel for the *Milligan* plaintiffs the sum of $3,000,000." *Id.* at 1. Under the parties' agreement, this sum will satisfy "all claims for costs and attorneys' fees"

4

asserted by the *Milligan* plaintiffs "related to this Court's preliminary injunction entered on January 24, 2022, Doc. 107, the appeal of that order, *see Allen v. Milligan*, 599 U.S. 1 (2023), and the proceedings that followed in which the 2023 Plan was preliminarily enjoined and the court-drawn map was created and approved." *Id.* at 1–2.

The Secretary now requests an order from the Court requiring the payment of the agreed $3 million amount within sixty days of the order. *Id.* at 2. The *Milligan* Plaintiffs and the Legislators do not oppose that request. *Id.*

The Court will grant the Secretary's request. The *Milligan* Plaintiffs have asserted a claim for interim costs and attorneys' fees, and those Plaintiffs are "prevailing parties" under applicable law, *see* 42 U.S.C. § 1988, with respect to (1) this Court's preliminary injunction entered on January 24, 2022, *Milligan* Doc. 107; (2) the appeal of that order to the Supreme Court of the United States, *see Allen*, 599 U.S. at 1; and (3) the proceedings that followed in which the 2023 Plan was preliminarily enjoined and the court-drawn map was created and approved.

Further, the agreed $3 million amount is reasonable in the light of the unusually extensive record in this case, which spans more than two years and includes a seven-day preliminary injunction hearing in January 2022, briefing and argument in the Supreme Court, another preliminary injunction hearing in August 2023, motion practice in the Supreme Court, and remedial proceedings in this Court

after the Supreme Court declined to stay the second preliminary injunction. Diligent and experienced counsel has represented the *Milligan* Plaintiffs throughout all the proceedings.

Finally, the Court finds that the agreed $3 million amount is also reasonable because it is the result of lengthy negotiations between the parties. Counsel for the parties first advised the Court that they were discussing the *Milligan* Plaintiffs' claim for interim fees in October 2023, *Milligan* Doc. 314, and they have consistently communicated to the Court their hope that they would be able to reach a negotiated result without the Court's involvement, Docs. 322, 326, 336, 343, 351, 359, 369. All involved counsel are diligent and experienced, and their mutual agreement that $3 million is a reasonable interim fee is compelling evidence that it is.

Accordingly, the Unopposed Motion for Entry of Order Concerning Costs and Attorneys' Fees is **GRANTED**, and the State of Alabama **SHALL PAY** $3,000,000 to counsel for the *Milligan* Plaintiffs within sixty days of the date of this order.

**DONE** and **ORDERED** this 7th day of August, 2024.

**STANLEY MARCUS**
UNITED STATES CIRCUIT JUDGE

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

**TERRY F. MOORER**
UNITED STATES DISTRICT JUDGE