UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOBBY SINGLETON, *et al.*,<br>　　　　Plaintiffs,<br><br>v.<br><br>WES ALLEN, in his official capacity as Alabama Secretary of State,<br>　　　　Defendant. | Case No. 2:21-cv-01291-AMM<br><br>THREE-JUDGE COURT |
| EVAN MILLIGAN, *et al.*,<br>　　　　Plaintiffs,<br><br>v.<br><br>WES ALLEN, in his official capacity as Alabama Secretary of State,<br>　　　　Defendant. | Case No. 2:21-cv-01530-AMM<br><br>THREE-JUDGE COURT |
| MARCUS CASTER, *et al.*,<br>　　　　Plaintiffs,<br><br>v.<br><br>WES ALLEN, in his official capacity as Alabama Secretary of State,<br>　　　　Defendant. | Case No.: 2:21-cv-1536-AMM |

Before MARCUS, Circuit Judge, MANASCO and MOORER, District Judges.

BY THE COURT:

# ORDER

These congressional redistricting cases are before the Court on joint motions by all parties for the Court to approve stipulations regarding the prior testimony of certain fact witnesses in *Alabama State Conference of the NAACP v. Allen*, Case No. 2:21-cv-1531-AMM, and to preadmit stipulated exhibits for trial. *Singleton* Doc. 280; *Milligan* Doc. 433; *Caster* Doc. 343. In their motions, the parties stipulate that the Court may consider the trial transcript testimony as well as the impressions of Judge Manasco regarding the live in-court testimony of the following fact witnesses in *Alabama State Conference of the NAACP*:

1. Col. Jon Archer
2. Valerie Branyon
3. Cedric Coley
4. Scott Douglas
5. Dr. Karen Landers, M.D.
6. Bill McCollum
7. Benard Simelton
8. Tari Williams

*Milligan* Doc. 433 at 2.

The prior testimony is judicially noticeable, *see Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1224–25 (11th Cir. 2017), but the Court shall not be

preemptively limited to the impressions of Judge Manasco sitting alone. To that end, the Court will admit and consider the portions of the trial transcript that the parties designate, independently make its own determinations about what weight to afford each witness and what inferences it may draw from that trial transcript, and may ask the parties to call any of these witnesses live for purposes of credibility determinations only as may be necessary.

Therefore, for good cause, these motions are **GRANTED** in part, the Court **ADMITS** the prior testimony pursuant to the terms described above, and the Court **ORDERS** the following:

1. The parties shall file the designated portions of prior testimony from *Alabama State Conference of the NAACP* referenced in their motions, and which they agree are judicially noticeable, into the record in these cases on or before **JANUARY 30, 2025**. Any such testimony filed by the parties in one of these three congressional redistricting cases is **DEEMED** filed in the other two cases as well.

2. Defendants' exhibits DX027–33, DX222 (DX128 in the *Alabama State Conference of the NAACP* case), DX223 (DX131 in the *Alabama State Conference of the NAACP* case), DX224 (DX256 in the *Alabama State Conference of the NAACP* case), and DX225 are **PREADMITTED** for trial.

3. Plaintiffs' exhibits MX28–31, MX41-50, MX54–56, MX60 (which is not being offered for the truth of the matters asserted therein), MX63, MX65, MX67, MX71–73, MX170, MX173–175, and MX179–184 are **PREADMITTED** for trial.

**DONE** and **ORDERED** this 28th day of January, 2025.

_____
STANLEY MARCUS
UNITED STATES CIRCUIT JUDGE

_____
ANNA M. MANASCO
UNITED STATES DISTRICT JUDGE

_____
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE