FILED

2025 Feb-17  PM 06:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| BOBBY SINGLETON, *et al.*, | |
| Plaintiffs, | Case No.: 2:21-cv-1291-AMM |
| v. | THREE-JUDGE COURT |
| WES ALLEN, *et al.*, | |
| Defendants. | |
| EVAN MILLIGAN, *et al.*, | |
| Plaintiffs, | Case No. 2:21-cv-01530-AMM |
| v. | THREE-JUDGE COURT |
| WES ALLEN, *et al.*, | |
| Defendants. | |
| MARCUS CASTER, *et al.*, | |
| Plaintiffs, | Case No.: 2:21-cv-1536-AMM |
| v. | |
| WES ALLEN, *et al.*, | |
| Defendants. | |

## <u>JOINT CONSOLIDATED MOTION AND REQUEST TO ENTER STIPULATED FACTS, EXHIBITS, AND DEPOSITION TESTIMONY</u>

The *Milligan* Plaintiffs, *Caster* Plaintiffs, *Singleton* Plaintiffs, and State Defendants Secretary Allen, Senator Livingston, and Representative Pringle (the "Parties") respectfully move the Court to: (1) allow them to submit certain deposition testimony and declarations in lieu of calling certain witnesses at trial; (2) admit certain exhibits into the trial record; and (3) accept certain stipulations of fact between the Parties.

## I. <u>Amended Deposition Designations</u>

The Parties further respectfully move the Court to accept the Parties' agreement to admit the following exhibits into evidence, and to accept the Parties' supplemental deposition designations in lieu of calling the following witnesses live at trial.

**Exhibits:**

a. Mr. Sam Jones's July 27, 2023 Declaration (Ex. 2 to Small's Deposition); and

b. Mr. Lee Lawson's August 4, 2023 Declaration (Ex. 1 to Lawson's Deposition).

c. Certain declarations and exhibits associated with the testimony of Mr. Kenneth Boswell, Mr. Brad Kimbro, Mr. Gerald Nix, Mr. Mike Schmitz, Mr. Derrick Turner, and Mr. Jeff Williams, with the Parties to identify such exhibits by Wednesday, February 19, 2025.

**Deposition Designations and Counter Designations:**

| Witness | Plaintiffs' Designations | Defendants' Counter Designations |
|---|---|---|
| Sam Jones | Tr. 14:2-22, 21:6-22, 24:13-14, 24:17-25:1, 26:10-17, 27:19-30:14, 31:3-21, 32:14-33:4, 33:10-12, 33:15-34:3, 34:19-22, 35:4-38:19, 39:4-23, 40:5-41:1, 41:3-13, 42:1-5, 42:10-21, 43:3-11, 43:15-19, 43:22-44:10, 44:16-45:18, 46:12-47:3, 48:12-49:13, 49:23-50:19, 51:5-10, 52:6-21, 53:20-54:23, 57:6-58:11, 68:23-70:17, 71:14-23, 73:12-22, 75:11-17, 76:11-22, 77:23-78:11, 79:8-13, 80:7-14, 81:23-82:5, 82:10-86:21, 87:6-91:11, 92:13-20, 93:22-94:9, 95:12-17, 95:23-98:13, 99:14-100:6, 102:5-13, 104:11-105:5, 106:3-9, 109:3-110:5, 110:20-111:2, 111:17-112:3, 112:7-114:5, 114:12-115:16, 115:21-120:18, 122:9-123:22, 126:1-5, 126:12-21, 127:1-19, 128:7-23, 133:6-134:2, 134:6-17, 135:7-136:10, 136:15-137:1, 137:16-141:7, 142:16-143:11. | Tr. 24:17-20, 57:11-17, 76:18-22, 77:23 to 78:6, 85:14-17, 98:1-23, 112:7-14, 116:17 to 117:20, 118:16-18, 121:5-10, 125:5-23, 129:18 to 130:3, 131:4 to 133:5, 138:10-21, 139:9-14, 141:8 to 142:15 |

| Witness | Defendants' Designations | Plaintiffs' Counter Designations |
|---|---|---|
| Lee Lawson (Sept. 4, 2024)[1] | Tr. 9:23-27:1; 29:10-55:5; 58:9-74:11. | Tr. 11:22-12:3, 12:17-15:23, 27:4-27:25, 28:16- 29:7, 32:14-18, 33:21-34:21, |

---

[1] Defendants offer these designations in addition and as an amendment thereto their prior deposition designations of Mr. Lee Lawson (*see Milligan,* Doc. 426). Plaintiffs have simply relisted their counter designations (*see Milligan*, Doc. 435) for Mr. Lawson.

| | | 35:13-38:15, 39:11- 39:19, 41:10-41:14, 41:19-42:7, 42:18-45:8, 46:25-47:25, 48:12-14, 49:14-50:8, 52:1-6, 53:17-55:5, 55:20-57:6, 57:10-58:24, 59:21-63:5, 63:20-65:16, 66:23-67:21, 68:2-69:18, 70:24- 71:11, 72:7-75:1, 75:20-25. |
|---|---|---|
| C.J. Small | Tr. 16:17-21:12; 23:10-28:8; 28:17-29:22; 30:18-37:13; 38:16-46:19; 48:23-52:10; 62:14-72:10; 74:21-75:10; 82:2-83:18; 87:3-88:7; 89:18-100:4. | Tr. 8:1-7, 9:15-10:1, 12:22-14:1, 14:12-13, 22:9-15, 30:15-17, 52:15-22, 54:6-9, 58:19-59:1, 73:18-74:2, 76:4-20, 77:23-78:10, 78:23-79:8, 81:9-12, 85:15-86:24, 88:8-89:8. |

The Parties also expect to make certain deposition designations and counter-designations from the depositions of Mr. Kenneth Boswell, Mr. Brad Kimbro, Mr. Gerald Nix, Mr. Mike Schmitz, Mr. Derrick Turner, and Mr. Jeff Williams, and anticipate providing these to the Court by Wednesday, February 19, 2025.

## II.    **Admission of Expert Reports**

The Parties also respectfully move the Court to accept the Parties' agreement to admit the following expert reports into evidence, subject to any Rule 702 objections raised at trial or *Daubert* motions, and so long as the Parties have a chance to cross-examine the expert witnesses on such reports:

### *Plaintiffs' Expert Reports*

- CX1: 2024 05-17 Expert Report of William S. Cooper

- CX2: 2024 09-06 Corrected Supplemental Report of William S. Cooper

- CX3: 2024 05-17 Expert Report of Maxwell Palmer

- CX4: 2024 07-31 Rebuttal Report of Maxwell Palmer

- CX5: 2024 05-17 Expert Report of Joseph Bagley

- CX6: 2024 07-31 Rebuttal Report of Joseph Bagley

- CX7: 2024 05-17 Expert Report of Traci Burch

- CX8: 2024 07-31 Rebuttal Report of Traci Burch

- CX9: 2023 07-28 Expert Report of Maxwell Palmer in Support of Caster Objections

- CX10: 2023 7-28 Expert Report of Joseph Bagley in Support of Milligan Objections

- CX11: 2021 12-10 Expert Report of William S. Cooper

- CX12: 2021 12-20 Rebuttal Report of William S. Cooper

- CX13: 2021 12-10 Expert Report of Maxwell Palmer

- CX16: 2021 12-10 Expert Report of Joseph Bagley

- CX17: 2021 12-20 Rebuttal Report of Joseph Bagley

- MX1: First Expert Report of Joseph Bagley, Ph.D.

- MX2: Second Expert Report of Joseph Bagley, Ph.D.

- MX3: Third Expert Report of Joseph Bagley, Ph.D.

- MX4: Fourth Expert Report of Joseph Bagley, Ph.D.

- MX5: Fifth Expert Report of Joseph Bagley, Ph.D.

- MX6: First Expert Report of Traci Burch, Ph.D.

- MX7: Second Expert Report of Traci Burch, Ph.D.

- MX8: First Expert Report of Moon Duchin, Ph.D.

- MX9: Second Expert Report of Moon Duchin, Ph.D.

- MX10: Third Expert Report of Moon Duchin, Ph.D.

- MX11: Fourth Expert Report of Moon Duchin, Ph.D.

- MX12: Fifth Expert Report of Moon Duchin, Ph.D.

- MX13: First Expert Report of Baodong Liu, Ph.D.

- MX14: Second Expert Report of Baodong Liu, Ph.D.

- MX15: Third Expert Report of Baodong Liu, Ph.D.

- MX16: Fourth Expert Report of Baodong Liu, Ph.D.

- MX17: Fifth Expert Report of Baodong Liu, Ph.D.

- MX18: First Expert Report of M.V. "Trey" Hood, Ph.D.

- SX31: Kari Frederickson Expert Report

- SX32: Kari Frederickson Supplemental Report

- SX33: Volney Riser Expert Report

### *Defendants' Expert Reports*

- DX1: Expert Report of Dr. Christopher W. Bonneau

- DX2: Response Report of Dr. Christopher W. Bonneau

- DX3: Expert Report of Adam M. Carrington, Ph.D.

- DX4: Updated CV of Adam M. Carrington, Ph.D.

- DX5: Expert Report of M.V. Hood III

- DX6: Supplemental Expert Report of M.V. Hood III

- DX7: Expert Report of M.V. Hood III

- DX8: Expert Report of Dr. Wilfred Reilly

- DX9: Expert Report of Sean P. Trende

- DX10: Expert Report of Sean P. Trende, Ph.D.

Many of these reports have been admitted during the course of the first week of trial, but for the sake of completeness and certainty, are also included here.

## III.    **Admission of Documents in Legislative Record**

In addition to expert reports, the Parties also respectfully move the Court to accept the Parties' agreement to admit the following documents into evidence, subject to the qualifications and objections noted below:

1. The Affidavit of Donna Loftin, attached hereto as Exhibit A;

2. Without objection: Defendants' Exhibits 87-91, 96, 110, 115, 117-123, 134-145, 147, 159, 182-192, and 199-206; and

3. Offered for the purposes of establishing that the documents were received by the Alabama Joint Legislative Committee on Reapportionment as part of their record: Defendants' Exhibits 227-246.

As to Defendants' Exhibits 227-246, the *Milligan*, *Singleton*, and *Caster* Plaintiffs reserve their hearsay objections to the degree that Defendants seek to use these exhibits for the truth of the matters asserted therein.

## IV.  Request for Judicial Notice

The Plaintiffs respectfully request that the Court take judicial notice of the special master report (*see Milligan*, Doc. 295), including all exhibits thereto (*see Milligan*, Doc. 296 to 296-15). The Defendants do not oppose this request.

## V.  Additional Stipulated Facts

The Parties further wish to stipulate to the following additional facts for purposes of trial in these cases, and for no other purposes. In stipulating to these facts, the parties do not waive their right to argue that any fact is irrelevant or entitled to little or no weight:

### National Voter Registration Act Agreements

1.    In June 2012, the Alabama State Conference of the NAACP sent a letter to the Alabama Secretary of State contending that Alabama was not fulling its obligations under Section 7 of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20506, to register people to vote at public assistance offices. The letter asserted, among other things, that data Alabama submitted to the United States Election Assistance Commission showed the number of voter registration applications submitted to Alabama public assistance offices decreased from 80,096

at the peak in 1995-1996 to only 19,059 in 2009-2010, a reduction of 76%, and that, in the same period, the number of initial Food Stamp applications submitted in Alabama increased about 60% from 368,862 to 581,882.

2.    In December 2013, the Alabama NAACP entered into a settlement agreement with the Alabama Medicaid Agency and the Alabama Secretary of State as well as a settlement agreement with the Alabama Department of Human Resources (DHR) and the Alabama Secretary of State.

3.    The Agreements stated that the Medicaid Agency, DHR, and the Secretary did not admit liability or a violation of the NVRA, and that the Alabama NAACP maintained its allegations of widespread past and ongoing violations.

4.    The Agreements required: both of the agencies and the Secretary to designate an NVRA Coordinator; the agencies to designate local or county NVRA Coordinators; the integration of voter registration into any relevant agency online materials and processes; training of the agencies' staff on voter-registration obligations; and changes to the availability of forms and processes to ensure consistent provision of opportunities to register to vote at public assistance offices.

5.    By their terms, the Agreements remained in effect until November 30, 2016.

**Challenge to Ala. Act No. 2024-33 (SB 1)**

6.     In April 2024, the Alabama NAACP and others filed a six-count complaint for declaratory and injunctive relief challenging Alabama Act No. 2024-33, also referred to as "SB 1." *Ala. State Conf. of the NAACP v. Attorney General Marshall*, Case No. 2:24-cv-420-RDP (N.D. Ala., pending).

7.     Judge Proctor granted a preliminary injunction to the Alabama NAACP, holding "that Plaintiffs have a likelihood of success on the merits as to their claim  that the Submission Restriction and the Payment and Gift Provisions of SB 1 are preempted by Section 208 of the [Voting Rights Act, 52 U.S.C. § 10508.]" *Ala. State Conf. of NAACP v. Marshall*, No. 2:24-CV-00420-RDP, 2024 WL 4282082, at *6 (N.D. Ala. Sept. 24, 2024).

8.     The Secretary simultaneously appealed the preliminary injunction and sought a stay of that order. The Eleventh Circuit denied a stay.  *Ala. State Conf. of NAACP v. Att'y Gen.*, No. 24-13111, 2024 WL 4481489 (11th Cir. Oct. 11, 2024).

9.     The State's appeal from the preliminary injunction remains pending. *Ala. State Conf. of the NAACP v. Attorney General for the State of Alabama*, Case No. 24-13111 (11th Cir. pending).

10.     Judge Proctor dismissed the remaining counts—which rested on the First Amendment and the Help America Vote Act—for failure to state a claim. *Ala.*

*State Conf. of NAACP v. Marshall*, No. 2:24-CV-00420-RDP, 2024 WL 3893426 (N.D. Ala. Aug. 21, 2024).

### 2024 Process to Remove Alleged Noncitizens from the Voting Rolls

11.     In August 2024, Secretary of State Allen announced he had "identified 3,251 individuals who are registered to vote in Alabama who have been issued noncitizen identification numbers by the Department of Homeland Security."

12.     Secretary Allen announced that he had referred these individuals to the Alabama Attorney General for "further investigation and possible prosecution," and that he was "instructing the Boards of Registrars in all 67 counties to immediately inactivate and initiate steps necessary to remove" those individuals from the active voter rolls. Inactive voters can vote if they timely update their registration or complete a Voter's Reidentification/Update Form at the polls on Election Day.

13.     The Alabama NAACP and others challenged this process as happening too close to the 2024 General Election in violation of Section 8 of the NVRA, 52 U.S.C. § 20507(c)(2), as well as on other grounds, including discriminatory targeting of naturalized citizens and voter intimidation. *Ala. Coal. for Immigrant Just. v. Allen*, Case No. 2:24-cv-1254-AMM (N.D. Ala. pending).

14.     Separately, the United States also challenged the process as happening too close to the 2024 General Election in violation of Section 8 of the NVRA, 52

U.S.C. § 20507(c)(2). *United States v. Alabama*, Case No. 2:24-cv-1329-AMM (N.D. Ala. pending).

15.    Judge Manasco consolidated the private Plaintiffs' case and the United States case for purposes of a preliminary injunction hearing.

16.    Judge Manasco entered a preliminary injunction in favor of the United States. *Ala. Coal. for Immigrant Just. v. Allen*, No. 2:24-CV-1254-AMM, 2024 WL 4510476, at *1 (N.D. Ala. Oct. 16, 2024). In that order, Judge Manasco concluded that the Secretary "(1) blew the [ninety-day] deadline when he announced a purge program to begin eighty-four days before the 2024 General Election, (2) later admitted that his purge list included thousands of United States citizens (in addition to far fewer noncitizens, who are ineligible to vote), and (3) in any event, referred everyone on the purge list to the Alabama Attorney General for criminal investigation." *Id*. The preliminary injunction expired on the day after the 2024 General Election.

17.    Given the injunction in the United States' case, Judge Manasco "reserve[d] ruling on all other issues in these cases." *Ala. Coal. for Immigrant Just. v. Allen*, No. 2:24-CV-1254-AMM, 2024 WL 4510476, at *2 (N.D. Ala. Oct. 16, 2024).

18.    Both cases remain pending, as does the State Defendants' motion to dismiss the private Plaintiffs' case.

* * *

This motion seeks to supplement the Parties' earlier stipulations that have been entered into for purposes of trial. It does not seek to modify past stipulated facts or other stipulations about the trial record.

WHEREFORE, the Parties move the Court to (1) allow the Parties to submit certain deposition testimony and declarations in lieu of calling certain witnesses at trial; (2) admit certain exhibits into the trial record; and (3) accept certain stipulations of fact between the Parties.

Respectfully submitted,

Steve Marshall
 *Attorney General*

s/ James W. Davis
Edmund G. LaCour Jr. (ASB-9182-U81L)
 *Solicitor General*

Soren Geiger (ASB-0336-T31L)
 *Assistant Solicitor General*

James W. Davis (ASB-4063-I58J)
 *Deputy Attorney General*
Richard D. Mink (ASB-4802-M76R)
Misty S. Fairbanks Messick (ASB-1813-T71F)
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
Charles A. McKay (ASB-7256-K18K)
 *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue

P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Soren.Geiger@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Richard.Mink@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov

***Counsel for Secretary of State Allen***


s/Michael P. Taunton
Michael P. Taunton (ASB-6833-H00S)
Riley Kate Lancaster (ASB-1002-X86W)
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 251-8100
MTaunton@Balch.com
RLancaster@Balch.com

J. Dorman Walker (ASB-9154-R81J)
BALCH & BINGHAM LLP
Post Office Box 78 (36101)
445 Dexter Avenue, Suite 8000
Montgomery, Alabama 36104
Telephone: (334) 269-3138
DWalker@Balch.com


***Counsel for Sen. Livingston & Rep. Pringle***

*/s/ Deuel Ross*
Deuel Ross*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
Colin Burke*
Victor Olofin*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org

/s/ Sidney M. Jackson
Sidney M. Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
(205) 341-0498
sjackson@wigginschilds.com

Davin M. Rosborough*
Theresa Lee*
Dayton Campbell Harris*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500

drosborough@aclu.org

Alison Mollman (ASB-8397-A33C)
Laurel Hattix (ASB-4592-E20I)
AMERICAN CIVIL LIBERTIES
UNION OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org
lhattix@aclualabama.org

Shelita M. Stewart*
Jessica L. Ellsworth*
Amanda Allen*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
shelita.stewart@hoganlovells.com

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
James Ettinger*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars

Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

***Counsel for Milligan Plaintiffs***
*Admitted Pro Hac Vice

*/s/ Abha Khanna*
Abha Khanna*
**Elias Law Group LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
(206) 656-0177
AKhanna@elias.law

Lalitha D. Madduri*
Richard A. Medina*
Qizhou Ge*
**Elias Law Group LLP**
250 Massachusetts Ave, Suite 400
Washington, D.C. 20001
(202) 968-4490
LMadduri@elias.law
RMedina@elias.law
AGe@elias.law

Richard P. Rouco
(AL Bar. No. 6182-R76R)
**Quinn, Connor, Weaver, Davies & Rouco LLP**
Two North Twentieth
2-20th Street North, Suite 930
Birmingham, AL 35203
Phone: (205) 870-9989
Fax: (205) 803-4143
rrouco@qcwdr.com

***Attorneys for Caster Plaintiffs***
*Admitted Pro Hac Vice

*/s/ James Uriah Blacksher*

James Uriah Blacksher
825 Linwood Road
Birmingham, AL 35222
Tel: (205) 612-3752
Fax: (866) 845-4395
Email: jublacksher@gmail.com

U.W. Clemon
U.W. Clemon, LLC
Renasant Bank Building
2001 Park Place North, Tenth Floor
Birmingham, AL 35203
Tel.: (205) 506-4524
Fax: (205) 538-5500
Email: uwclemon1@gmail.com

*/s/ J.S. "Chris" Christie*

J.S. "Chris" Christie (ASB-3162-H07J)
Dentons Sirote PC
2311 Highland Avenue South
Birmingham, AL 35205
Tel: (205) 930-5100
Fax: (205) 930-5101
chris.christie@dentons.com

**Counsel for Singleton Plaintiffs**