## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BOBBY SINGLETON,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No.: 2:21-cv-1291-AMM** |
| | ) | |
| **WES ALLEN,** *in his official* | ) | |
| *capacity as Secretary of State of* | ) | **THREE-JUDGE COURT** |
| *Alabama, et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **EVAN MILLIGAN,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No.: 2:21-cv-1530-AMM** |
| | ) | |
| **WES ALLEN,** *in his official* | ) | **THREE-JUDGE COURT** |
| *capacity as Secretary of State of* | ) | |
| *Alabama, et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

Before MARCUS, Circuit Judge, MANASCO and MOORER, District Judges.

BY THE COURT:

## **ORDER**

These cases are before the Court on Alabama Secretary of State Wes Allen's

emergency motion to stay the permanent injunction we entered in *Singleton v. Allen*,

1

Case No. 2:21-cv-1291-AMM, and *Milligan v. Allen*, Case No. 2:21-cv-1530-AMM. Doc. 520.[1] After we permanently enjoined Alabama's 2023 congressional districting plans, *see* Doc. 510, Secretary Allen noticed his third appeal to the Supreme Court of the United States, Doc. 511. On April 29, 2026, that Court decided *Louisiana v. Callais*, Nos. 24-109 & 24-110. Doc. 520 at 2. According to the Secretary, because *Callais* clarified Section Two of the Voting Rights Act of 1965 "in ways that should fundamentally alter the inquiry regarding the legality of Alabama's 2023 Plan," *id.* at 4, we should stay our injunction, *see id.* at 7–8.

The Secretary concedes that "[t]he Supreme Court presently has jurisdiction over [his] appeal as-of-right," but argues that "there is ambiguity in the caselaw regarding whether Federal Rule of Civil Procedure 62(d)" allows a "district court[] to suspend injunctions pending appeal." *Id.* at 2 n.1. Each set of plaintiffs opposes a stay. Doc. 523; *Singleton* Doc. 350. The plaintiffs in *Caster v. Allen*, Case No. 2:21-cv-01536-AMM, a coordinated case pending before Judge Manasco sitting alone, also oppose a stay. *Caster* Doc. 429.

Under longstanding and controlling precedent, "[a]n appeal . . . 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident*

---

[1] Unless otherwise specified, citations are to the *Milligan* docket, Case No. 2:21-cv-01530-AMM.

*Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *accord, e.g.*, *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). This means that "the district court has no authority to set aside its judgment, grant leave to amend the complaint, or allow any further litigation of the issues involved in the appeal." *Boyd v. Sec'y, Dep't of Corr.*, 114 F.4th 1232, 1238 (11th Cir. 2024). Exceptions include district court orders (1) in aid of the appeal, or (2) addressing collateral matters such as costs and attorneys' fees. *Id.* at 1238; *see also Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 648–49 (11th Cir. 1990).[2]

Consistent with the first exception, Federal Rule of Civil Procedure 62(d) expresses a district court's continuing authority to "suspend, modify, restore, or grant an injunction" to preserve the status quo during an appeal. *See, e.g.*, *Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 1003 (5th Cir. 1969).[3] Rule 62(d) provides:

> **(d) Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing

---

[2] Examples of orders "in aid of the appeal" might include orders memorializing oral opinions in writing soon after the decision was rendered, *see, e.g.*, *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (collecting cases), or orders protecting litigants and witnesses in the case of retaliation based on their use of the courts, *see, e.g.*, *EEOC v. Locals 14 & 15, Int'l Union of Operating Eng'rs*, 438 F. Supp. 876, 879–80 (S.D.N.Y. 1977).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981, *id.* at 1209.

party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:

> **(1)** by that court sitting in open session; or

> **(2)** by the assent of all its judges, as evidenced by their signatures.

Fed. R. Civ. P. 62(d). "It is well settled that [Rule 62(d)] is expressive of the power in the courts to preserve the status quo pending appeal." *Pettway*, 411 F.2d at 1003; *see also id.* at n.11 (collecting cases).[4]

Under these precedents, we have no authority to grant a stay. The Secretary has appealed the permanent injunction that he now asks us to stay, and his appeal is pending in the nation's highest court. If we were to consider the substance of his request for a stay, we would have to weigh arguments that go to the heart of his appeal—arguments about what the Constitution, Section Two, *Callais*, and other binding precedents prohibit and allow. As things now stand, only the Supreme Court has the authority to address the substance of those arguments and resolve them. Any opinion we might render on the merits would be wholly advisory in nature and improper for this Court of limited jurisdiction to render. Accordingly, unless and until the Supreme Court stays, reverses, vacates, or otherwise renders our injunction inoperable, it remains effective, and we lack jurisdiction to do anything with it other

---

[4] At the time the old Fifth Circuit decided *Pettway*, the substance of Rule 62(d) was housed in Rule 62(c). *See* 16A Wright & Miller's Fed. Prac. & Proc. § 3954 (5th ed.).

than enforce it. *See, e.g.*, *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) (per curiam).

Nothing in Rule 62(d) is to the contrary. Our injunction is the status quo in Alabama. Indeed, our districting map has been the status quo since we and the Supreme Court declined to stay it in September 2023, and pursuant to the orders of this Court, the Secretary used our districting map for Alabama's 2024 congressional elections and is using it for the 2026 congressional elections that are occurring now. Accordingly, a stay would upend Alabama's status quo, and Rule 62 does not authorize us to do that at this time. *See, e.g.*, *Pettway*, 411 F.2d at 1003.

In the ordinary course, Federal Rule of Appellate Procedure 8 and Supreme Court Rule 23 allow district courts to consider requests for stays pending appeals. Rule 62 still governs the substance of such requests in the district court. *See* 16A Wright & Miller's Federal Practice and Procedure § 3954 (5th ed.); *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988). Notably, under the *Griggs* principle and Rule 62, Appellate Rule 8 does not expand a district court's jurisdiction, which remains limited when an appeal is pending in a higher court.

Moreover, this is not an ordinary stay motion filed upon the commencement of an appeal. The Secretary noticed his third appeal to the Supreme Court nearly a year ago, and he did not seek a stay then. *See* Doc. 495. Two appellate motions are

now fully briefed and pending in that Court. The docket sheet reflects that the Supreme Court considered the Secretary's third appeal at its conference on November 21, 2025. Quite simply, we do not have the authority to issue an order that upends Alabama's status quo, especially in the middle of an election, while our injunction establishing that status quo is well under review in the nation's highest court.

The Secretary's motion to stay is therefore **DENIED** for lack of jurisdiction.

**DONE** and **ORDERED** this 8th day of May, 2026.

_____
**STANLEY MARCUS**
UNITED STATES CIRCUIT JUDGE


_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE


_____
**TERRY F. MOORER**
UNITED STATES DISTRICT JUDGE

6