**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| EVAN MILLIGAN, et al., | |
| *Plaintiffs*, | |
| v. | No. 2:21-cv-01530-AMM |
| WES ALLEN, et al., | |
| *Defendants*. | |

**NOTICE OF RELEVANT FACTUAL DEVELOPMENTS**

Pursuant to the Court's Order of earlier today instructing the Parties "to make any other filings they deem appropriate to protect their rights and the Court's jurisdiction . . . without delay," ECF No. 528 at 3, Plaintiffs write to notify the Court of a material factual development that further supports the immediate need for a temporary restraining order while this Court considers Plaintiffs' preliminary injunction application.

This afternoon, Governor Ivey issued a Proclamation (attached as Exhibit A), setting a "Special Primary Election" for Alabama Congressional Districts 1, 2, 6, and 7 to be held on August 11, 2026. *See* Ex. A. Notably, the Governor set the candidate qualifying period in these races for <u>next week</u>, with qualifying for major political parties beginning on Wednesday, May 20, 2026, with a deadline for qualifying of Friday, May 22, 2026, at 5:00 p.m. *Id.*

1

Because Plaintiffs are extremely likely to succeed on the merits of their temporary restraining order due to their Fourteenth Amendment claim (an issue that was not addressed in, and therefore is not affected by, *Callais*), and allowing new candidate qualifying to take place only to revert to the Court-ordered maps would cause additional voter and candidate confusion, this latest event makes the necessity of a temporary restraining order even more immediate and appropriate today than yesterday.

Additionally, Defendants previously represented to this Court in this <u>very</u> <u>litigation</u> that: implementing a new map "roughly two months before absentee voting begins . . . will cause irreparable harm to Alabama, its aspiring congressional representatives, and the voters they seek to represent." ECF No. 110 at 23. They then represented to the U.S. Supreme Court in this matter that an "overhaul of Alabama's congressional map" approximately four months from the primary and two weeks before the candidate filing deadline "would require the last-minute reassignment of hundreds of thousands of voters to new districts and could force candidates and groups seeking ballot access to obtain thousands of new signatures." Emergency Appl. for Administrative Stay at 38, *Merrill v. Milligan*, No. 21A375 (U.S. Jan. 28, 2022). According to Defendants, "beginning this complicated process just days before . . . ballot qualification has ended" would leave "[v]oters and candidates everywhere . . . confused." *Id.* at 39.

But a schedule that implicates these very issues is precisely what Defendants now want the Court to permit. Defendants' previous representations to this Court and the Supreme Court and their radical change of position should be sufficient to invoke the "equitable doctrine of judicial estoppel," which is applied against "parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1176 (11th Cir. 2017) (en banc).

Plaintiffs therefore respectfully submit the attached exhibits as further evidence of the appropriateness and present need for this Court to immediately issue a temporary restraining order.

Respectfully submitted this 12th day of May 2026.

/s/ Deuel Ross
Deuel Ross*
Victor Olofin*
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
Colin Burke*
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.

/s/ Davin M. Rosborough
Davin M. Rosborough*
Theresa J. Lee*
Dayton Campbell-Harris*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
tlee@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

/s/ Sidney Jackson

3

40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

Jessica L. Ellsworth*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

Sidney M. Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS
    FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
Phone: (205) 341-0498
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

Alison Mollman (ASB-8397-A33C)
Paul Rand (ASB-5595-O99N)
AMERICAN CIVIL LIBERTIES UNION
OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org
prand@aclualabama.org

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

***Counsel for Plaintiffs***

Janette Louard*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE (NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org

4

*Counsel for Plaintiff Alabama State Conference of the NAACP*

*\* Admitted Pro Hac Vice*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 11, 2026, a copy of the foregoing has been served on all counsel of record through the Court's CF/ECF system.

<u>*/s/ Davin Rosborough*</u>
Davin Rosborough
*Attorney for Plaintiffs*