FILED
2026 May-15  AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY SINGLETON, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-01291-AMM |
| | ) | |
| HON. WES ALLEN, in his official capacity as Alabama Secretary of State, *et al.*, | ) ) ) | THREE-JUDGE COURT |
| | ) | |
| *Defendants.* | ) | |
| | | |
| EVAN MILLIGAN, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-1530-AMM |
| | ) | |
| HON. WES ALLEN, in his official capacity as Alabama Secretary of State, *et al.*, | ) ) ) | THREE-JUDGE COURT |
| | ) | |
| *Defendants.* | ) | |
| | | |
| MARCUS CASTER, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-01536-AMM |
| | ) | |
| HON. WES ALLEN, in his official capacity as Alabama Secretary of State, *et al.*, | ) ) ) | |
| | ) | |
| *Defendants.* | ) | |

## DECLARATION OF JEFF ELROD

My name is Jeff Elrod. I am the Director of Elections for the Alabama Secretary of State's office. I am over the age of 19 and the facts I have set out below are based upon my personal knowledge or the records of the Alabama Secretary of State's office maintained in the ordinary course of business of the Secretary of State in his official capacity.

### Overview

1.      This Court has "directed" the Secretary "to advise this Court of the date by which he needs an electoral map in hand to timely facilitate a special primary election in accordance with Alabama law." Things are moving quickly as we work with local election officials and vendors to add the Special Primary Election to the already-busy election calendar. The fact that the Special Primary Election will be held using the 2023 Plan has already been announced to the public and it is our understanding that potential candidates are making decisions on that basis. Accordingly, *it is not possible to state that there is any date at which replacing the 2023 Plan would not be time-consuming and burdensome and, importantly, increase the chances of public confusion and errors in the administration of the election as well as interfere with candidate expectations.* The later any injunction comes, the greater the hardship would be in trying to reverse course. Further, it is our best

judgment at this time that things would be made worse if the Court were to order the implementation of some yet-unknown map.

2.      With that understanding, this declaration includes the information we believe most relevant to the issues before the Court at this time. There is more involved in holding a Special Primary Election, like securing polling locations and recruiting polling officials, which is not addressed here. Moreover, things are moving and evolving at a rapid pace. This declaration represents our best understanding as of now, but things may change.

* * *

3.      The Secretary of State's office is working diligently with local election officials, the political parties and vendors to hold a Special Primary Election in Congressional Districts 1, 2, 6, and 7 *under the Legislature's 2023 Plan* on August 11, 2026. This Special Primary Election has been publicly announced by the Governor, the Secretary, and the media, and preparations have begun.

4.      The Alabama Republican Party has candidates for CD1 and CD6 *under the Special Master's Plan* currently competing in the regularly-scheduled Primary Elections next week on Tuesday, May 19. Accordingly, those candidates are on the ballots for next week, along with many other races and with Constitutional Amendments.

5.    The unofficial results of the Republican CD1 and CD6 races will be totaled and announced, but the results are void for purposes of determining the nominees for those offices. And, because those results are void, the Secretary's office will not include candidates for CD1[1] in its May 29 certification of candidates to be included on the regularly scheduled Primary Runoff Election ballots. We expect the judges of probate to begin putting together those ballots next week once the unofficial results from Tuesday are available, and the ballots are due to absentee election managers by June 2.

6.    We expect the boards of registrars to be able to begin inputting voter reassignments within the voter registration system on May 27; however, there is preliminary work that is already underway. Reassignments ideally will need to be completed in time for the judges of probate to have ballots produced and delivered by June 17, which is when absentee voting will begin for the Special Primary Election. As a practical matter, the reassignments may need to be completed before then because the voter registration records may be locked down to facilitate the regularly-scheduled Primary Runoff Election, which will be held on June 16.

7.    This timeline is aggressive. The Secretary's office and local election officials will need to work tirelessly to carry out the Legislature's directions and the

---

[1]    CD6 only has two candidates and would not have appeared on a runoff ballot irrespective of the Special Primary Election.

4

Governor's Proclamation with limited problems or errors. We have already begun discussions with local election officials and our vendors, as well as with the GIS vendor for Covington County and Elmore County, and we have begun educating the public about the Special Primary Election, while simultaneously encouraging voters to turn out to vote next week on May 19.

*The Special Session and Ala. Act No. 2026-612*

8.    On May 1, Governor Ivey issued a Proclamation calling the Legislature into a Special Session beginning on May 4. **(Exhibit A).** As described in the Proclamation, the Special Session was solely to provide for a Special Primary Election under the 2023 Plan if the courts allowed:

> *Primary elections.* The Legislature may consider legislation to provide for a special primary election for electing members of the United States House of Representatives and the Alabama State Senate in districts whose boundary lines are altered by a court issuing a judgment, vacating an injunction, or otherwise ordering or permitting an alteration in the boundaries of such districts.

9.    At that Special Session, the Alabama Legislature adopted Ala. Act No. 2026-612, which Governor Ivey signed into law on May 8. **(Exhibit B).**

10.    The Governor's decision to call a Special Session before the United States Supreme Court acted and the Legislature's quick adoption of Ala. Act No. 2026-612 helped position the State to have the maximum amount of time possible to hold a Special Primary Election without interfering with the General Election in November.

5

11. Ala. Act No. 2026-612 provides that,

> In the event: (i) a federal court, by issuing a judgment or by vacating an injunction, permits the reinstatement of the last legislatively enacted Congressional districts, as enacted by Act 2023-563 of the 2023 Second Special Session, to be used in the 2026 General Election, and (ii) the court ruling is made at a time too late to be accommodated during the normal 2026 primary election schedule held or to be held in accordance with Chapter 13 of Title 17, Code of Alabama 1975, the state shall hold a new special primary election for the affected Congressional Districts in accordance with this section, so long as certification of the special primary election can be completed by August 26, 2026.

Ala. Act No. 2026-612(b). Accordingly, the special primary election applies only to Congressional Districts 1, 2, 6, and 7. A separate piece of legislation concerns the State Senate Districts but, as of the time this affidavit is being signed, an injunction remains in place as to those districts.

12. The Supreme Court's May 11 judgment vacating the injunctions entered in these cases triggered the requirement in Ala. Act No. 2026-612 that "the Governor … issue a proclamation calling for a special primary election to be held as soon as possible for the affected Congressional districts, consistent with" paragraph (b) set out above. Ala. Act No. 2026-612(c)(1). The Act specifically provided that "the Governor shall set a calendar for the election as required to effectuate the purposes of this section, provided the dates specified in the election calendar do not violate federal law." Ala. Act No. 2026-612(c)(1).

6

13.    Ala. Act No. 2026-612 called for the Special Primary Election to be held "regardless of whether a regular primary election was held for the affected Congressional districts using the previous boundary lines." Ala. Act No. 2026-612(c)(1). The results of the regular Primary Election do not determine the party nominee; the results of the Special Primary Election do. Ala. Act No. 2026-612(d). "Any official certification of the results of the regular primary election for an affected Congressional office is void for purposes of determining the party nominee once a new special primary election is required under this section." Ala. Act No. 2026-612(d).

14.    "[T]he candidate who receives the greatest number of votes at the special primary election shall be deemed the winner and party nominee of that primary election." Ala. Act No. 2026-612(c)(2). "[N]o primary runoff election" for the Special Primary Election "shall be held." Ala. Act No. 2026-612(c)(2).

### *The Governor's Proclamation and Writ of Election*

15.    On May 12, Governor Ivey issued the Proclamation authorized by Ala. Act No. 2026-612. **(Exhibit C)**. She also issued a Writ of Election to Set Special Primary Election for Congressional Districts 1, 2, 6, and 7. **(Exhibit D).**

16.    The Special Primary Election will be held on Tuesday, August 11, 2026. There will be no primary runoff election

7

17.    Candidate qualifying for the Alabama Democratic Party and Alabama Republican Party will open next week on Wednesday, May 20, and close at 5 p.m. on Friday, May 22. The political parties will then need to certify their candidates to the Secretary's office as soon as possible, but no later than noon on Tuesday, May 26.

18.    Under ideal circumstances, the reassignment of all voters would occur before qualification opens for any candidates for any offices. This can help candidates ensure that they are qualifying in the correct districts and understand the relevant electorate, among other things. Those concerns are mitigated here because the 2023 Plan is public and familiar, there are few split counties, candidates are reportedly already taking steps to run under the 2023 Plan, and Congressional candidates do not have to reside in the Districts where they run.

19.    Independent candidates and organizations seeking ballot access as a political party must file their petitions with the Secretary's office no later than 5 p.m. on August 11, which is the same day as the Special Primary Election.

20.    Absentee voting begins 55 days before the Special Primary Election, and the probate judge must furnish a list of qualified voters to the absentee election manager by this day. Ala. Code §§ 17-11-5(b); 17-11-12. For the Special Primary Election, absentee voting will begin on June 17.

21.    Federal law requires that the States "transmit a validly requested absentee ballot to an absent uniformed services voter or overseas voter … in the case in which the request is received at least 45 days before an election for Federal office, not later than 45 days before the election," unless an exemption is obtained. 52 U.S.C. § 20302(a)(8)(A). For the Special Primary Election, this deadline is June 27.

22.    Attached hereto as **Exhibit E** is an Administrative Calendar for the 2026 Special Primary Election.

## *Races on the May 19 Primary Ballot*

23.    "A primary election …is an election held by the qualified voters who are members of any political party, for the purpose of nominating a candidate or candidates for public or party office." Ala. Code § 17-13-1.

24.    Tuesday, May 19, is the regularly scheduled Primary Election Day for federal, State, and county offices. This includes Congressional Districts 1, 2, 6, and 7; however, if a political party only has one qualified candidate, that candidate is not included on the Primary ballot. Ala. Code § 17-13-5(c). Likewise, if there is no candidate, there is no name on the ballot for that race.

25.    Pertinent here, candidates were certified by the parties as follows:

|  | Alabama Republican Party | Alabama Democratic Party |
|---|---|---|
| **CD1** | Jerry Carl<br>James (Jimmy) Dees<br>Rhett Marques<br>Joshua McKee<br>John Mills<br>James Richardson<br>Austin Sidwell | Clyde W. Jones, Jr. |
| **CD2** | Hampton Harris | Shomari C. Figures |
| **CD6** | Case Dixon<br>Gary Palmer | Keith Pilkington |
| **CD7** |  | Terri A. Sewell |

26.    Accordingly, the only relevant contested primaries next week are the Republican primaries for CD1 and CD6. Only those races have two or more candidates.

27.    The Alabama Republican Party is not holding primary elections for CD2 or CD7. They have only one candidate for CD2 and no candidates for CD7.

28.    The Alabama Democratic Party is not holding primary elections for CD1, CD2, CD6, or CD7. As to each District, the party has only one candidate.

29.    The CD1 and CD6 races are on the Republican ballots for voters in those Districts. Those ballots have been used for absentee voting, and they will be used on May 19.

30. Additionally, the tabulators have already been programmed to count the results of the Republican CD1 and CD6 races. Accordingly, those unofficial results will be totaled and announced. They will not be canvassed and certified.

31. The results are void for purposes of determining the nominees for the Republican CD1 and CD6 races. Ala. Act No. 2026-612(c)(2)-(d). And, because those results are void, the Secretary's office will not certify candidates for these races to be included on the Primary *Runoff* Election ballots. In any event, a runoff would not be needed for CD6 as there are only two candidates. Ala. Code § 17-13-18(b) ("If no candidate receives a majority of all of the votes cast in such primary election for any one office or offices for the nomination to which there were more than two candidates, then there shall be held a second primary election ....").

32. The county executive committee is required to meet by noon on May 26 to "receive the returns, canvass and tabulate the same, by precincts, and publicly declare the results thereof." Ala. Code § 17-13-17. They are required to provide the results of the non-county races to the State executive committee the same day. Ala. Code § 17-13-17. The next day, May 27, the State executive committee will "receive the returns, canvass and tabulate the same by counties, and publicly declare on that day the results thereof as to all candidates for office therein, except candidates for county office, which results shall be final." Ala. Code § 17-13-17. They must also provide the results to the Secretary. Ala. Code § 17-13-17; Ala. Code § 17-13-18(b).

11

Within two days of that happening—on May 29—the Secretary will need to certify to the judges of probate the Congressional candidates to be included on the Runoff ballot. Ala. Code § 17-13-18(b). Notwithstanding these later dates, and to aid in the preparation of ballots, candidates who would otherwise appear on the Runoff ballot only have until May 22 to decline to so appear. Ala. Code § 17-13-19.

33.    We expect the judges of probate to begin putting together the ballots for the regularly scheduled Primary Runoff Election next week once the unofficial results from the Primary are available. The Primary Runoff Election ballots are due to the absentee election managers by June 2, and that Runoff will be held June 16.

34.    The May 19 Primary Election involves multiple important races, besides the Congressional races, as well as Constitutional Amendments. Among the offices on the ballot are Governor, Lt. Governor, U.S. Senator, Attorney General, Secretary of State, State Senate, and State House of Representatives. Accordingly, when Secretary of State Allen held a press conference to explain to the public what is happening with the Primary Elections, he continued to encourage voters to vote on May 19. A copy of his prepared remarks is **Exhibit F.**

### *Special Primary Election Preparations*

35.    The Secretary of State is Alabama's Chief Election Official and is responsible for "provid[ing] uniform guidance for election activities." Ala. Code § 17-1-3. In my role as Director of Elections, I am familiar with both the preparation

12

for and administration of elections in the State of Alabama, including the fact that boards of registrars in all Alabama counties must assign each voter to the various districts in which he or she resides.

36. Typically, the Secretary's office prepares an administrative calendar for each election, certifies certain candidates, certifies the results of certain elections, and works closely with local election officials.

37. In this case, in compliance with Ala. Act No. 2026-612—which calls for the Governor to "set a calendar for the election"—the Governor issued the calendar *via* letter to the Secretary on May 14. **(Exhibit E).** The Secretary's office posted the calendar on its website the same day.

38. Local elections officials do *not* work at the Secretary's direction.

39. The Secretary's office works closely with local election officials in each of the State's 67 counties. These local election officials include, but are not limited to, judges of probate (who are the chief elections officials for their counties, Ala. Code § 17-1-3(b)), registrars, and absentee election managers. The Secretary provides guidance and training, answers questions, and may provide resources to local election officials. Nonetheless, at the end of the day, it is the local election officials who actually conduct the State's elections.

40. Local election officials are either elected or are appointed independent of the Secretary. For instance, judges of probate are elected. Circuit clerks, who

13

typically serve as absentee election managers (Ala. Code § 17-11-2), are also elected. Registrars are appointed, but not by the Secretary; most are appointed by the Governor, the Auditor, and/or the Commissioner of Agriculture. Ala. Code § 17-3-2. The Secretary does have limited statutory authority to remove registrars from office "for cause," Ala. Code § 17-3-3, but this power is used sparingly in extraordinary circumstances and does not include any lesser power to impose other discipline.

41.    To implement the 2023 Plan district lines for the upcoming elections, each county's board of registrars is responsible for reassigning that county's registered voters to the correct districts, in conjunction with the county commissions. This reassignment is necessary for the 2023 Plan to be implemented for the Special Primary Election.

42.    The Special Primary Election impacts 40 of Alabama's 67 counties: Autauga, Baldwin, Barbour, Bibb, Bullock, Butler, Chilton, Choctaw, Clarke, Coffee, Conecuh, Coosa, Covington, Crenshaw, Dale, Dallas, Elmore, Escambia, Geneva, Greene, Hale, Henry, Houston, Jefferson, Lowndes, Macon, Marengo, Mobile, Monroe, Montgomery, Perry, Pickens, Pike, Russell, Shelby, Sumter, Talladega, Tuscaloosa, Washington, and Wilcox.

43.    Twenty-six of these counties require no changes to move from the Special Master's Plan to the 2023 Plan. Twenty-four of these counties are whole in

14

both Plans and do not move districts. The other two, Talladega and Tuscaloosa, are split between two districts in both Plans but the splits are the same. Accordingly, moving to the 2023 Plan does not require voter reassignments in 26 counties.

44. Nine of 40 counties are whole in both the 2023 Plan and the Special Master's Plan, but the Congressional District in which they are located changes. These counties are Coffee, Conecuh, Dale, Geneva, Henry, Houston, Lowndes, Monroe, and Washington. Reassignment within these counties can be done with a mass change feature.

45. Clarke County is split between CD2 and CD7 in the Special Master's Plan and is whole in CD7 in the 2023 Plan. Reversing a split is a modest change, similar to moving a whole county.

46. Mobile County is split between CD1 and CD2 in the Special Master's Plan and is whole in CD1 in the 2023 Plan. Again, reversing a split is a modest change, similar to moving a whole county.

47. Under the 2023 Plan, the district reassignment process for the counties just discussed is expected to be straightforward and capable of being accomplished without concerns for the extremely tight time pressures.

48. Things will be more complicated in Covington County, Elmore County, and Jefferson County where large-scale changes are required.

15

49.     Covington County is whole in CD1 in the Special Master's Plan and is split between CD1 and CD2 in the 2023 Plan.

50.     Elmore County is whole in CD6 in the Special Master's Plan and is split between CD2 and CD6 in the 2023 Plan.

51.     If the State were to be able to implement the legislatively enacted State Senate Plan, which is the subject of separate litigation, that would also impact Elmore County.[2]

52.     Jefferson County is split between CD6 and CD7 in both plans, but the splits moved.

53.     It is possible to move whole precincts more easily than moving each individual voter.

54.     It is important to understand that the registrars in each county will work to reassign voters in that county, if needed. The fact that some counties do not require voter reassignment in no way lessens the work for the registrars where reassignments are needed. Accordingly, the registrars in Covington County, Elmore County, and Jefferson County will need to implement large-scale changes in their respective counties, while registrars in the other counties will need to implement lesser changes or none at all. The Secretary's office understands from registrars that the typical

---

[2]     Montgomery County would also be impacted by the legislatively-enacted State Senate Plan; however, it is whole in both Congressional Plans and does not move Congressional Districts.

voter reassignment process is lengthy and requires pre-review, time to make the changes, and quality checks.

55. The State uses a voter registration and election management system which is currently called Election Navigator and was previously known as PowerProfile. The vendor for Election Navigator is ES&S.

56. Based on conversations with ES&S, the Secretary's office expects the boards of registrars to be able to begin *inputting* voter reassignments within the voter registration system on May 27. The registrars cannot begin inputting reassignments before then because the voter registration records are locked due to the regularly scheduled May 19 Primary Election and post-election activities. At this time, the Secretary's office is uncertain how long the records will be unlocked for the registrars to work on the reassignments before the records will be locked down again for the regularly-scheduled June 16 Primary Runoff Election.

57. *Importantly, there is preliminary work that can be done in advance of May 27 and which is already starting.*

58. The Secretary's office has confirmed that Covington County, Elmore County, and Jefferson County have access to GIS. Jefferson County has in-house GIS, while Covington County and Elmore County contract for GIS services through the same vendor. GIS can significantly streamline the process so long as the county has current and accurate data in hand. Quality checks will still be needed.

17

59.    The State's Reapportionment Office certified the 2023 Plan on May 14. The Secretary's office posted the 2023 Plan on the office website and transmitted it to the GIS vendor for Covington County and Elmore County as well as directly to Jefferson County. This allows the counties and/or vendor to begin reviewing the Plan to identify where the changes are at a detailed level in order to streamline the actual inputting of the reassignments once the voter registration records are unlocked.

60.    On May 14, a representative for the vendor for Covington County and Elmore County emailed the Secretary's office in substance as follows:

> I wanted to outline the advantages of proceeding with the current set of maps currently in our possession for the upcoming special elections.
>
> As a professional GIS firm, beginning our work from your existing maps will allow us to start modifying precinct boundary data immediately, rather than introducing changes at the last minute. This approach provides several critical benefits:
>
> • Allows immediate commencement of precinct boundary modifications aligned with the ballot styles
> • Reduces risk by avoiding last-minute changes that could create complications for both our firm and the Board of Registrars
> • Enables us to deliver preliminary boundary data to the Board of Registrars well in advance of the election
> • Supports a proper review and due diligence process for the registrar staff
>
> Starting from your current maps ensures we can deliver thoroughly reviewed precinct boundary files to the Board of Registrars prior to the election, giving the board and registrar staff the confidence and lead time needed for election preparation.
>
> I'm ready to begin this work at your direction. Please let me know if you have any questions or would like to discuss the timeline.

18

61.    Reassignments ideally will need to be completed in time for the judges of probate to have ballots produced and delivered by June 17, which is when absentee voting will begin for the Special Primary Election. As a practical matter, the reassignments may need to be completed before then because the voter registration records may be locked down in order to facilitate the regularly-scheduled Primary Runoff Election, which will be held on June 16.

62.    Importantly, the above discussion is all premised on moving the State to the 2023 Plan. To the extent that the Court's Order requiring this declaration contemplates implementation of some other map, the time needed to implement the changes would vary based on a variety of factors. Large-scale changes will take longer to implement than more modest changes or no changes. How long the reassignment process would take also depends on which counties are impacted. Counties vary in their population, resources, and capabilities. We also do not know at this point which counties will have regular Runoff elections in June. It could be all, some, or none, depending on what happens at the May 19 Primary Election. If the reassignment process is rushed, it is more likely that voters will not be correctly assigned and some may be provided ballots for the wrong district, which has happened in the past. All that said, given the extremely short time frame available for implementation, it is our best judgment at this time that things would be made worse if the Court were to order the implementation of some yet-unknown map.

19

63. Finally, I note that the scale of what must be done to implement the 2023 Plan for a Special Primary Election in terms of voter reassignment is different than what was at issue in late 2021 / early 2022. The Census Bureau released redistricting data in mid-August 2021, which is later than usual. Congressional, State Senate, State House, and State Board of Education maps were adopted in early November 2021, and counties were also drawing new lines based on the 2020 Census. This means that, in December 2021, the Boards of Registrars were trying to implement multiple new lines across the State and to do so in time for the then-forthcoming primary, including absentee voting which was going to start March 30, 2022. By contrast today, the task to reassign voters for a Special Primary Election is limited to the districts involved in that election.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2026.

Jeff Elrod
Director of Elections
Office of the Secretary of State
State of Alabama

20



# STATE OF ALABAMA
# PROCLAMATION
## BY THE GOVERNOR

**WHEREAS** an extraordinary occasion exists in the State of Alabama which requires the Legislature to convene in special session, *see* Ala. Const. art. V, § 122;

**NOW, THEREFORE**, I, Kay Ivey, as Governor of the State of Alabama, do hereby proclaim and direct that the Legislature of the State of Alabama shall convene in special session in the Alabama State House, in Montgomery, Alabama, at 4:00 p.m. on Monday, May 4th, 2026, to take up the following specifically described subject or matter:

*Primary elections.* The Legislature may consider legislation to provide for a special primary election for electing members of the United States House of Representatives and the Alabama State Senate in districts whose boundary lines are altered by a court issuing a judgment, vacating an injunction, or otherwise ordering or permitting an alteration in the boundaries of such districts.

All other legislation, beyond the legislation specifically described above, is expressly excluded from this proclamation and shall require a two-thirds vote for consideration and passage during this special session. *See* Ala. Const. art. IV, § 76.

IN WITNESS WHEREOF, I have hereunto set my hand as Governor of the State of Alabama and caused this proclamation to be attested by the Secretary of State on this 1st day of May 2026.



_____
Kay Ivey
*Governor*

ATTESTED:

_____
Wes Allen
*Secretary of State*

EXHIBIT
A



# ACT #2026-612

HB1

JP3TiFF-2

By Representative Pringle

RFD: Ways and Means General Fund

First Read: 04-May-26



MAY - 8 2026
RECEIVED
GOVERNOR'S OFFICE

EXHIBIT

**B**

Enrolled, An Act,

Relating to primary elections; to authorize a new special primary election for Congressional districts affected by a federal court ruling under certain circumstances; to require the Governor to call a special primary election for affected Congressional districts under certain conditions and to set an election calendar; and to provide further for the qualification of affected candidates.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1. (a) It is the intent of the Legislature that a special primary election, as contemplated in this section, be held only in the event a federal court issues or vacates an order affecting the boundaries of Congressional districts in a time frame that allows for a supplemental special primary election during the 2026 General Election cycle.

(b) In the event: (i) a federal court, by issuing a judgment or by vacating an injunction, permits the reinstatement of the last legislatively enacted Congressional districts, as enacted by Act 2023-563 of the 2023 Second Special Session, to be used in the 2026 General Election, and (ii) the court ruling is made at a time too late to be accommodated during the normal 2026 primary election schedule held or to be held in accordance with Chapter 13 of Title 17, Code of Alabama 1975, the state shall hold a new special primary election for the affected Congressional Districts in accordance with this section, so long as certification of the special primary election can be completed by August 26, 2026.

## HB1 Enrolled



(c)(1) Upon a federal court making a ruling described in subsection (b), the Governor shall issue a proclamation calling for a special primary election to be held as soon as possible for the affected Congressional districts, consistent with subsection (b). Notwithstanding any state law to the contrary, the Governor shall set a calendar for the election as required to effectuate the purposes of this section, provided the dates specified in the election calendar do not violate federal law. A special primary election held pursuant to this section shall be required for the affected Congressional districts regardless of whether a regular primary election was held for the affected Congressional districts using the previous boundary lines.

(2) Notwithstanding any state law to the contrary, the candidate who receives the greatest number of votes at the special primary election shall be deemed the winner and party nominee of that primary election, and no primary runoff election shall be held.

(d) No candidate shall be deemed the party nominee of a political party for an affected Congressional office based solely on the results of the regular primary election if a new special primary election is held pursuant to this section. Any official certification of results of the regular primary election for an affected Congressional office is void for purposes of determining the party nominee once a new special primary election is required under this section. However, a candidate who was eligible and qualified for the regular primary election for an affected Congressional district office

## HB1 Enrolled



shall remain eligible to appear on the ballot for the new special primary election, subject to laws and party rules not inconsistent with Chapter 13 of Title 17, Code of Alabama 1975. The certification of a nominee for an affected office shall be based solely on the results of the new special primary election conducted under this section.

(e)(1) Nothing in this section prohibits a party from choosing its candidates by any means allowed by law other than by primary election.

(2) Nothing in this section shall alter the timing of regular primary elections when no change in district boundaries has occurred as described in subsection (b).

(3) Nothing in this section shall be construed to alter the date scheduled for the 2026 General Election.

Section 2. This act shall become effective immediately.



## HB1 Enrolled

_____

Speaker of the House of Representatives

_____

President and Presiding Officer of the Senate

House of Representatives

I hereby certify that the within Act originated in and was passed by the House 06-May-26.

John Treadwell
Clerk

_____

Senate _____08-May-26_____                    Passed

APPROVED____5-8-2026____

TIME____2.20 pm____

____Kay Ivey____
GOVERNOR

Alabama Secretary Of State
Act Num....: 2026-612
Bill Num...: H-1

Recv'd 05/08/26   02:35pmKCW

Page 4

Case 2:21-cv-01530-AMM    Document 530-1    Filed 05/15/26    Page 27 of 35

SPONSOR _Pringle_    DIST. NO. _101_

CO-SPONSORS

| | |
|---|---|
| 2 | 28 |
| 3 | 29 |
| 4 | 30 |
| 5 | 31 |
| 6 | 32 |
| 7 | 33 |
| 8 | 34 |
| 9 | 35 |
| 10 | 36 |
| 11 | 37 |
| 12 | 38 |
| 13 | 39 |
| 14 | 40 |
| 15 | 41 |
| 16 | 42 |
| 17 | 43 |
| 18 | 44 |
| 19 | 45 |
| 20 | 46 |
| 21 | 47 |
| 22 | 48 |
| 23 | 49 |
| 24 | 50 |
| 25 | 51 |
| 26 | 52 |
| 27 | 53 |

**HOUSE ACTION**

DATE: 4 4 20 26
RD 1 RFD    WWMGF

**REPORT OF STANDING COMMITTEE**
This bill having been referred by the House to its standing committee on _WMU_ was acted upon by such committee in session, and returned therefrom to the House with the recommendation that it be Passed, w/amend(s)_____ w/sub____ this 5 th day of May, 20 26.
_____ Chair

DATE: 4 5 20 26
RF    RD 2 CAL

DATE: 20___
RE-REFERRED ☐    RE-COMMITTED ☐
Committee_____

DATE: 20___
RE-REFERRED ☐    RE-COMMITTED ☐
Committee_____

I hereby certify that the Resolution as required in Section C of Act No. 81-889 was adopted and is attached to the Bill, HB_____.
YEAS_____ NAYS_____

**JOHN TREADWELL,**
**Clerk**

FURTHER HOUSE ACTION (OVER)

**SENATE ACTION** C MG

DATE: 5-6 20 26
RD 1 RFD    C+MG

This Bill was referred to the Standing Committee of the Senate on _C+MG_ and was acted upon by such Committee in session and is by order of the Committee returned therefrom with a _favorable report_ w/amd(s)_O_ w/sub_O_ w/eng sub_O_ by a vote of
yeas_6_ nays_3_ abstain_O_
this 7th day of May, 20 26
_____ Chair

DATE: 5-7 20 26
RF  EAU    RD2 ☐ CAL ☐

I hereby certify that the Resolution as required in Section C of Act No. 81-889 was adopted and is attached to the Bill, HB_____.
YEAS_____ NAYS_____

**PATRICK HARRIS,**
**Secretary**

DATE: 5-18-26    RD 3 at length
PASSED ☑    PASSED AS AMENDED ☐
YEAS_27_ NAYS_8_
And was ordered returned forthwith to the House
**PATRICK HARRIS,**
**Secretary**

DATE: 20___
INDEFINITELY POSTPONED   YEAS   NAYS

DATE: 20___
RECONSIDERED   YEAS   NAYS

FURTHER SENATE ACTION (OVER)



# STATE OF ALABAMA
# PROCLAMATION
## BY THE GOVERNOR

**WHEREAS** Act 2026-612 requires a special primary election to be held in certain congressional districts in the event a federal court, by issuing a judgment or by vacating an injunction, permits the reinstatement of the last legislatively enacted congressional districts, and the court ruling is made at a time too late to be accommodated during the May 19, 2026, Primary Election;

**WHEREAS** on May 11, 2026, the United States Supreme Court vacated federal court judgments that required the use of court-drawn congressional districts;

**WHEREAS** this ruling was issued just over a week prior to the May 19, 2026, Primary Election and use of the last legislatively enacted congressional districts cannot be accommodated during that election;

**WHEREAS** due consideration should be given to the rights and privileges of the citizens who live in Congressional Districts 1, 2, 6, and 7 to be afforded full representation; and

**WHEREAS** all interested citizens and political parties should be allowed to reasonably participate in the process of electing members to the United States House of Representatives in Districts 1, 2, 6, and 7;

**NOW, THEREFORE,** I, Kay Ivey, Governor of the State of Alabama, by virtue of the power and authority vested in me by the Constitution and laws of the State of Alabama, do hereby proclaim and call the following special primary election to be held in Autauga, Baldwin, Barbour, Bibb, Bullock, Butler, Chilton, Choctaw, Clarke, Coffee, Conecuh, Coosa, Covington, Crenshaw, Dale, Dallas, Elmore, Escambia, Geneva, Greene, Hale, Henry, Houston, Jefferson, Lowndes, Macon, Marengo, Mobile, Monroe, Montgomery, Perry, Pickens, Pike, Russell, Shelby, Sumter, Talladega, Tuscaloosa, Washington, and Wilcox Counties, State of Alabama, for Congressional Districts 1, 2, 6, and 7, for the purpose of electing members to the United States House of Representatives in Districts 1, 2, 6, and 7:

A Special Primary Election shall be held on Tuesday, August 11, 2026.

**FURTHERMORE,** all candidates qualifying with major political parties should be advised that the first day for any candidate to qualify with their respective parties regarding this Special Primary Election will be Wednesday, May 20, 2026. The last day for any candidate to qualify with their respective parties regarding this special primary election will be Friday, May 22, 2026, at 5:00 p.m. The two major political parties shall certify their qualified candidates to the Secretary of State as soon as possible after the qualification deadline but by no later than 12:00 p.m. on Tuesday, May 26, 2026.

**FURTHERMORE,** all independent candidates and any minor parties seeking ballot access are advised that the deadline for filing the appropriate notification, petitions, or supporting paperwork with the Secretary of State shall be Tuesday, August 11, 2026, at 5:00 p.m.

**EXHIBIT**

**C**

**FUTHERMORE**, the two major political parties shall certify its nominees to the Secretary of State as soon as possible after the Special Primary Election but by no later than August 26, 2026.



IN WITNESS WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Alabama to be affixed by the Secretary of State, at the State Capitol, in the City of Montgomery, Alabama, on this the 12th day of May 2026.

Kay Ivey
*Governor*

ATTEST:

Wes Allen
*Secretary of State*

WRIT OF ELECTION TO SET SPECIAL PRIMARY ELECTION FOR CONGRESSIONAL DISTRICTS 1, 2, 6, AND 7

TO THE PROBATE JUDGES OF AUTAUGA, BALDWIN, BARBOUR, BIBB, BULLOCK, BUTLER, CHILTON, CHOCTAW, CLARKE, COFFEE, CONECUH, COOSA, COVINGTON, CRENSHAW, DALE, DALLAS, ELMORE, ESCAMBIA, GENEVA, GREENE, HALE, HENRY, HOUSTON, JEFFERSON, LOWNDES, MACON, MARENGO, MOBILE, MONROE, MONTGOMERY, PERRY, PICKENS, PIKE, RUSSELL, SHELBY, SUMTER, TALLADEGA, TUSCALOOSA, WASHINGTON, AND WILCOX COUNTIES, ALABAMA:

The following Special Primary Election is hereby called in the voting precincts of Congressional Districts 1, 2, 6, and 7, which are located in Autauga, Baldwin, Barbour, Bibb, Bullock, Butler, Chilton, Choctaw, Clarke, Coffee, Conecuh, Coosa, Covington, Crenshaw, Dale, Dallas, Elmore, Escambia, Geneva, Greene, Hale, Henry, Houston, Jefferson, Lowndes, Macon, Marengo, Mobile, Monroe, Montgomery, Perry, Pickens, Pike, Russell, Shelby, Sumter, Talladega, Tuscaloosa, Washington, and Wilcox Counties, Alabama. The Special Election is called pursuant Act 2026-612 and other applicable provisions of the Constitution and laws of the State of Alabama, in the manner and form provided by law.

A Special Primary Election shall be held on Tuesday, August 11, 2026.

I request that you give notice of this special primary election, as required by law, and also that you notify the Sheriff and Clerk of your county.

WITNESS MY HAND this the 12th day of May 2026.

_Kay Ivey_

Kay Ivey
Governor

EXHIBIT
D

OFFICE OF THE GOVERNOR

**KAY IVEY**
GOVERNOR



STATE CAPITOL
MONTGOMERY, ALABAMA 36130

(334) 242-7100
FAX: (334) 242-3282

STATE OF ALABAMA

May 14, 2026

The Honorable Wes Allen
Secretary of State
Alabama State Capitol
600 Dexter Avenue
Montgomery, AL 36130

Dear Secretary Allen:

Pursuant to Alabama Act 2026-612, I have set the enclosed election calendar for the August 11, 2026, Special Primary Election in Congressional Districts 1, 2, 6, and 7.

Sincerely,

*Kay Ivey*

Kay Ivey
Governor

Enclosure

**EXHIBIT**

**E**

**Special Primary Election Calendar**
**Congressional Districts 1, 2, 6, and 7**

**Special Primary Election - August 11, 2026**

| Activity | Date |
|---|---|
| The first day candidates may begin qualifying with political parties. | Wednesday, May 20, 2026 |
| The deadline for any candidate to qualify with a major political party no later than 5:00 p.m. | Friday, May 22, 2026 |
| The deadline for major political parties to certify qualified candidates to the Secretary of State no later than noon. | Tuesday, May 26, 2026 |
| The Secretary of State must certify names of opposed candidates to probate judge no later than 74 days prior to the special primary election. | Friday, May 29, 2026 |
| Probate judge must issue public notice in each voting precinct of the requirement for and the availability of registration and voting aids for all handicapped and elderly individuals no later than 60 days before any state election. (§ 21-4-23(b)). | Friday, June 12, 2026 |
| Probate judge must furnish list of qualified voters to the absentee election manager; 55 days prior to the special primary election. | Wednesday, June 17, 2026 |
| Absentee ballots and supplies must be delivered to absentee election manager no later than 55 days prior to the special primary election. | Wednesday, June 17, 2026 |
| This is the last day to transmit absentee ballots to any UOCAVA voters whose absentee ballot request is received at least 45 days prior to the primary (ballot transmittal 45 days prior to the primary) per 52 U.S.C. § 20302(a)(8). | Saturday, June 27, 2026 |
| This is the last day for candidates to present a list of desired election officers to their county executive committee at least 45 days before the election. (§ 17-13-48). | Saturday, June 27, 2026 |
| First day election officials may begin testing automatic tabulating equipment for the primary election to ascertain that equipment will correctly count votes cast. | Tuesday, July 21, 2026 |
| The first day for probate judge, sheriff, and clerk of the circuit court to appoint poll workers is no more than 20 nor less than 15 days before the election. (§ 17-8-1(a)). | Wednesday, July 22, 2026 |
| This is the last day to register to vote for the special primary election. (§ 17-3-50(a)). | Monday, July 27, 2026 |
| The last day for probate judge, sheriff, and clerk of the circuit court to appoint poll workers no more than 20 days nor less than 15 days before an election. (§ 17-8-1(a)). | Monday, July 27, 2026 |
| Probate judge must notify inspectors, returning officers, and clerks of their appointment and publish a list of these appointments in a county newspaper. (§ 17-8-2)). | Monday, July 27, 2026 |
| Probate judge must give notice of election, consisting of date of election and the officers and subjects to be voted for and at least 14 days before each election. (§ 17-9-5). | Tuesday, July 28, 2026 |
| First day probate judge may print poll lists or load registration data into electronic poll books for the primary election. (§§ 17-4-2, 17-4-2.1). | Saturday, August 1, 2026 |
| For any absentee application received on or after the 8th day prior to the election that does not contain a copy of an approved form of identification, the absentee election manager shall issue a provisional ballot to that voter. (§ 17-10-2(c)(1)). | Monday, August 3, 2026 |
| Absentee applications returned by mail must be received not less than 7 days prior to the election. (§ 17-11-3(b)). | Tuesday, August 4, 2026 |
| Probate judge must notify election officials of the time and place of holding a school of instruction for poll workers, and must publish notice at least 48 hours before instruction school takes place. (§ 17-8-9(a)). | Tuesday, August 4, 2026 |
| An application for a voter who requires emergency treatment by a licensed physician within 5 days before an election may be forwarded to the absentee election manager by the applicant or by his or her designee. (§ 17-11-3(d)). | Thursday, August 6, 2026 |
| This is the last day for the authority charged to hold a school of instruction for poll workers; no less than 5 days prior to the election. (§ 17-8-9(a)). | Thursday, August 6, 2026 |
| Absentee applications returned by hand must be received not less than 5 days prior to the election. (§ 17-11-3(b)). | Thursday, August 6, 2026 |

**Special Primary Election Calendar
Congressional Districts 1, 2, 6, and 7**

| Special Primary Election - August 11, 2026 | |
|---|---|

| Activity | Date |
|---|---|
| The last day probate judges can deliver election supplies to sheriffs is no less than 3 days before the election. (§ 17-13-9). | Saturday, August 8, 2026 |
| Absentee ballots being returned by hand to the absentee election manager must be received no later than the close of business on the day prior to the election. (§ 17-11-18). | Monday, August 10, 2026 |
| **Special Primary Election** | **Tuesday, August 11, 2026** |
| Absentee ballots being returned by mail to the absentee election manager must be received no later than noon on this day. (§ 17-11-18(a)). | Tuesday, August 11, 2026 |
| This is the last day for military and other UOCAVA voters in the special primary election to postmark an absentee ballot returned by mail to the absentee election manager. (§ 17-11-18(b)). | Tuesday, August 11, 2026 |
| The medical emergency designee must deliver absentee ballot to absentee election manager no later than noon on this day. (§ 17-11-18(a)). | Tuesday, August 11, 2026 |
| The inspector or returning officer must deliver the ballots and returns to the sheriff. (§§ 17-12-8, 17-13-12). | Tuesday, August 11, 2026 |
| The last day to file petitions with the Secretary of State to obtain ballot access as an independent candidate is no later than 5 PM on the day of the special primary election. (§ 17-9-3(a)(3)). | Tuesday, August 11, 2026 |
| The last day to file petitions with the Secretary of State for minor/third parties to gain ballot access as a political party no later than 5 PM on the day of the special primary election. (§ 17-6-22(a)(1)). | Tuesday, August 11, 2026 |
| The sheriff must deliver certificate of returns to chairman of county executive committee of each political party participating in special primary election by 10 AM on the Wednesday following the election. (§ 17-13-14(a)). | Wednesday, August 12, 2026 |
| The written affirmations of provisional voters, inspector challenge statements, and voter reidentification forms must be delivered by the sheriff to the board of registrars by noon on the day following the election. (§ 17-10-2(d)). | Wednesday, August 12, 2026 |
| Deadline for voters whose ballot became provisional due to lack of identification to provide identification (or provisional ballot and identification) including the address and telephone number of the voter to the board of registrars no later than 5 PM (§ 17-10-2(a)(3)). | Friday, August 14, 2026 |
| Absentee ballots submitted by UOCAVA voters must be accepted until noon this day.  The ballot must have been postmarked no later than election day and meet all other absentee ballot requirements to be counted. (§ 17-11-18(b)). | Tuesday, August 18, 2026 |
| County executive committee must meet no later than noon and receive, canvass, and tabulate returns by precinct and publicly declare results the Tuesday following the primary. (§ 17-13-17). | Tuesday, August 18, 2026 |
| The board of registrars must deliver the provisional voter affirmations and inspector challenge statements, with the certified findings attached, to the judge of probate no later than noon, 7 days after the election. (§ 17-10-2(e)). | Tuesday, August 18, 2026 |
| At noon, the canvassing board for poll workers shall tabulate provisional ballots which have been certified by the board of registrars. The canvassing board must certify the results of the provisional votes cast and must post one copy in the courthouse and must seal one copy into a container designated for each political party 7 days after the election. (§ 17-10-2(f)). | Tuesday, August 18, 2026 |
| Chairman of state executive committee must meet no later than noon on this day to certify to Secretary of State names of candidates nominated in the special primary election. | Monday, August 24, 2026 |
| The last day for political parties to submit to the secretary of state any amendments or corrections to certification of candidates nominated in the special primary election. | Tuesday, August 25, 2026 |

**Press Statement**

I am Wes Allen, Alabama's Secretary of State.

Today, I want to make sure Alabama voters understand exactly what's happening with our elections. I will not recap what has brought us to this point. The purpose of this press event is to provide clear, timely information based on what we know now about the May 19 Primary Election and August 11 Special Primary Election.

Most importantly, Primary Election Day on May 19 is still happening, and it is very important. The May 19 Primary Election will go forward as planned, and I want Alabama voters to be prepared to vote Tuesday, May 19th.

A federal court had previously required Alabama to use a court-mandated congressional map. As of yesterday, May 11, the Supreme Court of the United States lifted that requirement. That means Alabama will now move forward using its own 2023 legislatively enacted congressional map.

The May 19 primary includes many important races, including numerous statewide constitutional offices, local races, state legislative, and judicial races, as well as statewide constitutional amendments. All of these will proceed as normal, and results will be tabulated, canvassed, and certified.

Certain congressional races will be handled differently in accordance with the Governor's Proclamation. Congressional Districts 1, 2, 6, and 7 are affected. Votes cast in those congressional races on May 19 will be tabulated and made public. However, per Act 2026-612, votes for those races will be void for purposes of determining the party nominee.

Per Governor Ivey's Proclamation, there will be a special primary election on Tuesday, August 11, 2026, for Congressional Districts 1, 2, 6, and 7 only. There will be no runoff for the August 11 Special Primary. The candidate who receives the greatest number of votes will be the party nominee of that primary election.

Qualifying for Congressional District 1, 2, 6, and 7 with the political parties will begin May 20. The qualification deadline with the parties is Friday, May 22, 2026, at 5:00 p.m. The parties will certify their qualified candidates to the Secretary of State by noon on Tuesday, May 26, 2026. Petitions for independent candidates and minor parties for the Special Primary Election are due by 5:00 p.m. on August 11.

EXHIBIT

**F**

Here is what I want every Alabama voter to remember: Go vote on May 19. Votes for statewide constitutional offices, local races, state legislative, and judicial races, as well as statewide constitutional amendments will count on May 19. If you live in Congressional Districts 1, 2, 6, or 7, your vote for those races on August 11 will decide those races.

I have complete confidence in Alabama's election officials as we carry out both the regular 2026 election cycle and this special primary election. I appreciate the hard work already done by local election officials, absentee election managers, and my team at the Alabama Secretary of State's Office.

As more information becomes available, I will share it as quickly as possible with Alabama voters.

Again, May 19 remains the 2026 Primary Election Day. Be sure to vote that day.

I'll now take questions:

Please announce your name and your organization.